LOEB & LOEB LLP
BENJAMIN R. KING (SBN 205447)
bking@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone:    310.282.2000
Facsimile:    310.282.2200

SCHUYLER G. CARROLL (*Pro Hac Vice* Pending)
scarroll@loeb.com
NOAH WEINGARTEN (*Pro Hac Vice* Pending)
nweingarten@loeb.com
345 Park Avenue
New York, NY 10154
Telephone:    212.407.4000
Facsimile:    212.407.4990

*Attorneys for Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Aleksandr Vitalievich Sabadash,<br><br>          Debtor in a Foreign Proceeding. | Case No.: 23-15574<br><br>Chapter 15<br><br>**FOREIGN REPRESENTATIVE'S APPLICATION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING, OR IN THE ALTERNATIVE, FOR RECOGNITION OF FOREIGN NONMAIN PROCEEDING AND CERTAIN RELATED RELIEF** |

Alexander Ivanovich Gavva ("**Mr. Gavva**" or the "**Foreign Representative**"), in his capacity as the duly-appointed financial manager of Aleksandr Vitalievich Sabadash (the "**Debtor**") in the Debtor's liquidation proceeding pending in the Russian Federation (the "**Russian Proceeding**") under the Russian Federation Federal Law No. 127-FZ, as amended (the "**Russian Bankruptcy Law**"), hereby submits this application for recognition of a foreign main proceeding, or in the alternative, for recognition of a foreign nonmain proceeding, and certain related relief in support of the *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the "**Petition**") filed contemporaneously herewith, and respectfully states as follows.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

FOREIGN REPRESENTATIVE'S APPLICATION FOR RECOGNITION
OF FOREIGN PROCEEDING AND CERTAIN RELATED RELIEF

As set forth in the accompanying *Memorandum in Support of Recognition of Foreign Main Proceeding, or in the Alternative, for Recognition of Foreign Nonmain Proceeding, and Certain Related Relief*, the Declaration of Alexander Gavva dated August 29, 2023, the Declaration of Alexander Kirpichev dated August 28, 2023, and the Declaration of Oleg Stolyar dated August 29, 2023, this Court should recognize the Russian Proceeding as a foreign proceeding.

The Russian Proceeding should be recognized as a main foreign proceeding under 11 U.S.C. § 1517(b)(1) because the Russian Proceeding is a foreign main proceeding that is pending in Russia where the Debtor has his center of main interests. The Russian Proceeding is a collective judicial or administrative proceeding pending before the Arbitration Court of the Moscow Region (the "**Moscow Court**") in Russia. The Debtor's "center of main interests" (as used in 11 U.S.C. § 1517(b)) is Russia because the Debtor is a natural-born Russian citizen residing, and the Debtor maintained an official address that is listed in Russian passport, as required under Russian law.

In the alternative, the Russian Proceeding should be recognized as a foreign nonmain proceeding under 11 U.S.C. § 1517(b)(2) because the Debtor also has an establishment within the meaning of section 1502 in Russia where the Russian Proceeding is pending. Specifically, the Debtor owns a large pellet and pulp producing factory in the Vyborg region of St. Petersburg, Russia.

The Foreign Representative also seeks an order, under 11 U.S.C. § 1521(a)(5) and (7), affirming the Foreign Representative's right and power to marshal the Debtor's assets in the United States. To the extent not automatically provided upon recognition of the Russian Proceeding as a foreign main proceeding, this necessary and appropriate relief will allow the Foreign Representative to fulfill his duties to investigate, pursue, marshal, and liquidate the Debtor's assets wherever located for the benefit of all creditors of the Debtor, and to prevent any party from wrongfully transferring or otherwise dissipating assets of the estate.

**WHEREFORE**, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the Petition and recognizing the Foreign Proceeding as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code, or in the alternative, recognizing the Foreign Proceeding as a foreign nonmain

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

2

FOREIGN REPRESENTATIVE'S APPLICATION FOR RECOGNITION
OF FOREIGN PROCEEDING AND CERTAIN RELATED RELIEF

proceeding pursuant to section 1517(b)(2) of the Bankruptcy Code, (ii) recognizing the Foreign Representative as the "foreign representative" of the Debtor as defined in Section 101(24) of the Bankruptcy Code, and confirming the Foreign Representative's authority over the administration of the Debtor's assets within the territorial jurisdiction of the United States, (iii) giving full force and effect and granting comity in the United States to the orders of the Moscow Court implementing the liquidation of the Debtor and appointing the Foreign Representative, and (v) granting such other and further relief as this Court deems just and proper.

Dated: August 29, 2023

LOEB & LOEB LLP
BENJAMIN R. KING
SCHUYLER G. CARROLL
NOAH WEINGARTEN

By: /s/ *Benjamin R. King*
    Benjamin R. King

*Attorneys for Foreign Representative*

24459355

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

FOREIGN REPRESENTATIVE'S APPLICATION FOR RECOGNITION
OF FOREIGN PROCEEDING AND CERTAIN RELATED RELIEF

LOEB & LOEB LLP
BENJAMIN R. KING (SBN 205447)
bking@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone:    310.282.2000
Facsimile:    310.282.2200

SCHUYLER G. CARROLL (*Pro Hac Vice* Pending)
scarroll@loeb.com
NOAH WEINGARTEN (*Pro Hac Vice* Pending)
nweingarten@loeb.com
345 Park Avenue
New York, NY 10154
Telephone:    212.407.4000
Facsimile:    212.407.4990

*Attorneys for Foreign Representative*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Aleksandr Vitalievich Sabadash,<br><br>　　　　Debtor in a Foreign Proceeding. | Case No.: _____<br><br>Chapter 15<br><br>**ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF** |

　　　　This matter came before the Court upon the verified petition of Alexander Ivanovich Gavva, in his capacity as the duly-appointed financial manager and foreign representative of Aleksandr Vitalievich Sabadash (the "**Debtor**"), seeking recognition of a foreign main proceeding and related relief.  The Court has reviewed and considered, among other things, (i) the *Chapter 15 Petition for Recognition of a Foreign Proceeding*; (ii) the *Foreign Representative's Application for Recognition of Foreign Main Proceeding, or in the Alternative, for Recognition of Foreign Nonmain Proceeding and Certain Related Relief* (the "**Application**"); (iii) the Declaration of Alexander Ivanovich Gavva dated August 29, 2023; (iv) the Declaration of Alexander Kirpichev dated August 28, 2023; (v) the Declaration of Oleg Stolyar dated August 29 2023; and (vi) the *Memorandum in Support of Foreign Representative's Application for Recognition of Foreign Main Proceeding, or in the Alternative, for*

*Recognition of Foreign Nonmain Proceeding and Certain Related Relief*. Based on the foregoing, the Court finds as follows:[1]

    A.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper under 28 U.S.C. § 1410;

    B.    The Foreign Representative was appointed to act as administrator and foreign representative of the Debtor within the meaning of §§ 101(24) and 1517(a)(2) of the Bankruptcy Code with authority over the administration of the Debtor's assets within the territorial jurisdiction of the United States;

    C.    This Chapter 15 case was properly commenced pursuant to §§ 1504 and 1515 of the Bankruptcy Code;

    D.    The Chapter 15 Petition satisfies the requirement of § 1515 of the Bankruptcy Code;

    E.    The Russian Proceeding is a foreign proceeding within the meaning of § 101(23) of the Bankruptcy Code and is entitled to recognition as a foreign proceeding by this Court pursuant to § 1517(a) of the Bankruptcy Code;

    F.    The Russian Proceeding is entitled to recognition as a foreign main proceeding pursuant to §§ 1502(4) and 1517(b)(l) of the Bankruptcy Code because the Debtor has its center of main interests in Russia; and

    G.    Recognition of the Russian Proceeding as a foreign main proceeding is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and will not cause hardship to plaintiffs in litigation against the Debtor, or any other parties-in-interest, that is not outweighed by the benefits of granting the relief set forth herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The foregoing recitals are incorporated herein by reference as if set forth in full.

2.    The Russian Proceeding is granted recognition under § 1517(a) of the Bankruptcy Code and recognized as a foreign main proceeding under § 1517(b)(1) of the Bankruptcy Code.

---

[1] All capitalized terms that are used but not defined shall have the meaning ascribed to them in the Application.

3. The Foreign Representative and each of his respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in § 1510 of the Bankruptcy Code.

4. The Foreign Representative shall be empowered to, among other things, manage, marshal, and liquidate the Debtor's assets, subject to oversight by the Moscow Court and the Foreign Representative has the right and power to file and prosecute legal actions within the territory of the United States in connection with marshalling and liquidating the Debtor's assets, including without limitation, the right to file and prosecute legal actions against the Debtor.

5. The Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

6. This order shall be served by United States mail, first class postage prepaid, on or before [●], 2023 upon the master service list, which service is in accordance with this order and shall be deemed good and sufficient service and adequate notice for all purposes.

SO ORDERED:


Dated:

_____
UNITED STATES BANKRUPTCY JUDGE