1  LOEB & LOEB LLP
   BENJAMIN R. KING (SBN 205447)
2  bking@loeb.com
   10100 Santa Monica Blvd., Suite 2200
3  Los Angeles, CA 90067
   Telephone:   310.282.2000
4  Facsimile:   310.282.2200

5  SCHUYLER G. CARROLL (*Pro Hac Vice* pending)
   scarroll@loeb.com
6  NOAH WEINGARTEN (*Pro Hac Vice* pending)
   nweingarten@loeb.com
7  345 Park Avenue
   New York, NY 10154
8  Telephone:   212.407.4000
   Facsimile:   212.407.4990
9
   *Attorneys for Foreign Representative*
10

11        UNITED STATES BANKRUPTCY COURT

12   CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

13

14  In re:                          Case No.: 23-15574

15  Aleksandr Vitalievich Sabadash,   Chapter 15

16           Debtor in a Foreign      **DECLARATION OF ALEXANDER
             Proceeding.              IVANOVICH GAVVA IN SUPPORT
17                                    OF FOREIGN REPRESENTATIVE'S
                                      APPLICATION FOR RECOGNITION
18                                    OF FOREIGN MAIN PROCEEDING
                                      AND CERTAIN RELATED RELIEF**

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ALEXANDER IVANOVICH GAVVA

I, Alexander Ivanovich Gavva, make this declaration (the "Declaration") under 28 U.S.C. § 1746.

1.      I submit this Declaration in support of the *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the **"Petition"**) and *Application for Recognition of a Foreign Main Proceeding* filed concurrently herewith.

2.      Except where I indicate to the contrary, the facts and matters contained in this declaration are based on my personal knowledge.

3.      I am the duly-appointed financial manager (the "Financial Manager" or the "Foreign Representative") of the estate of Aleksandr Vitalievich Sabadash ("Mr. Sabadash" or the "Debtor") in the Debtor's ongoing liquidation proceeding pending in the Arbitration Court[1] of the Moscow Region of the Russian Federation (the "Moscow Court"), under Case No. A41-100887/2019 (the "Russian Proceeding"). The Russian Proceeding is pending under Russian Federation Federal Law No. 127-FZ, as amended (the "Russian Bankruptcy Law").

4.      In my capacity as the Financial Manager, I am responsible for overseeing the liquidation of the Debtor's assets, including verifying creditors' claims filed against the Debtor, managing the Debtor's bankruptcy estate, marshalling and liquidating the Debtor's assets, retaining counsel and/or other agents to commence and/or manage litigations related to the Debtor's assets and/or liabilities, pursuing any assets such as claims and causes of actions belonging to the Debtor, tracing and challenging transactions that did not benefit the Debtor's estate, pursuing actions against persons that contributed to the Debtor's insolvency, as well as actions against the Debtor, to collect and dispose of the Debtor's assets to satisfy the creditors' claims, and preparing reports for the Moscow Court that supervises my activities as Financial Manager.

**A.      THE RUSSIAN BANKRUPTCY PROCEEDING**

5.      On March 17, 2020 the Moscow Court entered judgment in the Russian Proceeding: (i) declaring the Debtor to be bankrupt; (ii) finding that the Debtor owed over 177,982,892 Russian

---

[1] Arbitration (or **"Arbitrazh"**) Courts in Russia are part of the Russian judicial system, and are not alternative dispute resolution forums, such as "arbitration" tribunals in the United States.

Loeb & Loeb
ed Liability Partnership
uding Professional
Corporations

Rules to Tavrichesky Bank Joint-Stock Company ("Tavrichesky Bank") in connection with the Debtor's financial misconduct; and (iii) appointing a "Financial Manager" by the name of Oleg V. Zhovtonozhko to manage and dispose of the Debtor's assets. A true and correct copy of the March 17, 2020 order (the "Judgment"), along with its English translation, is attached hereto as **Exhibit A**.

6. The Judgment further reflects that Debtor was born in Russia in 1965, is a native of St. Petersburg (formerly known as Leningrad), and was registered at the address: Moscow Region, Krasnogorsky District, Dmitrovskoye village, Dachnaya Street No. 79, Apt. 2, Russian Federation, at the time he was declared bankrupt. See Ex. A, at p. 2.

7. On September 7, 2020, the Moscow Court amended the Judgment to include a further award against the Debtor and in favor of another creditor of Debtor, IFC Capital, for 614,066,612 Russian Rubles. A true and correct copy of the September 7, 2020 amended judgment, along with its English translation, is attached as **Exhibit B**.

8. On September 24, 2020, the Moscow Court further amended the Judgment to add 92,428,753 Russian Rubles of interest to the claim against Debtor by Tavrichevsky Bank (as amended and supplemented, the "**Russian Judgment**"). Thus, the total amount the Financial Manager is entitled to collect against Debtor in favor of the Debtor's creditors pursuant to the Russian Judgment is 884,479,257 Rubles (equal to approximately USD $14,021,548). A true and correct copy of the Russian Judgment, along with its English translation, is attached as **Exhibit C**.

9. On February 22, 2022, the Moscow Court appointed me as the Financial Manager of the Debtor's bankruptcy estate, replacing the prior financial manager. A true and correct copy of the February 22, 2022 Order, along with its English translation, is attached as **Exhibit D**.

10. On October 11, 2022, the Moscow Court entered an order confirming the authority of the Financial Manager to retain agents to pursue claims for the realization of the Debtor's property in the United States in any courts on the territory of the United States, including claims for the recognition of the Russian Judgment against Debtor, and to take any other necessary legal action in US courts "related to securing the [Financial Manager's] claims against the Debtor, making it possible to place a lien upon or prohibit the disposal of the Debtor's property, or [obtaining] a similar decision that ensures the … recovery of the debtor's assets in favor of the [Financial Manager]." A

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

true and correct copy of the October 11, 2022 Order, along with its English translation, is attached as **Exhibit E**.

11.    The Debtor's creditors in the Russian Proceeding are located in Russia. Specifically, the two major creditors of Debtor who appeared in the Russian Proceeding, Tavrichesky Bank and IFC Capital, are each based in Russia. Tavrichesky Bank is located at 39 Radicheva St., St. Petersburg, 191014, Russia. IFC Capital is located at 35A Partisana Zheleznyaka St., Krasnoyarsk 660022, Russia.

12.    The Debtor is also presently located in Russia, having been incarcerated in Russia since 2014. The Debtor presently resides at Russian federal prison, located at Kolininskaya St., No. 9, St. Petersburg , 196655, Russia.

**B.    THE STATE COURT ACTION TO ENFORCE THE RUSSIAN JUDGMENT**

13.    On July 8, 2022, I caused the filing of a complaint against, *inter alia*, the Debtor in the Superior Court of the State of California for County of Los Angeles (the "**State Court**") in the action captioned *Gavva v. Sabadash*, No. 22STCP02581 (the "**State Court Action**"), seeking, *inter alia*, recognition and enforcement of the Russian Judgment.

14.    On March 21, 2023, I filed a First Amended Complaint (the "**FAC**") in the State Court Action. A true and correct copy of the FAC is attached as **Exhibit F**.

15.    On August 10, 2023, the State Court entered a ruling (the "**State Court Order**"), sustaining the Debtor's demurrer to the FAC with 20 days leave to amend. The State Court ruled that, as the Foreign Representative, I lacked standing to commence the State Court Action without first obtaining recognition of the foreign Russian Proceeding under Chapter 15 of the United States Bankruptcy Code. A true and correct copy of the State Court Order, reflecting same, is attached as **Exhibit G**.

16.    Given the above-referenced State Court Order, in my capacity as the Financial Manager of the Debtor's estate in the Russian Proceeding, I authorized the filing of the concurrently submitted Chapter 15 Petition to obtain formal recognition of my status as the Foreign Representative under Chapter 15 of the US Bankruptcy Code.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1         I verify under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3

4    Executed on August 29, 2023, at Moscow, Russia.

5

6

7                             Alexander Ivanovich Gavva

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A





28_9478334

**КОПИЯ**

СУДЕБНЫЙ АКТ
ОСТУПИЛ В ЗАКОННУЮ СИЛУ
Н.О. судьи _Манаенко_
пись
07 октября 20 20 г.

**Арбитражный суд Московской области**
Проспект Академика Сахарова, дом 18, город Москва, ГСП-6, Россия, 107053
http://www.asmo.arbitr.ru/
**Именем Российской Федерации**
Р Е Ш Е Н И Е

г. Москва
17 марта 2020 года

Дело № А41-100887/19

Резолютивная часть решения объявлена 17.03.2020
Решение в полном объеме изготовлено 17.03.2020

Арбитражный суд Московской области в составе судьи Трошиной Ю.В.,
при ведении протокола судебного заседания секретарем судебного заседания      Стеблевец А.Д.,
рассмотрев в судебном заседании заявление заявления акционерного общества «Таврический Банк» о признании  Сабадаш Александра Витальевича (12.04.1965 года рождения, уроженца г. Ленинград, зарегистрированного по адресу: Московская область, Красногорский район, с. Дмитровское, ул. Дачная, д.79, кв. 2; ИНН 781135778703) несостоятельным (банкротом),
при участии в судебном заседании: согласно протоколу судебного заседания;

**установил:**

кредитор обратился в Арбитражный суд Московской области с заявлением о признании должника несостоятельным (банкротом).

В арбитражный суд от саморегулируемой организации поступила письменная информация о соответствии кандидатуры арбитражного управляющего требованиям, предусмотренным статьями 20 и 20² Федерального закона № 127-ФЗ, для утверждения в деле о банкротстве с приложением к ней документов, в том числе, согласие кандидата на его утверждение финансовым управляющим, от УИПСУ ФСИН России – дополнительные документы, а также от заявителя – дополнительные документы.

Судом указанные документы приобщены к материалам дела.

Представитель заявителя представил суду подлинный исполнительный лист, который возвращен ему судом после обозрения, пояснил свою позицию, заявленные требования поддержал в полном объеме.

Иные лица, участвующие в деле, извещены надлежащим образом о времени и месте судебного заседания, возражения по существу требования не поступили.

В соответствии с абзацем 2 части 1 статьи 121 Арбитражного процессуального кодекса Российской Федерации (далее по тексту - АПК РФ) информация о времени и месте судебного заседания опубликована на официальном интернет-сайте картотека арбитражных дел http://kad.arbitr.ru.

Как следует из пояснений заявителя и материалов дела, согласно приговору Смольнинского районного суда Санкт-Петербурга от 24.10.2017 по делу № 1-153/2017, оставленного без изменения апелляционным определением Санкт-Петербургского городского суда от 07.08.2018, Сабадаш А.В., Сомов С.А., Гаркуша Д.В. признаны виновными в совершении преступления, предусмотренного ч. 4 ст. 159 УК РФ, с указанных лиц солидарно взыскано в пользу кредитора 189 521 850 рублей.

09.04.2019 МРОСП по ИОИП УФССП по Санкт-Петербургу в отношении Сабадаша А.В. возбуждено исполнительное производство № 14503/19/78022-ИП.

В соответствии со справкой МРОСП по ИОИП по Санкт-Петербургу от 06.11.2019, денежные средства в погашение задолженности не поступали.

09.04.2019 МРОСП по ИОИП УФССП по Санкт-Петербургу в отношении Сомова С.А. возбуждено исполнительное производство № 14505/19/78022-ИП. В соответствие со справкой МРОСИП по ИОИП УФССП по Санкт-Петербургу от 06.11.2019, в погашение задолженности по исполнительному производству поступило 6 715 151,86 рублей.

Гаркуша Д.В. признан несостоятельным (банкротом) в рамках дела о банкротстве № А56-23285/2017, находящегося в производстве Арбитражного суда города Санкт-Петербурга и Ленинградской области. В соответствии со справкой финансового управляющего Гаркуши Д.В. – Рудакова Р.А. от 06.11.2019 погашение задолженности в рамках дела о банкротстве не осуществлялось.

До настоящего времени установленная судебным актом задолженность должником не погашена.

Указанные обстоятельства послужили основанием для обращения кредитора в порядке, предусмотренном действующим законодательством, в арбитражный суд с заявлением о признании несостоятельным (банкротом) должника.

Исследовав материалы дела, суд пришёл к выводу об удовлетворении заявленных требований по следующим основаниям.

В соответствии со статьёй 213.3 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее – Закон о банкротстве) правом на обращение в арбитражный суд с заявлением о признании гражданина банкротом обладают гражданин, конкурсный кредитор, уполномоченный орган. Заявление о признании гражданина банкротом принимается арбитражным судом при условии, что требования к гражданину составляют не менее чем пятьсот тысяч рублей и указанные требования не исполнены в течение трёх месяцев с даты, когда они должны быть исполнены, если иное не предусмотрено настоящим Федеральным законом.

Пунктом 1 статьи 213.5 Закона о банкротстве предусмотрено, что заявление о признании гражданина банкротом может быть подано конкурсным кредитором или уполномоченным органом при наличии вступившего в законную силу и подтверждающего требования кредиторов по денежным обязательствам.

Задолженность должника перед заявителем превышает 500 000 рублей, обязанность по её оплате не исполнена в течение трёх месяцев с даты, когда она должна быть исполнена.

Следовательно, заявление кредитора является обоснованным, задолженность перед кредиторами на дату судебного заседания не погашена.

Исходя из изложенного, суд приходит к выводу о наличии у должника признаков банкротства.

На депозит арбитражного суда заявителем внесены средства на выплату вознаграждения финансовому управляющему в сумме 25 000 руб.

В силу статьи 213.2 Закона о банкротстве при рассмотрении дела о банкротстве гражданина применяются реструктуризация долгов гражданина, реализация имущества гражданина, мировое соглашение.

Статьей 213.3 Закона о банкротстве установлено, что план реструктуризации долгов гражданина может быть представлен в отношении задолженности гражданина, соответствующего следующему требованиям:

гражданин имеет источник дохода на дату представления плана реструктуризации его долгов;

гражданин не имеет неснятой или непогашенной судимости за совершение умышленного преступления в сфере экономики и до даты принятия заявления о признании гражданина банкротом истек срок, в течение которого гражданин считается подвергнутым административному наказанию за мелкое хищение, умышленное уничтожение или повреждение имущества либо за фиктивное или преднамеренное банкротство;

гражданин не признавался банкротом в течение пяти лет, предшествующих представлению плана реструктуризации его долгов;

план реструктуризации долгов гражданина в отношении его задолженности не утверждался в течение восьми лет, предшествующих

представлению этого плана.

Под неплатежеспособностью гражданина понимается его неспособность удовлетворить в полном объеме требования кредиторов по денежным обязательствам и (или) исполнить обязанность по уплате обязательных платежей.

Если не доказано иное, гражданин предполагается неплатежеспособным при условии, что имеет место хотя бы одно из следующих обстоятельств:

гражданин прекратил расчеты с кредиторами, то есть перестал исполнять денежные обязательства и (или) обязанность по уплате обязательных платежей, срок исполнения которых наступил;

более чем десять процентов совокупного размера денежных обязательств и (или) обязанности по уплате обязательных платежей, которые имеются у гражданина в срок исполнения которых наступил, не исполнены им в течение более чем одного месяца со дня, когда такие обязательства и (или) обязанность должны быть исполнены;

размер задолженности гражданина превышает стоимость его имущества, в том числе права требования;

наличие постановления об окончании исполнительного производства в связи с тем, что у гражданина отсутствует имущество, на которое может быть обращено взыскание.

Если имеются достаточные основания полагать, что с учётом планируемых поступлений денежных средств, в том числе доходов от деятельности гражданина и погашения задолженности перед ним, гражданин в течение непродолжительного времени сможет исполнить в полном объеме денежные обязательства и (или) обязанность по уплате обязательных платежей, срок исполнения которых наступил, гражданин не может быть признан неплатежеспособным.

По результатам рассмотрения обоснованности заявления о признании гражданина банкротом, если гражданин не соответствует требованиям для утверждения плана реструктуризации долгов, установленным пунктом 1 статьи 213.13 настоящего Федерального закона, арбитражный суд вправе на основании ходатайства гражданина вынести решение о признании его банкротом и введении процедуры реализации имущества гражданина (пункт 8 статьи 213.6 Федерального закона № 127-ФЗ).

Кредитор ходатайствовал о введении процедуры реализации имущества.

Суд считает возможным ввести названную процедуру, исходя из следующего.

В силу абзаца 3 пункта 1 статьи 213.13 Федерального закона от 26.10.2002 № 127-ФЗ "О несостоятельности (банкротстве)" (далее - Закон о банкротстве) план реструктуризации долгов гражданина может быть представлен в отношении задолженности гражданина, соответствующего следующим требованиям, в частности, гражданин не имеет неснятой или непогашенной судимости за совершение умышленного преступления в сфере экономики и до даты принятия заявления о признании гражданина банкротом истек срок, в течение которого гражданин считается подвергнутым административному наказанию за мелкое хищение, умышленное уничтожение или повреждение имущества либо за фиктивное или преднамеренное банкротство.

Из приговора Смольнинского районного суда Санкт-Петербурга от 24.10.2017 по делу № 1-153/2017 следует, что Сабадаш А.В., Сомов С.А., Гаркуша Д.В. признаны виновными в совершении преступления, предусмотренного ч. 4 ст. 159 УК РФ.

Данные виды преступлений относятся к преступлениям в сфере экономики, что исключает возможность применения в отношении должника процедуры банкротства – реструктуризация долгов гражданина, так как данное обстоятельство противоречит требованиям пункта 1 статьи 213.3 Закона о банкротстве.

При таких обстоятельствах, суд приходит к выводу, что должник не соответствует требованиям для утверждения плана реструктуризации долгов, установленным пунктом 1 статьи 213.13 Федерального закона № 127-ФЗ, является неплатежеспособным, вследствие чего заявление кредитора о признании Сабадаш А.В. банкротом и открытии процедуры реализации имущества являются обоснованными.

Согласно пункту 4 статьи 213.4 Федерального закона № 127-ФЗ заявления саморегулируемая организация представила к утверждению кандидатуру с заключением о его соответствии требованиям статей 20 и 20.2 Федерального закона № 127-ФЗ, который изъявил своё желание быть финансовым управляющим должника, поэтому суд считает возможным утвердить его финансовым управляющим должника с ежемесячным вознаграждением, предусмотренным статьёй 20.6 Федерального закона № 127-ФЗ, за счёт денежных средств и иного имущества должника.

Обязанность по уплате заявленной кредитором задолженности возникла у должника до даты принятия судом заявления о признании должника банкротом, данное денежное обязательство не является текущим, соответственно оно подлежит включению в третью очередь реестра требований кредиторов.

На основании изложенного, обоснованное требование в заявленном размере считается установленным и подлежит включению в третью очередь реестра требований кредиторов должника.

Руководствуясь статьями 167-170, 176, 223 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

## решил:

признать обоснованным заявление акционерного общества «Таврический Банк».

Признать Сабадаш Александра Витальевича (12.04.1965 года рождения, уроженца г. Ленинград; зарегистрированного по адресу: Московская область, Красногорский район, с. Дмитровское, ул. Дачная, д.79, кв. 2; ИНН 781135778703) несостоятельным (банкротом).

Ввести процедуру реализации имущества гражданина сроком на шесть месяцев – до 17.09.2020.

Утвердить финансовым управляющим Жовтоножко Олега Владимировича, члена Некоммерческого партнерства арбитражных управляющих «ОРИОН», ИНН 510503938019, регистрационный номер в реестре 13713, почтовый адрес: 195027, г. Санкт-Петербург, ул. Шепетовская, д. 7, кв. 100, с вознаграждением установленным законом.

Финансовому управляющему:

- немедленно приступить к исполнению обязанностей, предусмотренных пунктом 8 статьи 213.9 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)»;

- представить в суд доказательства публикации сведений о признании гражданина банкротом и введении процедуры реализации имущества гражданина в газете «Коммерсантъ» и включения указанных сведений в Единый Федеральный реестр сведений о банкротстве;

- не позднее чем за пять дней до судебного заседания представить в арбитражный суд отчёт о своей деятельности, сведения о финансовом состоянии гражданина.

Включить требования акционерного общества «Таврический Банк» задолженность в размере 177 982 892, 13 рублей – основной долг, в третью очередь реестра требований кредиторов должника Сабадаш Александра Витальевича.

Назначить судебное заседание по рассмотрению отчёта о результатах реализации имущества гражданина, по вопросу продления или завершения процедуры реализации имущества на 10 сентября 2020 года в 11 часов 05 минут в помещении суда по адресу: проспект Академика Сахарова, дом 18, город Москва, зал судебных заседаний № 506, телефон 8(499)975-21-70.

Решение подлежит немедленному исполнению и может быть обжаловано в течение месяца со дня его вынесения в Десятый арбитражный апелляционный суд через Арбитражный суд Московской области.

Судья                                                                                                          Ю.В. Трошина


Арбитражный суд
Московской области
КОПИЯ ВЕРНА
Должность
ВИНОГРАДОВА А.А.
Подпись
2 4 ИЮН 202

/Translation from Russian into English/

[Stamp: JUDICIAL DEED
HAS ENTERED INTO LEGAL FORCE
Full name of the Judge N.A. Mikhailova
Signature <signature>
October 07, 2020]

[Round official seal: The Arbitration Court of
Moscow Region]
/Coat of arms of the Russian Federation/

**Stamp: COPY**
28_9478334

**The Arbitration Court of Moscow Region**
Akademika Sakharova Avenue, 18, Moscow, GSP-6, Russia, 107053
http://www.asmo.arbitr.ru/
**In the name of the Russian Federation**
**RESOLUTION**

Moscow
March 17, 2020                                                                                           Case No.A41-100887/19
The operative part of the decision was announced on 17/03/2020
The full Resolution was made on 17/03/2020
        The Arbitration Court of Moscow Region composed of judge Yu. V. Troshina,
with taking the minutes of the court session by the Secretary of the Court Session A. D. Steblevets,
having considered in the court session the application of Tavrichesky Bank Joint-Stock Company on the recognition of Aleksandr Vitalyevich
Sabadash (date of birth: 12/04/1965, a native of Leningrad, registered at the address: Moscow Region, Krasnogorsky District, Dmitrovskoye village,
Dachnaya street, 79, apt. 2; INN 781135778703) insolvent (bankrupt), the participants in a court session: according to the minutes of the court
session;

**has found that:**
        the creditor appealed to the Arbitration Court of Moscow Region with an application for declaring the debtor insolvent (bankrupt).
        The Arbitration Court received written information from the self-regulatory organization on the compliance of the candidacy of the arbitration
manager with the requirements provided for in Articles 20 and 20² of Federal Law No.127-03, for approval in a bankruptcy case, with documents
attached to it, including the candidate's consent to their approval as the Financial Manager, additional documents from the Administration of Sentence
Execution and Special Registration of the Federal Penitentiary Service of Russia, as well as additional documents from the applicant.
        The court attached these documents to the case file.
        The applicant's representative presented to the court the original writ of execution, which was returned to him by the court after review,
explained his position, and supported the stated claims in full.
        Other persons participating in the case were duly notified of the time and place of the court session, and no objections were received on the
merits of the claims.
        In accordance with paragraph 2 of Part 1 of Article 121 of the Arbitration Procedure Code of the Russian Federation (hereinafter referred to
as the APC of the Russian Federation), the time and place of the court session are published on the official website of the card file of Arbitration Case
File Database, http://kad.arbitr.ru.
        As follows from the applicant's explanations and the case materials, according to the verdict of the Smolninsky District Court of Saint
Petersburg of 24/10/2017 in case No.1-153/2017 left unchanged by the appeal ruling of Saint Petersburg City Court of 07/08/2018, A.V. Sabadash, S.
A. Somov, D. V. Garkusha were found guilty of committing a crime under Part 4 of Article 159 of the Criminal Code of the Russian Federation, and
the amount of 189,521,850 rubles was collected from these persons (jointly) in favor of the creditor.
        On 09/04/2019, the IDDB for ESEP of the AFBS (the Interdistrict Department of Bailiffs for Execution of Special Enforcement Proceedings
of the Administration of the Federal Bailiff Service) for Saint Petersburg initiated enforcement proceedings No. 14503/19/78022-ИП in respect of
A.V. Sabadash.
        In accordance with the certificate issued by the IDDB for ESEP of the AFBS for Saint Petersburg dated 06/11/2019, no funds were received
to repay the debt.
        On 09/04/2019, the IDDB for ESEP of the AFBS (the Interdistrict Department of Bailiffs for Execution of Special Enforcement Proceedings
of the Administration of the Federal Bailiff Service) for Saint Petersburg initiated enforcement proceedings No.14505/19/78022-ИП in respect of S.A.
Somov. In accordance with the certificate issued by the IDDB for ESEP of the AFBS for Saint Petersburg dated 06/11/2019, 6,715,151.86 rubles were
received as debt repayment under the enforcement proceedings.
        D. V. Garkusha was declared insolvent (bankrupt) in the framework of the bankruptcy case No.A56-23285/2017, which is examined by the
Arbitration Court of the City of Saint Petersburg and the Leningrad Region. In accordance with the certificate issued by R. A. Rudakov, the Financial
Manager of D. V. Garkusha, dated 06/11/2019, the debt in the framework of the bankruptcy case was not repaid.
        To date, the debt established by the judicial deed has not been repaid by the debtor.
        These circumstances served as the basis for the creditor's filing an application to the Arbitration Court for declaring the debtor insolvent
(bankrupt) in accordance with the procedure provided for by the current legislation.
        Having examined the materials of the case, the court concluded that the stated claims were subject to satisfaction, on the following grounds.
        In accordance with Article 213.3 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as the
Bankruptcy Law), an individual, a bankruptcy creditor, or an authorized body have the right to apply to an Arbitration Court for declaring an individual
bankrupt. An application for declaring an individual bankrupt is accepted by the Arbitration Court if the claims against the individual amount to at
least five hundred thousand rubles and the specified claims are not fulfilled within three months from the date when they are due, unless otherwise
provided by this Federal Law.
        Clause 1 of Article 213.5 of the Bankruptcy Law provides that an application for declaring an individual bankrupt may be filed by a bankruptcy
creditor or an authorized body if there is a court decision that has entered into legal force and confirms the creditors' claims in respect of financial
obligations.
        The debtor's debt to the applicant exceeds 500,000 rubles, the obligation to pay it has not been fulfilled within three months from the due date.
        Therefore, the creditor's application is justified, the debt to the creditors has not been repaid as of the date of the court session.
        Based on the above, the court concludes that the debtor has signs of bankruptcy.
        The applicant deposited funds in the amount of 25,000 rubles for the payment of remuneration to the Financial Manager.
        By virtue of article 213.2 of the Bankruptcy Law, when considering a bankruptcy case of an individual, the measures applied include the
restructuring of the individual's debts, the sale of their property, and a settlement agreement.
        Article 213.3 of the Bankruptcy Law stipulates that a plan for the restructuring of a citizen's debts may be submitted in respect of a citizen's
debt that meets the following requirements:
        the citizen has a source of income as of the date of submission of the debt restructuring plan;
        the individual does not have an unexpunged or unspent conviction for committing an intentional financial crime and the period during which
the individual is considered to be subject to administrative punishment has expired before the date when the application to recognize the individual as
bankrupt was accepted for petty theft, intentional destruction or damage to property, or for fictitious or intentional bankruptcy;
        the individual was not declared bankrupt during the five years preceding the submission of the plan for the restructuring of their debts;
        no plans to restructure the individual's debts in respect of his indebtedness was approved during the eight years preceding the submission of
the current plan.

Stamp: **COPY**

*Перевод с русского языка на английский язык/*
*/Translation from Russian into English/*

2

28_9478334

The insolvency of an individual is understood as their inability to fully satisfy the creditors' claims for monetary obligations and/or fulfill the obligation to pay mandatory payments.

Unless proven otherwise, an individual is considered to be insolvent provided that at least one of the following circumstances occurs:

the individual has terminated settlements with creditors, i.e., they have stopped fulfilling financial obligations and/or the obligation to make compulsory payments which have become due and payable;

more than ten percent of the total amount of monetary obligations and/or the obligation to pay mandatory payments that an individual has and the deadline for the fulfillment of which has come, has not been fulfilled by them within one month from the day when such obligations and/or liability have become due and payable;

the amount of individual's debt exceeds the value of their property, including the right of claim;

the presence of a resolution on the termination of enforcement proceedings due to the fact that the individual does not have property that can be foreclosed on.

If there are sufficient grounds to believe that, taking into account the planned receipts of funds, including income from the activities of the individual and the repayment of debts to them, the individual will be able to fulfill in full the financial obligations and/or the obligation to pay mandatory payments that become due and payable, the individual cannot be recognized as insolvent.

Based on the results of the review of the validity of the application for declaring an individual bankrupt, if the individual does not meet the requirements for approving the debt restructuring plan established by clause 1 of Article 213.13 of this Federal Law, the Arbitration Court may, on the basis of the individual's request, make a decision on declaring the individual bankrupt and introducing the procedure for selling the individual's property (clause 8 of Article 213.6 of Federal Law No.127-ФЗ).

The creditor applied for the introduction of the property sale procedure.

The Court considers it possible to introduce the said procedure on the basis of the following.

By virtue of paragraph 3 of clause 1 of Article 213.13 of Federal Law No.127-ФЗ of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as the Bankruptcy Law), a plan for restructuring an individual's debt may be submitted in respect of an individual's debt that meets the following requirements, in particular, the individual does not have an unexpunged or unspent conviction for committing an intentional financial crime and the period during which the individual is considered to be subject to administrative punishment has expired before the date when the application to recognize the individual as bankrupt was accepted for petty theft, intentional destruction or damage to property, or for fictitious or intentional bankruptcy.

From the verdict of Smolninsky District Court of Saint Petersburg of 24/10/2017 in case No.1-153/2017, it follows that A.V. Sabadash, S. A. Somov, D.V. Garkusha were found guilty of committing a crime under Part 4 of Article 159 of the Criminal Code of the Russian Federation.

These types of crimes are financial crimes, which excludes the possibility of applying restructuring of the individual's debts as the bankruptcy procedure in respect of the debtor, since this circumstance contradicts the requirements of clause 1 of Article 213.3 of the Bankruptcy Law.

In such circumstances, the court concludes that the debtor does not meet the requirements for approval of the debt restructuring plan established by paragraph 1 of Article 213.13 of Federal Law No.127-03, and is insolvent, and, therefore, the creditor's application for recognition of A.V. Sabadash as bankrupt and the opening of the property sale procedure are justified.

According to paragraph 4 of Article 213.4 of Federal Law No.127-03, the declared self- regulatory organization submitted a candidate for approval with an opinion on their compliance with the requirements of Articles 20 and 20.2 of Federal Law No. 127-03, and the candidate expressed their desire to be the debtor's Financial Manager, so the court considers it possible to approve him as the debtor's Financial Manager with a monthly remuneration provided for in Article 20.6 of Federal Law No.127-03, at the expense of the debtor's funds and other property.

The debtor's obligation to pay the debt claimed by the creditor arose before the date when the court accepted the application for declaring the debtor bankrupt, this monetary obligation is not current, accordingly, it is subject to inclusion, third in line, into the register of the creditors' claims.

Based on the above, a reasonable claim in the declared amount is considered established and is subject to inclusion, third in line, in the register of claims of the debtor's creditors.

Guided by Articles 167-170, 176, 223 of the Arbitration Procedure Code of the Russian Federation, the Arbitration Court

**has resolved as follows:**

recognize the statement of Tavrichesky Bank Joint-Stock Company as justified.

To recognize Aleksandr Vitalyevich Sabadash (date of birth: 12/04/1965, a native of Leningrad, registered at the address: Moscow Region, Krasnogorsky District, Dmitrovskoye village, Dachnaya street 79, Apt. 2; INN 781135778703) insolvent (bankrupt).

To introduce the procedure for the sale of the individual's property for a period of six months, until 17/09/2020.

To approve Oleg Vladimirovich Zhovtonozhko, a member of ORION Non-Profit Partnership of Arbitration Managers, INN 510503938019, registration number in the register: 13713, postal address: 195027, Saint Petersburg, Shepetovskaya street, 7, apt. 100, with remuneration established by law.

To the Financial Manager:

- to immediately begin to perform the duties provided for in clause 8 of Article 213.9 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)";

- to provide the Arbitration Court with a proof of publication of information on the recognition of a citizen bankrupt and introduction of the procedure of sale of assets of the citizen in Kommersant newspaper and the inclusion of this information in the United Federal Register of Bankruptcy Data;

- not later than 5 days before the hearing, to submit to the Arbitration Court the report on its activities, the information about the financial position of the citizen.

To include the claims of Tavrichesky Bank Joint-Stock Company in respect of a debt in the amount of 177,982,892.13 rubles, the principal debt, third in line in the register of claims of creditors of the debtor Aleksandr Vitalyevich Sabadash.

Schedule a court session to review the report on the results of the sale of the individual's property, on the issue of extending or completing the property sale procedure **for September 10, 2020 at 11:05 a.m.** in the courtroom at the address: Akademika Sakharova Avenue, 18, Moscow, courtroom No. 506, telephone 8(499) 975-21-70.

The decision is subject to immediate execution and may be appealed against within one month from the date of the decision to the Tenth Arbitration Court of Appeal through the Arbitration Court of Moscow Region.

The Judge          *<signature>*          Yu. V. Troshina

[Stamp: Arbitration Court of Moscow Region
TRUE COPY
SENIOR SPECIALIST
Position A.A. Vinogradova
JUNE 24, 2022]



Переводчик _____

## Российская Федерация

### Город Москва

#### Двадцать восьмого июня две тысячи двадцать второго года

Я, Алексеева Светлана Александровна, нотариус города Москвы, свидетельствую подлинность подписи переводчика Сербигешевой Ольги Анатольевны.
Подпись сделана в моем присутствии.
Личность подписавшего документ установлена.

Зарегистрировано в реестре: № **77/1467-н/77-2022-** *4-1328*

Уплачено за совершение нотариального действия: 400 руб. 00 коп.

С.А. Алексеева

Прошито, пронумеровано и скреплено печатью *три* листов

Нотариус

# EXHIBIT B



28_9996204



**Арбитражный суд Московской области**

Проспект Академика Сахарова, дом 18, город Москва, ГСП-6, Россия, 107053

http://www.asmo.arbitr.ru/

**ОПРЕДЕЛЕНИЕ**
о включении в реестр требований кредиторов

г. Москва
07 сентября 2020 года

Дело № А41-100887/19

Резолютивная часть определения объявлена 01.09.2020
Определение в полном объеме изготовлено 07.09.2020

Арбитражный суд Московской области в составе судьи Трошиной Ю.В.,
при ведении протокола судебного заседания помощником судьи Бириной А.О.,
рассмотрев в судебном заседании заявление общества с ограниченной ответственностью «МФЦ Капитал»
о включении в реестр требований кредиторов,
в рамках настоящего дела о несостоятельности (банкротстве) Сабадаш Александра Витальевича,
при участии в судебном заседании: согласно протоколу судебного заседания,

**установил:**

решением Арбитражного суда Московской области по делу №А41-100887/19 от 17.03.2020 Сабадаш Александр Витальевич (12.04.1965 года рождения, уроженец г. Ленинград, зарегистрированный по адресу: Московская область, Красногорский район, с. Дмитровское, ул. Дачная, д. 79, кв. 2; ИНН 781135778703) признан несостоятельным (банкротом), в отношении него введена процедура реализации имущества гражданина. Финансовым управляющим утвержден Жовтоножко Олег Владимирович.

Публикация о введении в отношении должника процедуры наблюдения произведена в газете «Коммерсантъ» от 28.03.2020.

22.05.2020 ООО «МФЦ Капитал» в порядке, предусмотренном статьями 71, 100 Закона о банкротстве обратилось в Арбитражный суд Московской области с заявлением о включении в реестр требований кредиторов должника задолженности.

В арбитражный суд от финансового управляющего поступило ходатайство об отложении судебного заседания, приобщено к материалам дела.

Представитель заявителя заявленные требования поддержал в полном объеме ,представил дополнительные документы, которые приобщены к материалам дела, требование о приостановлении производства по делу не поддержал, ходатайствовал о его не рассмотрении.

В соответствии со статьей 158 Арбитражного процессуального кодекса Российской Федерации (далее – АПК РФ) арбитражный суд может отложить рассмотрение дела, если признает, что оно не может быть рассмотрено в данном судебном заседании, в том числе вследствие неявки кого-либо из лиц, участвующих в деле, а также при удовлетворении ходатайства стороны об отложении судебного разбирательства.

Между тем, все доказательства, необходимые для рассмотрения дела в данном судебном заседании, в материалах дела наличествуют.

Более того, отложение судебного заседания является правом, а не обязанностью суда (статья 158 АПК РФ).

При таких обстоятельствах, ходатайство финансового управляющего об отложении судебного заседания подлежит отклонению, как необоснованное.

Иные лица, участвующие в деле, извещены надлежащим образом о времени и месте судебного заседания, возражений по существу требований не поступали.

В соответствии с абзацем 2 части 1 статьи 121 Арбитражного процессуального кодекса Российской Федерации (далее по тексту - АПК РФ) информация о времени и месте судебного заседания опубликована на официальном интернет-сайте картотека арбитражных дел http://kad.arbitr.ru.

Из материалов дела следует, что согласно вступившему в законную силу решению Мещанского районного суда города Москвы от 24.05.2016 по делу № 2-3356/2016 с должника в пользу Банка ВТБ (ПАО) взыскана задолженность по кредитному соглашению № КС-701107/2007/00026 от 28.06.2007 и договору поручительства № ДП-670100/2010/00010 от 27.01.2010 в размере 347 587, 41 евро в рублевом эквиваленте по курсу Центрального банка Российской Федерации на дату фактического исполнения судебного акта, задолженность по кредитному соглашению № КС-670100/2010/00013 от 17.02.2010 и договору поручительства № ДП-670100/2010/00017 от 17.02.2010 в размере 7 073 157, 15 евро в рублевом эквиваленте по курсу Центрального банка Российской Федерации на дату фактического исполнения судебного акта, расходы по госпошлине в размере 60 000 рублей.

Определением Мещанского районного суда города Москвы от 06.05.2020 по делу № 2-3356/2016 произведена замена стороны истца с Банка ВТБ (ПАО) на его правопреемника – ООО «МФЦ Капитал».

До настоящего времени должник задолженность перед кредитором не погасил.

Указанные обстоятельства послужили основанием для обращения кредитора в порядке, предусмотренном действующим законодательством, в том числе, статьями 71, 100, 142 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее - Федеральный закон № 127-ФЗ), в арбитражный суд с заявленными требованиями.

Исследовав материалы дела, суд приходит к выводу, что заявление о включении в реестр требований кредиторов должника задолженности подлежит удовлетворению по следующим основаниям.

Частью 1 статьи 223 АПК РФ и статьей 32 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее – по тексту – Федеральный закон № 127-ФЗ) определено, что дела о банкротстве рассматриваются арбитражным судом по правилам, предусмотренным Кодексом, с особенностями, установленными федеральными законами, регулирующими вопросы о несостоятельности (банкротстве).

КОПИЯ

2                                                                                                       28_9996204

В соответствии со статьями 100, 142 Федерального закона № 127-ФЗ кредиторы вправе предъявить свои требования к должнику в течение двух месяцев с даты опубликования сообщения об открытии конкурсного производства. Указанные требования направляются в арбитражный суд и конкурсному управляющему с приложением судебного акта или иных документов, подтверждающих обоснованность этих требований. Указанные требования включаются в реестр требований кредиторов на основании определения арбитражного суда о включении указанных требований в реестр требований кредиторов.

В силу пунктов 3 - 5   статьи 71 Федерального закона № 127-ФЗ проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

Согласно разъяснениям Пленума Высшего Арбитражного Суда Российской Федерации, данным в абзаце первом пункта 26 Постановления от 22.06.2012 № 35 «О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве» в силу пунктов 3-5 статьи 71 и пунктов 3 - 5  статьи 100 Федерального закона № 127-ФЗ проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

При установлении требований кредиторов в деле о банкротстве судам следует исходить из того, что установленными могут быть признаны только требования, в отношении которых представлены достаточные доказательства наличия и размера задолженности.

Таким образом, в деле о банкротстве включение в реестр требований кредиторов должника возможно только в случае установления действительного наличия обязательства у должника перед кредитором, которое подтверждено соответствующими доказательствами.

При рассмотрении обоснованности требований кредиторов подлежат проверке доказательства возникновения задолженности в соответствии с материально-правовыми нормами, которые регулируют обязательство, не исполненное должником.

В соответствии с процессуальными правилами доказывания (статьи 65, 68 АПК РФ) заявитель обязан доказать допустимыми доказательствами правомерность своих требований.

Согласно частям 1, 2 статьи 71 АПК РФ арбитражный суд оценивает доказательства по своему внутреннему убеждению, основанному на всестороннем, полном, объективном и непосредственном исследовании имеющихся в деле доказательств; арбитражный суд оценивает относимость, допустимость, достоверность каждого доказательства в отдельности, а также достаточность и взаимную связь доказательств в их совокупности.

Требование заявителя основано на вступившем в законную силу судебном акте.

Частью 2 и частью 3 статьи 69 АПК РФ определено, что обстоятельства, установленные вступившим в законную силу судебным актом арбитражного суда по ранее рассмотренному делу, не доказываются вновь при рассмотрении арбитражным судом другого дела, в котором участвуют те же лица, кроме того, вступившее в законную силу решение суда общей юрисдикции по ранее рассмотренному гражданскому делу обязательно для арбитражного суда, рассматривающего дело, по вопросам об обстоятельствах, установленных решением суда общей юрисдикции и имеющих отношение к лицам, участвующим в деле.

Из приведённой выше нормы следует, что вышеназванный судебный акт имеет преюдициальное значение при рассмотрении по существу данного дела.

В связи с преюдициальным значением для настоящего дела, вступившего в законную силу судебного акта, не подлежат доказыванию вышеуказанные обстоятельства.

Доказательств исполнения данного судебного акта и погашения задолженности не представлено.

В материалах дела отсутствуют доказательства исполнения своих обязательств должником надлежащим образом.

Согласно абзацу 4 пункта 1 статьи 4 Закона о банкротстве, состав и размер денежных обязательств, требований о выплате выходных пособий и (или) об оплате труда лиц, работающих или работавших по трудовому договору, и обязательных платежей, выраженных в иностранной валюте, определяются в рублях по курсу, установленному Центральным банком Российской Федерации, на дату введения каждой процедуры, применяемой в деле о банкротстве и следующей после наступления срока исполнения соответствующего обязательства.

Требование заявителя составляет 7 420 744, 56 евро, что по курсу, установленному Центральным банком Российской Федерации, на дату введения процедуры реализации имущества, составляет 614 066 612, 34 рублей.

Размер и основания возникновения задолженности судом проверен и признан обоснованным ввиду предоставления кредитором в материалы дела соответствующих доказательств.

Следовательно, кредитор представил необходимые документы в обоснование заявленного требования и суд полагает, что кредитор доказал правомерность и обоснованность заявленных требований.

Таким образом, с учётом срока возникновения обязательства, характера составляющих его платежей и даты обращения в суд требование подлежит включению в третью очередь реестра требований кредиторов должника.

Руководствуясь статьями 184, 185, 223 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

**определил:**

включить требование общества с ограниченной ответственностью «МФЦ Капитал» в реестр требований кредиторов Сабадаш Александра Витальевича задолженность в размере 614 066 612,34 рублей – основной долг, в третью очередь.

Определение может быть обжаловано в Десятый арбитражный апелляционный суд в течение десяти дней.

Судья                                                                                                       Ю.В. Трошина



*/Translation from Russian into English/*

Stamp: JUDICIAL DEED
HAS ENTERED INTO LEGAL FORCE
Full name of the Judge  N.A. Mikhailova
Signature  <signature>
September 22, 2020]

*[Round official seal: The Arbitration Court of
Moscow Region]*

*/Coat of arms of the Russian Federation/*

**Stamp: COPY**

28_9996204

**The Arbitration Court of Moscow Region**
Akademika Sakharova Avenue, 18, Moscow, GSP-6, Russia, 107053
http://www.asmo.arbitr.ru/
**RULING**
**on the Inclusion in the Register of Creditors' Claims**

Moscow
September 07, 2020

Case No. A41 -100887/19

The operative part of the ruling was announced on 01/09/2020
The ruling in full was made on 07/09/2020

The Arbitration Court of Moscow Region composed of judge Yu. V. Troshina,
with minutes of the court session being kept by A. O. Birina, Assistant Judge,
having considered in the court session the application of MFC Capital Limited Liability Company
on the inclusion in the register of creditors' claims,
in the context of this case on the insolvency (bankruptcy) of Aleksandr Vitalyevich Sabadash,
the participants in a court session: according to the minutes of the court session,

**has found that:**

by the decision of the Arbitration Court of Moscow Region in case No.A41-100887/19 of 17/03/2020, Aleksandr Vitalyevich Sabadash (date of birth: 12/04/1965, place of birth: Leningrad, registered at: Moscow Region, Krasnogorsky District, Dmitrovskoye village, Dachnaya street, 79, apt. 2; INN 781135778703) was declared insolvent (bankrupt), and the procedure for selling the property of an individual was introduced in respect of him. Oleg Vladimirovich Zhovtonozhko was approved as the Financial Manager.

The publication on the introduction of the monitoring procedure in relation to the debtor was made in Kommersant Newspaper on 28/03/2020.

On 22/05/2020 MFC Capital, LLC used the procedure provided for in Articles 71, 100 of the Bankruptcy Law to apply to the Arbitration Court of Moscow Region for the inclusion of a debt in the register of creditors' claims of a debtor.

The Arbitration Court received a petition from the Financial Manager to postpone the court session; the petition is attached to the case file.

The applicant's representative supported the stated claims in full, submitted additional documents that are attached to the case file, did not support the request to suspend the proceedings in the case, and requested that it not be considered.

In accordance with Article 158 of the Arbitration Procedure Code of the Russian Federation (hereinafter referred to as the APC of the Russian Federation), the Arbitration Court may postpone the consideration of a case if it recognizes that it can't be considered at the specific court session, including due to the non-appearance of any of the persons participating in the case, as well as when the court satisfies a party's request to postpone the proceedings.

Meanwhile, all the evidence necessary for the consideration of the case in this court session is present in the case materials.

Moreover, the court has the right but not an obligation to postpone the proceedings (Article 158 of the APC of the Russian Federation).

In such circumstances, the Financial Manager's request for adjournment of the court session is subject to rejection as unfounded.

Other persons participating in the case were duly notified of the time and place of the court session, and no objections were received on the merits of the claims.

In accordance with paragraph 2 of Part 1 of Article 121 of the Arbitration Procedure Code of the Russian Federation (hereinafter referred to as the APC of the Russian Federation), the time and place of the court session are published on the official website of the card file of Arbitration Case File Database, http://kad.arbitr.ru.

It follows from the materials of the case that according to the decision of Meshchansky District Court of Moscow of 24/05/2016 in case No.2-3356/2016, the debtor was charged, in favor of VTB Bank (PJSC) under Loan Agreement No. KC-701107/2007/00026 as of 28/06/2007 and Guarantee Agreement No.ДП-670100/2010/00010 of 27/01/2010, the amount of 347,587.41 euros in ruble equivalent at the exchange rate of the Central Bank of the Russian Federation on the date of the actual performance of the judicial deed, Credit Agreement No.KC-670100/2010/00013 of 17/02/2010, and Guarantee Agreement No.KC-670100/2010/00017 dated 17/02/2010 in the amount of 7,073,157.15 euros in ruble equivalent at the exchange rate of the Central Bank of the Russian Federation on the date of the actual performance of the court act, state duty expenses in the amount of 60,000 rubles.

By the ruling of Meshchansky District Court of Moscow dated 06/05/2020 in case No.2-3356/2016, the plaintiff's side VTB Bank (PJSC) was replaced by its legal successor - MFC Capital, LLC.

To date, the debtor has not repaid the debt to the creditor.

These circumstances served as the grounds for the creditor's appeal to the Arbitration Court in accordance with the procedure provided for by the current legislation, including Articles 71, 100, and 142 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as Federal Law No. 127-03) with the stated claims.

Having examined the materials of the case, the court concludes that the application for inclusion of the debt in the register of creditors' claims of the debtor is subject to satisfaction on the following grounds.

Part 1 of Article 223 of the APC of the Russian Federation and Article 32 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as Federal Law No. 127-03) determines that bankruptcy cases are considered by the Arbitration Court according to the rules provided for in the Code, taking into account the specifics established by federal laws regulating issues of insolvency (bankruptcy).

*Перевод с русского языка на английский язык/*
*/Translation from Russian into English/*

Stamp: COPY

2

28_9996204

In accordance with Articles 100, 142 of Federal Law No.127-03, creditors have a right to submit their claims against the debtor within two months from the date of publication of the notice on the bankruptcy proceedings opening. The claims are sent to the Arbitration Court and the bankruptcy trustee with the attachment of a judicial deed or other documents confirming validity of these claims. These claims are included in the register of creditors' claims on the basis of the Arbitration Court's ruling on the inclusion of these claims in the register of creditors' claims.

By virtue of paragraphs 3 to 5 of Article 71 of Federal Law No.127-03, the validity and amount of creditors' claims are checked by the court regardless of whether there are differences in respect of these claims between the debtor and the persons entitled to file the objections, of the one part, and the creditor who filed the claim, of the other part.

According to the explanations of the Plenum of the Supreme Arbitration Court of the Russian Federation given in the first paragraph of clause 26 of Resolution No.35 of 22/06/2012 "On Some Procedural Issues Related to the Consideration of Bankruptcy Cases", by virtue of clauses 3-5 of Article 71 and clauses 3-5 of Article 100 of Federal Law No.127-03, the validity and the amount of creditors' claims are checked by the court regardless of whether there are disagreements regarding these claims between the debtor and the persons entitled to file relevant objections, of the one part, and the creditor who filed the claim, of the other part.

When establishing the claims of creditors in a bankruptcy case, the courts should proceed from the fact that only claims in respect of which sufficient evidence of the existence and the amount of the debt can be recognized as established.

Thus, in a bankruptcy case, the inclusion in the register of creditors' claims of the debtor is possible only if it is established that the debtor has a valid obligation to the creditor, which must be confirmed by appropriate evidence.

When considering the validity of creditors' claims, the evidence of the occurrence of debt is subject to verification in accordance with the rule of substantive law that governs the obligations not fulfilled by the debtor.

In accordance with the procedural rules of proof (Articles 65, 68 of the APC of the Russian Federation), the applicant is obliged to prove the legality of their claims with admissible evidence.

According to parts 1, 2 of Article 71 of the APC of the Russian Federation, the Arbitration Court evaluates the evidence according to its inner conviction, based on a comprehensive, complete, objective and immediate study of the evidence available in the case; the Arbitration Court evaluates the relevance, admissibility, and reliability of each evidence separately, as well as the sufficiency and mutual connection of the evidence in their entirety.

The applicant's claim is based on an effective judicial deed.

Part 2 and Part 3 of Article 69 of the APC of the Russian Federation stipulate that the Arbitration Court does not prove the circumstances established by a judicial act of the Arbitration Court that has entered into legal force in a previously considered case again when the Arbitration Court considers another case involving the same persons, and the decision of the court of general jurisdiction that has entered into legal force in a previously considered civil case is mandatory for the Arbitration Court considering the case, on the issues concerning the circumstances established by the decision of the court of general jurisdiction and related to the persons participating in the case.

It follows from the above rule that the above-mentioned judicial act has a prejudicial value in the consideration of the merits of the case.

In connection with the prejudicial value of a judicial act which has entered into legal force for the case under consideration, the above-mentioned circumstances do not have to be proved.

No evidence of the performance of the judicial act and the repayment of the debt was provided.

The case file contains no evidence of the debtor's proper performance of their obligations.

According to paragraph 4 of clause 1 of Article 4 of the Bankruptcy Law, the composition and amount of monetary obligations, claims for payment of severance payments and/or remuneration of persons who work or worked under employment contracts, and mandatory payments expressed in foreign currency, are determined in rubles at the exchange rate established by the Central Bank of the Russian Federation on the date of introduction of each procedure applied in a bankruptcy case and following the date established as the period for the performance of the obligation.

The applicant's claim amounts to 7,420,744.56 euros, which is 614,066,612.34 rubles at the exchange rate fixed by the Central Bank of the Russian Federation on the date of the introduction of the property sale procedure.

The amount and the grounds for the occurrence of the debt were checked by the court and recognized as justified due to the fact that the creditor provided corresponding evidence for the case file.

Therefore, the creditor has submitted the necessary documents in support of the claim filed and the court considers that the creditor has proved the legality and validity of the claims.

Thus, taking into account the period of occurrence of the obligation, the nature of the payments included into it and the date of the appeal to the court, the claim is subject to inclusion third in line into the register of claims of the debtor's creditors.

Guided by Articles 184, 185, 223 of the Arbitration Procedure Code of the Russian Federation, the Arbitration Court

**has ruled:**

to include the claim of MFC Capital Limited Liability Company in the register of creditors' claims to Aleksandr Vitalyevich Sabadash a debt in the amount of 614,066,612.34 rubles, being the principal amount of the debt, third in line.

The ruling may be appealed against to the Tenth Arbitration Court of Appeal within ten days.

The Judge                              *<signature>*                              Yu. V. Troshina

[Stamp: Arbitration Court of Moscow Region
TRUE COPY
SENIOR SPECIALIST
Position A.A. Vinogradova
JUNE 24, 2022]

# EXHIBIT  C



28_10060363

КОПИЯ



Арбитражный суд Московской области
Проспект Академика Сахарова, дом 18, город Москва, ГСП-6, Россия, 107053
http://www.asmo.arbitr.ru/
**ОПРЕДЕЛЕНИЕ**
о включении в реестр требований кредиторов

г. Москва
24 сентября 2020 года                                                              Дело № А41-100887/19

Резолютивная часть определения объявлена 17.09.2020
Определение в полном объеме изготовлено 24.09.2020

        Арбитражный суд Московской области в составе судьи Трошиной Ю.В.,
при ведении протокола судебного заседания секретарем судебного заседания        Стеблевец А.Д.,
рассмотрев в судебном заседании заявление акционерного общества «Таврический банк»
о включении в реестр требований кредиторов,
в рамках настоящего дела о несостоятельности (банкротстве) Сабадаш Александра Витальевича,
при участии в судебном заседании: согласно протоколу судебного заседания,

                                                **установил:**

        решением Арбитражного суда Московской области по делу №А41-100887/19 от 17.03.2020 Сабадаш Александр Витальевич (12.04.1965 года рождения, г. Ленинград, зарегистрированный по адресу: Московская область, Красногорский район, с. Дмитровское, ул. Дачная, д. 79, кв. 2; ИНН 781135778703) признан несостоятельным (банкротом), в отношении него введена процедура реализации имущества гражданина. Финансовым управляющим утвержден Жовтоножко Олег Владимирович.
        Публикация о введении в отношении должника процедуры наблюдения произведена в газете «Коммерсантъ» от 28.03.2020.
        02.04.2020 АО «Таврический банк» в порядке, предусмотренном статьями 71, 100 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» 18.04.2019 обратилась в Арбитражный суд Московской области с заявлением о включении в реестр требований кредиторов должника задолженности.
        Представитель заявителя заявленные требования поддержал в полном объеме.
        Иные лица, участвующие в деле, извещены надлежащим образом о времени и месте судебного заседания, возражений по существу требований не поступали.
        В соответствии с абзацем 2 части 1 статьи 121 Арбитражного процессуального кодекса Российской Федерации (далее по тексту - АПК РФ) информация о времени и месте судебного заседания опубликована на официальном интернет-сайте картотека арбитражных дел http://kad.arbitr.ru.
        Как следует из пояснений заявителя и материалов дела, согласно приговору Смольнинского районного суда Санкт-Петербурга от 24.10.2017 по делу № 1-153/2017, оставленного без изменения апелляционным определением Санкт-Петербургского городского суда от 07.08.2018, Сабадаш А.В., Сомов С.А., Гаркуша Д.В. признаны виновным в совершении преступления, предусмотренного ч. 4 ст. 159 УК РФ, с указанных лиц солидарно взыскано в пользу кредитора 189 521 850 рублей.
        09.04.2019 МРОСП по ИОИП УФССП по Санкт-Петербургу в отношении Сабадаша А.В. возбуждено исполнительное производство № 14503/19/78022-ИП.
        В соответствии со справкой МРОСП по ИОИП по Санкт-Петербургу от 06.11.2019, денежные средства в погашение задолженности не поступали.
        09.04.2019 МРОСП по ИОИП УФССП по Санкт-Петербургу в отношении Сомова С.А. возбуждено исполнительное производство № 14505/19/78022-ИП. В соответствии со справкой МРОСП по ИОИП УФССП по Санкт-Петербургу от 06.11.2019, в погашение задолженности по исполнительному производству поступило 6 715 151,86 рублей.
        Гаркуша Д.В. признан несостоятельным (банкротом) в рамках дела о банкротстве № А56-23285/2017, находящегося в производстве Арбитражного суда города Санкт-Петербурга и Ленинградской области. В соответствии со справкой финансового управляющего Гаркуши Д.В. – Рудакова Р.А. от 06.11.2019 погашение задолженности в рамках дела о банкротстве не осуществлялось.
        Решением Арбитражного суда Московской области по делу №А41-100887/19 от 17.03.2020 требования акционерного общества «Таврический Банк» задолженность в размере 177 982 892, 13 рублей – основной долг включена в третью очередь реестра требований кредиторов должника Сабадаш Александра Витальевича.
        Кредитором произведено начисление процентов на сумму основного долга.
        До настоящего времени должник задолженность перед кредитором не погасил.
        Указанные обстоятельства послужили основанием для обращения кредитора в порядке, предусмотренном действующим законодательством, в том числе, статьями 71, 100, 142 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее - Федеральный закон № 127-ФЗ), в арбитражный суд с заявленными требованиями.
        Исследовав материалы дела, суд приходит к выводу, что заявление о включении в реестр требований кредиторов должника задолженности подлежит частичному удовлетворению по следующим основаниям.
        Частью 1 статьи 223 Арбитражного процессуального кодекса Российской Федерации (далее – АПК РФ) и статьей 32 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее – Закон о банкротстве) определено, что дела о банкротстве рассматриваются арбитражным судом по правилам, предусмотренным Кодексом, с особенностями, установленными федеральными законами, регулирующими вопросы о несостоятельности (банкротстве).

28_10060363

КОПИЯ

В соответствии со статьей 213.8 Закона о банкротстве для целей включения в реестр требований кредиторов и участия в первом собрании кредиторов конкурсные кредиторы, в том числе кредиторы, требования которых обеспечены залогом имущества гражданина, и уполномоченный орган вправе предъявить свои требования к гражданину в течение двух месяцев с даты опубликования сообщения о признании обоснованным заявления о признании гражданина банкротом в порядке, установленном статьей 213.7 настоящего Федерального закона. В случае пропуска указанного срока по уважительной причине он может быть восстановлен арбитражным судом.

В силу пунктов 3-5 статьи 71 Закона о банкротстве проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

Согласно разъяснениям Пленума Высшего Арбитражного Суда Российской Федерации, данным в абзаце первом пункта 26 Постановления от 22.06.2012 № 35 «О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве» в силу пунктов 3-5 статьи 71 и пунктов 3 - 5 статьи 100 Федерального закона № 127-ФЗ проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

При установлении требований кредиторов в деле о банкротстве судам следует исходить из того, что установленными могут быть признаны только требования, в отношении которых представлены достаточные доказательства наличия и размера задолженности.

Таким образом, в деле о банкротстве включение в реестр требований кредиторов должника возможно только в случае установления действительного наличия обязательства у должника перед кредитором, которое подтверждено соответствующими доказательствами.

При рассмотрении обоснованности требований кредиторов подлежат проверке доказательства возникновения задолженности в соответствии с материально-правовыми нормами, которые регулируют обязательства, не исполненные должником.

В соответствии с процессуальными правилами доказывания (статьи 65, 68 АПК РФ) заявитель обязан доказать допустимыми доказательствами правомерность своих требований.

Согласно частям 1, 2 статьи 71 АПК РФ арбитражный суд оценивает доказательства по своему внутреннему убеждению, основанному на всестороннем, полном, объективном и непосредственном исследовании имеющихся в деле доказательств; арбитражный суд оценивает относимость, допустимость, достоверность каждого доказательства в отдельности, а также достаточность и взаимную связь доказательств в их совокупности.

Пунктом 1 статьи 4 Закона о банкротстве предусмотрено, что состав и размер денежных обязательств, требований о выплате выходных пособий и (или) об оплате труда лиц, работающих или работавших по трудовому договору, и обязательных платежей, возникших до принятия арбитражным судом заявления о признании должника банкротом и заявленных после принятия арбитражным судом такого заявления, определяются на дату введения первой процедуры, применяемой в деле о банкротстве.

Пунктом 1 статьи 395 ГК РФ установлено, что в случаях неправомерного удержания денежных средств, уклонения от их возврата, иной просрочки в их уплате подлежат уплате проценты на сумму долга. Размер процентов определяется ключевой ставкой Банка России, действовавшей в соответствующие периоды. Эти правила применяются, если иной размер процентов не установлен законом или договором.

Кредитором произведен расчет процентов с 24.12.2013 по 17.03.2020 включительно.

Согласно абзац 4 пункта 2 статьи 213.11 Закона о банкротстве с даты вынесения арбитражным судом определения о признании обоснованным заявления о признании гражданина банкротом и введении реструктуризации его долгов начисление неустоек (штрафов, пеней) и иных финансовых санкций, а также процентов по всем обязательствам гражданина, за исключением текущих платежей прекращается.

В пункте 42 Постановления Пленума Высшего Арбитражного Суда Российской Федерации от 22.06.2012 N 35 "О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве" разъяснено, что если в судебном заседании была объявлена только резолютивная часть судебного акта о введении процедуры, применяемой в деле о банкротстве, то датой введения процедуры будет дата объявления резолютивной части).

В рассматриваемом случае, процедура реализации имущества гражданина в отношении должника введена 17.03.2020 (резолютивная часть), следовательно, с указанной даты прекращаются начисления неустоек (штрафов, пеней) и иных финансовых санкций.

Таким образом, проценты подлежат начислению с 24.12.2013 по 16.03.2020 включительно.

Кредитор представил необходимые документы в обоснование заявленного требования и суд полагает, что кредитор доказал правомерность и обоснованность заявленных требований в части.

Таким образом, с учётом срока возникновения обязательства, характера составляющих его платежей и даты обращения в суд требование подлежит частичному удовлетворению.

Руководствуясь статьями 184, 185, 223 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

**определил:**

заявленные требования удовлетворить частично.

Включить требование акционерного общества «Таврический банк» в реестр требований кредиторов Сабадаш Александра Витальевича задолженность в размере 92 428 753, 33 рублей – проценты, в третью очередь.

В удовлетворении остальной части требований отказать.

Определение может быть обжаловано в Десятый арбитражный апелляционный суд в течение десяти дней.

Судья                                                                                                                              Ю.В. Трошина

/Translation from Russian into English/

[Stamp: JUDICIAL DEED
HAS ENTERED INTO LEGAL FORCE
Full name of the Judge  N.A. Mikhailova
Signature  <signature>
October 09, 2020]

[Round official seal: The Arbitration Court of
Moscow Region]

/Coat of arms of the Russian Federation/

**Stamp: COPY**
28 10060363

**The Arbitration Court of Moscow Region**
Akademika Sakharova Avenue, 18, Moscow, GSP-6, Russia, 107053
http ://www. asmo .arbitr.ru/
**RULING**
**on the Inclusion in the Register of Creditors' Claims**

Moscow
September 24, 2020

Case No. A41 -100887/19

The operative part of the ruling was announced on 17/09/2020
The ruling in full was made on 24/09/2020

The Arbitration Court of Moscow Region composed of judge Yu.V. Troshina,
with taking the minutes of the court session by the Secretary of the Court Session A. D. Steblevets,
having considered at the court session the application of Tavrichesky Bank Joint-Stock Company
for its inclusion in the register of creditors' claims, in the context of this case on the insolvency (bankruptcy) of Aleksandr Vitalyevich
Sabadash, the participants in a court session: according to the minutes of the court session,
**has found that:**
by the decision of the Arbitration Court of Moscow Region in case No.A41-100887/19 of 17/03/2020, Aleksandr Vitalyevich
Sabadash (date of birth: 12/04/1965, place of birth: Leningrad, registered at: Moscow Region, Krasnogorsky District, Dmitrovskoye village,
Dachnaya street, 79, apt. 2; INN 781135778703) was declared insolvent (bankrupt), and the procedure for selling the property of an individual
was introduced in respect of him. Oleg Vladimirovich Zhvtonozhko was approved as the Financial Manager.
The publication on the introduction of the monitoring procedure in relation to the debtor was made in Kommersant newspaper on
28/03/2020.
02/04/2020, on 18/04/2019, Tavrichesky Bank, JSC, acting in accordance with the procedure provided for in Articles 71, 100 of
Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" filed an application to the Arbitration Court of Moscow Region with
an application for the inclusion of a debt in the register of creditors' claims of the debtor.
The representative of the applicant supported the stated requirements in full.
Other persons participating in the case were duly notified of the time and place of the court session, and no objections were received
on the merits of the claims.
In accordance with paragraph 2 of Part 1 of Article 121 of the Arbitration Procedure Code of the Russian Federation (hereinafter
referred to as the APC of the Russian Federation), the time and place of the court session are published on the official website of the card
file of Arbitration Case File Database, http://kad.arbitr.ru.
As follows from the applicant's explanations and the case materials, according to the verdict of Smolninsky District Court of Saint
Petersburg of 24/10/2017 in case No.1-153/2017 left unchanged by the appeal ruling of the Saint Petersburg City Court of 07/08/2018, A.V.
Sabadash, S.A. Somov, D.V. Garkusha were found guilty of committing a crime under Part 4 of Article 159 of the Criminal Code of the
Russian Federation, and the amount of 189,521,850 rubles was collected from these persons (jointly) in favor of the creditor.
On 09/04/2019 the IDDB for ESEP of the AFBS (the Interdistrict Department of Bailiffs for Execution of Special Enforcement
Proceedings of the Administration of the Federal Bailiff Service) for Saint Petersburg initiated enforcement proceedings No.
14503/19/78022-ИП in respect of A. V. Sabadash.
In accordance with the certificate issued by the IDDB for ESEP of the AFBS for Saint Petersburg dated 06/11/2019, no funds were
received to repay the debt.
On 09/04/2019, the IDDB for ESEP of the AFBS (the Interdistrict Department of Bailiffs for Execution of Special Enforcement
Proceedings of the Administration of the Federal Bailiff Service) for Saint Petersburg initiated enforcement proceedings No.
14505/19/78022-ИП in respect of S.A. Somov. In accordance with the certificate issued by the IDDB for ESEP of the AFBS for Saint
Petersburg dated 06/11/2019, 6,715,151.86 rubles were received as debt repayment under the enforcement proceedings.
D.V. Garkusha was declared insolvent (bankrupt) in the framework of the bankruptcy case No. A56-23285/2017, which is examined
by the Arbitration Court of the City of Saint Petersburg and the Leningrad Region. In accordance with the certificate issued by R. A. Rudakov,
the financial manager of D. V. Garkusha, dated 06/11/2019, the debt in the framework of the bankruptcy case was not repaid.
By the decision of the Arbitration Court of Moscow Region in case No.A41-100887/19 of 17/03/2020, the claim of Tavrichesky
Bank Joint-Stock Company in respect of the debt in the amount of 177,982,892.13 rubles, being the principal debt, is included, third in line,
in the register of claims of creditors of the debtor, Aleksandr Vitalyevich Sabadash.
The lender has accrued interest on the amount of the principal debt.
To date, the debtor has not repaid the debt to the creditor.
These circumstances served as the grounds for the creditor's appeal to the Arbitration court in accordance with the procedure provided
for by the current legislation, including Articles 71, 100, and 142 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)"
(hereinafter referred to as Federal Law No.127-03) with the stated claims.
Having examined the materials of the case, the court concludes that the application for inclusion of the debt in the register of creditors'
claims of the debtor is subject to partial satisfaction on the following grounds.
Part 1 of Article 223 of the Arbitration Procedure Code of the Russian Federation (hereinafter referred to as the APC of the Russian
Federation) and Article 32 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as Federal Law
No.127-03) determines that bankruptcy cases are considered by the Arbitration Court according to the rules provided for in the Code, taking
into account the specifics established by federal laws regulating insolvency (bankruptcy) issues.

JPY                                                                    28_10060363

2

In accordance with Article 213.8 of the Bankruptcy Law, for the purposes of inclusion in the register of creditors' claims and participation in the first creditors' meeting, bankruptcy creditors, including creditors whose claims are secured by the pledge of the individual's property, and the authorized body have the right to submit its claims to a citizen within two months from the date of publication on the recognition of the application for declaring an individual bankrupt as justified in accordance with the procedure established by Article 213.7 of this Federal Law. If a claim was not submitted on or before the due date for a valid reason, it may be accepted by the Arbitration court.

By virtue of paragraphs 3 to 5 of Article 71 of the Bankruptcy Law, the validity and amount of creditors' claims are checked by the court regardless of whether there are differences in respect of these claims between the debtor and the persons entitled to file the objections, of the one part, and the creditor who filed the claim, of the other part.

According to the explanations of the Plenum of the Supreme Arbitration Court of the Russian Federation given in the first paragraph of clause 26 of Resolution No.35 of 22/06/2012 "On Some Procedural issues Related to the Consideration of Bankruptcy Cases", by virtue of clauses 3-5 of Article 71 and clauses 3-5 of Article 100 of Federal Law No.127-03, the validity and the amount of creditors' claims are checked by the court regardless of whether there are disagreements regarding these claims between the debtor and the persons entitled to file relevant objections, of the one part, and the creditor who filed the claim, of the other part.

When establishing the claims of creditors in a bankruptcy case, the courts should proceed from the fact that only claims in respect of which sufficient evidence of the existence and the amount of the debt can be recognized as established.

Thus, in a bankruptcy case, the inclusion in the register of creditors' claims of the debtor is possible only if it is established that the debtor has a valid obligation to the creditor, which must be confirmed by appropriate evidence.

When considering the validity of creditors' claims, the evidence of the occurrence of debt is subject to verification in accordance with the rule of substantive law that governs the obligations not fulfilled by the debtor.

In accordance with the procedural rules of proof (Articles 65, 68 of the APC of the Russian Federation), the applicant is obliged to prove the legality of their claims with admissible evidence.

According to parts 1, 2 of Article 71 of the APC of the Russian Federation, the Arbitration Court evaluates the evidence according to its inner conviction, based on a comprehensive, complete, objective and immediate study of the evidence available in the case; the Arbitration Court evaluates the relevance, admissibility, and reliability of each evidence separately, as well as the sufficiency and mutual connection of the evidence in their entirety.

It is provided by clause 1 of Article 4 of the Bankruptcy Law that the composition and amount of financial obligations, claims for payment of severance payments and/or remuneration of persons who work or worked under an employment contract, and mandatory payments that arose before the Arbitration Court accepted the application for recognition of the debtor as bankrupt and declared after the Arbitration Court accepted such an application, are determined on the date of introduction of the first procedure applied in the bankruptcy case.

Paragraph 1 of Article 395 of the Civil Code of the Russian Federation establishes that in cases of unlawful withholding of funds, evasion of their repayment, or other delay in their payment, interest is accrued on the amount of the debt. The amount of interest is determined by the key interest rate of the Bank of Russia that was in effect in the corresponding periods. These rules apply unless a different amount of interest is established by law or contract.

The lender calculated the interest for the period from 24/12/2013 to 17/03/2020, inclusive.

According to paragraph 4 of clause 2 of Article 213.11 of the Bankruptcy Law, the accrual of penalties (fines) and other financial sanctions, as well as interest on all obligations of an individual, with the exception of current payments, is terminated from the date of the Arbitration Court's ruling on the recognition of the application for the bankruptcy of the individual and the introduction of restructuring of his debts.

As explained in clause 42 of the Resolution of the Plenum of the Supreme Arbitration Court of the Russian Federation of 22/06/2012 No.35 "On Some Procedural Issues Related to the Consideration of Bankruptcy Cases," if only the operative part of the judicial act on the introduction of the procedure used in the bankruptcy case was announced at the court session, the date of the introduction of the procedure will be the date of the announcement of the operative part.

In this case, the procedure for the sale of the individual's property was introduced against the debtor on 17/03/2020 (the operative part), therefore, from this date, the accrual of penalties (fines, penalties) and other financial sanctions shall cease.

Thus, the interest is subject to accrual for the period from 24/12/2013 to 16/03/2020, inclusive.

The creditor has submitted the necessary documents in support of the claim, and the court considers that the creditor has proved the legality and validity of the claims in part.

Thus, taking into account the period of occurrence of the obligation, the nature of the payments that it consists of, and the date of the appeal to the court, the claim is subject to partial satisfaction.

Guided by Articles 184, 185, 223 of the Arbitration Procedure Code of the Russian Federation, the Arbitration court

**has ruled:**

The stated claims are subject to partial satisfaction.

Include the claim of Tavrichesky Bank Joint-Stock Company on the debt in the amount of 92,428,753.33 rubles, which is the interest, in the register of creditors' claims to Aleksandr Vitalyevich Sabadash, third in line.

The rest of the claims shall be rejected.

The ruling may be appealed against to the Tenth Arbitration Court of Appeal within ten days.

The Judge                          *&lt;signature&gt;*                          Yu. V. Troshina

[Stamp: Arbitration Court of Moscow Region
TRUE COPY
SENIOR SPECIALIST
Position A.A. Vinogradova
JUNE 24, 2022]

# EXHIBIT  D



**Арбитражный суд Московской области**
107053, 107053, проспект Академика Сахарова, д. 18, г. Москва
http://asmo.arbitr.ru/

**ОПРЕДЕЛЕНИЕ**
об утверждении финансового управляющего

г.Москва
22 февраля 2022 года                                                            Дело №А41-100887/19

Резолютивная часть определения объявлена 17 февраля 2022 года
Полный текст определения изготовлен 22 февраля 2022 года

Арбитражный суд Московской области в составе судьи Михайловой Н.А.,
при ведении протокола судебного заседания секретарем судебного заседания Гариченко Е.А,
рассмотрев в открытом судебном заседании в рамках дела о несостоятельности (банкротстве) Сабадаша Александра Витальевича
вопрос об утверждении финансового управляющего должника,
при участии в заседании лиц согласно протоколу,

УСТАНОВИЛ:

решением Арбитражного суда Московской области от 17.03.2020 Сабадаш Александр Витальевич (ИНН 781135778703) признан несостоятельным (банкротом), в отношении него введена процедура реализации имущества, определением от 10.11.2020 финансовым управляющим должника утверждена Падалко Т.А.

В Арбитражный суд Московской области поступило заявление Падалко Татьяны Алексеевны об освобождении от исполнения обязанностей финансового управляющего в деле о банкротстве Сабадаша Александра Витальевича.

Определением Арбитражного суда Московской области от 19.01.2022 (резолютивная часть) Падалко Т.А. освобождена от исполнения обязанностей финансового управляющего Сабадаша А.В., рассмотрение вопроса об утверждении финансового управляющего назначено на 17.02.2022.

В настоящем судебном заседании подлежит рассмотрению вопрос об утверждении кандидатуры финансового управляющего должника.

В соответствии с абзацем 2 части 1 статьи 121 Арбитражного процессуального кодекса Российской Федерации информация о времени и месте судебного заседания была опубликована на официальном интернет-сайте картотека арбитражных дел http://kad.arbitr.ru.

В материалы дела поступило ходатайство о приобщении протокола собрания кредиторов от 15.02.2022.

Исследовав представленные доказательства, изучив их в совокупности, суд приходит к следующим выводам.

В силу части 1 статьи 223 Арбитражного процессуального кодекса Российской Федерации, пункта 1 статьи 32 Закона о банкротстве дела о банкротстве юридических лиц рассматриваются арбитражным судом по правилам, предусмотренным данным Кодексом, с особенностями, установленными федеральными законами, регулирующими вопросы несостоятельности (банкротства).

Порядок утверждения арбитражным судом кандидатуры арбитражного управляющего установлен статьей 45 и пунктом 1 статьи 127 Закона о банкротстве.

Согласно пункту 2 статьи 12, статье 15 Закона о банкротстве выбор саморегулируемой организации для представления в арбитражный суд кандидатур административного управляющего, внешнего управляющего, конкурсного управляющего относится к исключительной компетенции собрания кредиторов.

По решению собрания кредиторов арбитражный суд в порядке, предусмотренном статьей 45 Закона о банкротстве, утверждает кандидатуру арбитражного управляющего из числа членов заявленной саморегулируемой организации.

В материалы дела представлен протокол собрания кредиторов от 15.11.2021, согласно которому собранием кредиторов принято решение о выборе арбитражного управляющего Голубевой Юлии Леонидовны, члена Союза АУ «Созидание».

Вместе с тем, в адрес суда поступили возражения должника на заявленную кандидатуру арбитражного управляющего, в которых Сабадаш А.В. ссылался на конфликт интересов при назначении данной кандидатуры, что, по его мнению, исключает возможность утверждения ее в качестве финансового управляющего Сабадаша А.В.

В силу пункта 5 статьей 45 Закона о банкротстве по результатам рассмотрения представленной саморегулируемой организацией арбитражных управляющих информации о соответствии кандидатуры арбитражного управляющего требованиям, предусмотренным пунктами 2 - 4 статьи 20 (в том числе требованиям, установленным саморегулируемой организацией арбитражных управляющих в качестве условий членства в ней), и статье 20.2 названного Закона, содержащей перечень оснований, по которым суд может отказать в утверждении представленной кандидатуры в качестве арбитражного управляющего (в числе которых, в том числе, заинтересованность кандидата по отношению к должнику, кредиторам), или кандидатуры арбитражного управляющего арбитражный суд утверждает арбитражного управляющего, соответствующего таким требованиям.

Разъяснения, приведенные в пункте 56 постановления Пленума Высшего Арбитражного Суда Российской Федерации от 22.06.2012 N 35 "О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве"

(далее - постановление Пленума N 35), предписывают арбитражным судам при осуществлении предусмотренных Законом о банкротстве функций по утверждению и отстранению арбитражных управляющих исходить из таких общих задач судопроизводства в арбитражных судах, как защита нарушенных прав и законных интересов участников судебного разбирательства и предупреждение правонарушений в сфере предпринимательской и иной экономической деятельности.

Указанное требование обусловлено тем, что процедуры банкротства носят публично-правовой характер, ввиду чего для достижения названной цели института банкротства основной обязанностью законодателя является максимально возможное обеспечение баланса прав и законных интересов (зачастую диаметрально противоположных) участвующих в деле о банкротстве лиц, что, в числе прочего, обеспечивается посредством утверждения судом в порядке статьи 45 Закона о банкротстве арбитражного управляющего, наделяемого для проведения процедур банкротства полномочиями, которые в значительной степени носят публично-правовой характер, и решения которого являются обязательными и влекут правовые последствия для широкого круга лиц.

По общему правилу выбор арбитражного управляющего или саморегулируемой организации, из членов которой подлежит утверждению арбитражный управляющий, в рамках уже введенной процедуры банкротства либо при смене таковой относится к исключительной компетенции собрания кредиторов (абзац 6 статьи 12 Закона о банкротстве).

Согласно абзацу пятому пункта 56 постановления Пленума N 35 в целях недопущения злоупотребления правом при рассмотрении дела о банкротстве суд не может допускать ситуации, когда полномочиями арбитражного управляющего обладает лицо, в наличии у которого должной компетентности, добросовестности или независимости у суда имеются существенные и обоснованные сомнения.

Согласно абзацу второму пункта 2 ст. 20.2 Закона о банкротстве одним из оснований, по которому арбитражный управляющий не может быть утвержден конкурсным управляющим, является заинтересованность арбитражного управляющего по отношению к должнику и его кредиторам.

Учитывая разъяснения, изложенные в пункте 56 постановления Пленума N 35, суд отмечает, что стороне, возражающей против утверждения конкретной кандидатуры арбитражного управляющего (либо саморегулируемой организации), достаточно подтвердить существенные и обоснованные сомнения в независимости управляющего, иными словами, зародить у суда разумные подозрения относительно приемлемости названной кандидатуры, следовательно, в целях отклонения кандидатуры управляющего отсутствует необходимость доказывать его прямую аффилированность с должником.

Проанализировав материалы дела, ввиду наличия сомнений в независимости возможной к представлению суду избранной кредиторами должника кандидатуры арбитражного управляющего Голубевой Ю.Л., с целью исключения сомнения в недобросовестном поведении, корпоративного конфликта, недопущения получение приоритета в утверждении кандидатуры арбитражного управляющего и установления контроля за процедурой банкротства, в конкретном случае, а также в целях недопущения нарушений прав кредиторов и должника, исходя из конкретных обстоятельств, установленных судом в рамках данного дела, суд приходит к выводу, что в рассматриваемом случае имеется необходимость рассмотрения вопроса об утверждении иной кандидатуры арбитражного управляющего.

В материалы дела представлен протокол собрания кредиторов от 15.02.2022, согласно которому кредиторы приняли решение предложить Арбитражному суду Московской области в рамках дела о банкротстве должника Сабадаша А.В. №А41-100887/19 утвердить кандидатуру финансового управляющего должника Сабадаша А.В. – Гавву Александра Ивановича, в случае не утверждения Арбитражным судом Московской области в рамках дела о банкротстве №А41-100887/19 кандидатуры арбитражного управляющего Голубевой Юлии Леонидовны, кандидатура которой утверждена решением собрания кредиторов должника Сабадаша А.В. от 15.11.2021.

Материалами дела подтверждается, что САУ СРО «ДЕЛО» в порядке статьи 45 Закона о банкротстве представлена информация о соответствии кандидатуры арбитражного управляющего Гаввы Александра Ивановича (ИНН 561023598503, адрес для корреспонденции: 191014, г. Санкт-Петербург, а/я 9) требованиям, предусмотренным статьями 20, 20.2 Закона о банкротстве, его согласие на утверждение финансовым управляющим. Оснований не доверять указанной информации суд не усматривает. Обстоятельств, перечисленных в пункте 2 статьи 20.2 Закона о банкротстве, в силу которых гражданин не может быть финансовым управляющим, судом не установлено. Доказательств обратному в материалы дела в нарушение требований ст. 65 АПК РФ не представлено.

Таким образом, финансовым управляющим в деле о несостоятельности (банкротстве) Сабадаша Александра Витальевича подлежит утверждению Гавва Александр Иванович.

Руководствуясь статьями 184, 185, 223 Арбитражного процессуального кодекса Российской Федерации, суд

ОПРЕДЕЛИЛ:

утвердить финансовым управляющим Сабадаша Александра Витальевича Гавву Александра Ивановича (член САУ СРО «ДЕЛО», регистрационный номер в сводном государственном реестре арбитражных управляющих 001/289-22, ИНН 561023598503, адрес для корреспонденции: 191014, г. Санкт-Петербург, а/я 9).

Обязать арбитражного управляющего Падалко Татьяну Алексеевну в течение трех дней передать документацию и иные ценности финансовому управляющему Гавве Александру Ивановичу. Акт приема-передачи представить в суд.

Определение подлежит немедленному исполнению и может быть обжаловано в Десятый арбитражный апелляционный суд в десятидневный срок со дня его изготовления в полном объеме.

Судья                                                        Н.А. Михайлова

54_12017989

**Arbitration Court of the Moscow Region**
107053, Moscow, Prospekt Akademika Sakharova, 18
http://asmo.arbitr.ru/

**ORDER**
**to appoint (approve) the financial manager**

Moscow
February 22, 2022                                                    Case # A41-100887/19

The operative part of the Order was announced on February 17, 2022.
The full text of the Order was published on February 22, 2022.

The Arbitration Court of the Moscow Region, comprising Judge Mikhailova N.A., when the protocol of the hearing were kept by the secretary of the court session Garichenko E.A.,
having considered in an open court session in the case of insolvency (bankruptcy) of Sabadash Alexander Vitalievich on the approval of the financial manager of the debtor,
with the participation of persons in the session under the protocol,

FOUND:

By the judgment of the Arbitration Court of the Moscow Region dated 17.03.2020 Alexander Vitalievich Sabadash (INN 781135778703) is declared insolvent (bankrupt), the procedure of realization of property is applied against him, by the Order dated 10.11.2020 T.A. Padalko is approved as the financial manager of the debtor.

The Arbitration Court of the Moscow Region received an application from Tatiana Alekseevna Padalko to relieve of the duties of the financial manager in the bankruptcy case of Alexander Vitalievich Sabadash.

By the Order of the Arbitration Court of the Moscow Region dated 19.01.2022 (the operative part) T.A. Padalko is relieved of the duties of the financial manager of A.V. Sabadash, a review of the issue of approval of the financial manager is scheduled for 17.02.2022.

In this court session the issue of approval of the financial manager of the debtor shall be considered.

In accordance with para. 2 of Part 1 of Art. 121 of the Arbitration Procedural Code of the Russian Federation (the APC RF) information about the time and place of the hearing was published on the official website, arbitration case file http://kad.arbitr.ru.

In the case materials a motion was filed to attach the minutes of the creditors' meeting dated 15.02.2022.

Having examined the submitted evidence, having studied it in the aggregate, the court comes to the following conclusions.

By virtue of Part 1 of Art. 223 of the APC RF, para. 1 of Art. 32 of the Bankruptcy Law, the bankruptcy cases of legal persons shall be heard by a court of arbitration under the rules provided by this Code, with the particularities established by the federal laws governing the insolvency (bankruptcy).

The procedure for approval by the arbitration court of a nominee for arbitration administrator is set out in Art. 45 and para. 1 of Art. 127 of the Bankruptcy Law.

In accordance with para. 2 of Art. 12, Art. 15 of the Bankruptcy Law the choice of self-regulating organization for the provision to the arbitration court of nominees for arbitration administrator, receiver, bankruptcy trustee shall be the exclusive competence of the creditors' meeting.

By decision of a meeting of creditors, the arbitration court in accordance with the procedure stipulated by Art. 45 of the Bankruptcy Law, approves the nominee for arbitration administrator from among the members of the self-regulating organization.

To the case materials was submitted the minutes of the creditors' meeting dated 15.11.2021, according to which the meeting of creditors decided to elect an arbitration administrator Yulia Leonidovna Golubeva, a member of the Union of Arbitration administrators "Sozidaniye".

However, the court received a debtor's objection to the nomination of the arbitration administrator, in which A.V. Sabadash referred to a conflict of interest in the appointment of this nominee, which, in his opinion, precludes the approval of her as financial manager of A.V. Sabadash.

By virtue of para. 5 of Art. 45 of the Bankruptcy Law on the results of the review of information provided by the self-regulating organization of arbitration administrators about the compliance of nominees for arbitration administrator with the requirements provided for in paragraphs 2 - 4 of Article 20 (including the requirements established by the self-regulating organization of arbitration administrators as a condition for membership in it), and Article 20.2 of the said Law, which contains a list of grounds on which the court may refuse to approve the proposed nominee for arbitration administrator (including, among other things, the interest of the nominee in relation to the debtor, creditors), or the nominee of arbitration administrator, the arbitration court approves the administrator who meets such requirements.

Explanations set forth in paragraph 56 of the Resolution of the Plenum of the Supreme Arbitration Court of the Russian Federation "On Certain Procedural Issues Related to Bankruptcy Cases" No. 35 dated 22.06.2012 ("Plenum Resolution No. 35"), instruct arbitration courts, when exercising the functions of approval and dismissal of arbitration administrators provided by the Bankruptcy Law, to proceed from such general goals of court proceedings in arbitration courts as protection of violated rights and legitimate interests of the parties in the proceedings, and prevention of offences in the sphere of entrepreneurial and other economic activities.

This requirement is conditioned by the fact that bankruptcy proceedings are of public-law nature, therefore, in order to achieve the named objective of the institute of bankruptcy the main obligation of the legislator is to provide the maximum possible balance of rights and lawful interests (often diametrically opposed) of persons participating in the bankruptcy case, which, inter alia, is provided through the approval by the court, in accordance with Art. 45 of the Bankruptcy Law, of the arbitration administrator, who is empowered to conduct bankruptcy procedures, which are largely of public-law nature, and whose decisions are binding and have legal consequences for general public.

As a general rule, the choice of arbitration administrator or self-regulating organization of the members of which is subject to approval of the arbitration administrator in the already applied bankruptcy procedure or a change of this refers to the exclusive competence of the creditors' meeting (para. 6 of Art. 12 of the Bankruptcy Law).

According to point 5 of para. 56 of Plenum Resolution No. 35 in order to prevent abuse of right in bankruptcy proceeding the court may not allow a situation where the powers of arbitration administrator has a person in whose competence, integrity or independence the court has substantial and reasonable doubt.

According to point 2 of para. 2 of Art. 20.2 of the Bankruptcy Law one of the reasons for which the arbitration administrator may not be approved as a bankruptcy trustee, is the interest of the arbitration administrator in respect of the debtor and its creditors.

Taking into account the explanations set out in para. 56 of Plenum Resolution No. 35, the court notes that the party objecting to the approval of a certain nominee for arbitration administrator (or self-regulating organization), it is enough to confirm the essential and reasonable doubts about the

independence of the administrator, in other words, to raise reasonable suspicion in the court regarding the suitability of the named nominee, therefore, to reject the nomination of the administrator is not necessary to prove his direct affiliation with the debtor.

Having analysed the case materials, in view of doubts about the independence of the arbitration administrator Y. L. Golubeva, selected by the debtor's creditors to be presented to the court, in order to eliminate doubt about her bad faith, corporate conflict, not to receive priority in approving the nominee for arbitration administrator and control over the bankruptcy procedure, in a specific case, and in order to prevent violations of creditors' rights and the debtor, based on the specific circumstances found by the court in this case, the court concludes that in this case there is a need to consider the issue of approving a diverse candidate for arbitration administrator.

To the case materials was submitted the minutes of the creditors' meeting dated 15.02.2022, according to which the creditors decided to propose to the Arbitration Court of the Moscow Region in the bankruptcy case of the debtor A.V. Sabadash No. A41-100887/19 to approve the candidacy of a financial manager of the debtor A.V. Sabadash - Alexander Ivanovich Gavva, in case the Arbitration Court of the Moscow Region in bankruptcy case No. A41-100887/19 did not approve the candidacy of the arbitration administrator Yulia Leonidovna Golubeva, whose candidacy was approved by the meeting of creditors of the debtor A.V. Sabadash on 15.11.2021.

The materials of the case confirm that the Union of Arbitration Administrator "Self-Regulating Organization "DELO" in accordance with Art. 45 of the Bankruptcy Law provided information on the compliance of the candidacy of Alexander Ivanovich Gavva (INN 561023598503, address for correspondence: 191014, St. Petersburg, P.O. Box 9) with the requirements provided by Articles 20, 20.2 of the Bankruptcy Law, and his consent to appointment. The court sees no reason to disbelieve this information. Circumstances listed in para. 2 of Art. 20.2 of the Bankruptcy Law, by virtue of which an individual can not be a financial manager, the court found no evidence. No evidence to the contrary was presented in the case materials in violation of Art. 65 of the APC RF.

Thus, Gavva Alexander Ivanovich shall be approved as the financial manager in the case of insolvency (bankruptcy) of Alexander Vitalievich Sabadash.

Guided by Articles 184, 185, 223 of the APC RF, the court

ORDERED:

That Alexander Ivanovich Gavva (member of Union of Arbitration Administrator "Self-Regulating Organization "DELO", registration number in the consolidated state register of arbitration administrators 001/289-22, INN 561023598503, address for correspondence: 191014, Saint Petersburg, P.O. Box 9) be approved as the financial manager of Alexander Vitalievich Sabadash.

That the arbitration administrator Tatiana Alekseevna Padalko be obliged to hand over the documentation and other valuables to the financial manager Alexander Ivanovich Gavva within three days. The act of acceptance to be submitted to the court.

The Order is subject to immediate execution and may be appealed to the Tenth Arbitration Court of Appeal within ten days from the date of its production in full.

Judge                                                                                          N.A. Mikhailova

# EXHIBIT  E



Арбитражный суд Московской области
107053, проспект Академика Сахарова, д. 18, г. Москва
http://asmo.arbitr.ru/

**ОПРЕДЕЛЕНИЕ**
о привлечении лиц для обеспечении деятельности арбитражного управляющего

г. Москва
11 октября 2022 года

Дело №А41-100887/19

Резолютивная часть определения объявлена 15 июня 2022 года
Полный текст определения изготовлен 11 октября 2022 года

Арбитражный суд Московской области в составе судьи Михайловой Н.А.,
при ведении протокола судебного заседания секретарем судебного заседания
Гариченко Е.А.,
рассмотрев в судебном заседании в рамках дела о несостоятельности (банкротстве)
Сабадаша Александра Витальевича
заявление финансового управляющего Падалко Татьяны Алексеевны о привлечении
третьих лиц в целях обеспечения осуществления полномочий финансового управляющего,
при участии в судебном заседании: согласно протоколу судебного заседания;

УСТАНОВИЛ:

решением Арбитражного суда Московской области от 17.03.2020 Сабадаш
Александр Витальевич (ИНН 781135778703) признан несостоятельным (банкротом), в
отношении него введена процедура реализации имущества, определением от 10.11.2020
финансовым управляющим должника утверждена Падалко Т.А.
09.07.2021 в суд поступило заявление о привлечении в целях обеспечения
осуществления полномочий финансового управляющего ИП Дупак Дмитрия
Владимировича в целях проведения мероприятий по розыску, обращению взыскания на
имущество должника за счет средств кредитора – «Банк Таврический» АО, с дальнейшим
возмещением за счет имущества должника.
От должника поступил отзыв на заявление, который приобщен к материалам дела.
В соответствии с абзацем 2 части 1 статьи 121 Арбитражного процессуального
кодекса Российской Федерации информация о времени и месте судебного заседания была
опубликована на официальном интернет-сайте http://kad.arbitr.ru.
Исследовав и оценив в совокупности все представленные по делу доказательства,
суд пришел к следующим выводам.
Согласно п. 2 ст. 129 ФЗ «О несостоятельности (банкротстве)», конкурсный
управляющий обязан принимать меры по обеспечению сохранности имущества должника.
Согласно ст. 20.3 Закона о банкротстве арбитражный управляющий в деле о
банкротстве имеет право привлекать для обеспечения возложенных на него обязанностей
в деле о банкротстве на договорной основе иных лиц с оплатой их деятельности за счет
средств должника, если иное не установлено настоящим Федеральным законом,
стандартами и правилами профессиональной деятельности или соглашением
арбитражного управляющего с кредиторами.

В соответствии с п. 2 ст. 20.7 Закона о банкротстве за счет средств должника в размере фактических затрат осуществляется оплата расходов, предусмотренных настоящим Федеральным законом, в том числе почтовых расходов, расходов, связанных с государственной регистрацией прав должника на недвижимое имущество и сделок с ним, расходов на оплату услуг оценщика, реестродержателя, аудитора, оператора электронной площадки, если привлечение оценщика, реестродержателя, аудитора, оператора электронной площадки в соответствии с настоящим Федеральным законом является обязательным, расходов на включение сведений, предусмотренных настоящим Федеральным законом, в Единый федеральный реестр сведений о банкротстве и опубликование таких сведений, а также оплата судебных расходов, в том числе государственной пошлины.

Таким образом, в деле о банкротстве арбитражный управляющий вправе привлекать для обеспечения своей деятельности лиц на основе договорных отношений в пределах тех лимитов, которые прямо установлены в пункте 3 статьи 20.7 Закона о банкротстве.

В связи с необходимостью выявления и обеспечения сохранности имущества должника, финансовый управляющий заявил ходатайство о привлечении специалиста для оказания юридических услуг.

Финансовым управляющим представлен проект договора, который одобрен собранием кредиторов 28.04.2021 и будет заключен между заказчиком и ИП Дупак Д.В. (исполнитель), предусматривающий следующие положения:

Согласно п.1(а) Дополнительного соглашения № к проекту Договора, в соответствии с Договором Стороны договорились о том, что Исполнитель окажет Заказчику следующие юридические и консультационные услуги (далее – «Услуги»):

а)    Описание и объем Услуг:

Исполнитель обязуется на основании данных, предоставленных Заказчиком, выполнить все необходимые юридические и иные действия для подачи от имени Заказчика в компетентные суды Соединенных Штатов Америки и/или Французской Республики (далее – «Суды») иска (или исков) о признании и исполнении на указанных территориях финальных или промежуточных судебных актов (определений, решений, постановлений) судов Российской Федерации, вынесенных в рамках судебного дела № А41-100887/19 и иных процессов, и связанных с обеспечением имущественных требований Заказчика к Должнику, позволяющих наложить арест или запрет на распоряжение имуществом Должника, или вынести «приказ о заморозке активов», или любое аналогичное решение, обеспечивающее выполнение требования Заказчика к Должнику и взыскание активов должника в пользу Заказчика (или иных указанных им лиц), для чего Исполнителю, помимо всего прочего, предоставляется право на:

- поиск и заключение необходимых договоров с любым адвокатом или юридической компанией на территории Соединенных Штатов Америки и/или Французской Республики на сопровождение указанных действий в Суде;

- самостоятельное определение стратегии судебного разбирательства в интересах Заказчика, с уведомлением Заказчика о принятых решениях;

- подачу и получение в пользу Заказчика промежуточных судебных приказов и/или решений Суда, устанавливающих для Должника запрет на распоряжение его имуществом или «приказ о заморозке активов» Должника, или любое аналогичное промежуточное решение или приказ Суда.

В соответствии с п.1(d)(i) Дополнительного соглашения №2 к проекту Договора, базовое Вознаграждение Исполнителю за оказание Услуг Заказчику по настоящему Дополнительному Соглашению составит 200,000 (двести тысяч) евро. В случае необходимости несения дополнительных расходов, связанных с оплатой услуг переводчиков, специалистов и аналогичных лиц в рамках разбирательства в Суде, а также при обязанности Исполнителя уплатить НДС (при уплате в продаж, или любой

аналогичный налог) на территории указанных стран по ставке, установленной применимым законодательством, в рамках оказания Услуг, такие суммы будут дополнительно возмещены Исполнителю Заказчиком;

П.1(d)(ii) Дополнительного соглашения №2 к проекту Договора установлено, что дополнительное Вознаграждение Исполнителю при осуществлении взыскания имущества Должника в пользу Заказчика (или указанных им лиц) составит разницу между 10% (десятью процентами) от суммы взысканных активов Должника и Базового вознаграждения, указанного в пункте 1(d)(i).

Согласно п.1 Приложения №1 к Проекту Договора, в соответствии с Договором Стороны договорились о том, что Исполнитель окажет Заказчику следующие юридические и консультационные услуги (далее – «Услуги»):

а) Описание и объем Услуг: Исполнитель обязуется на основании данных, предоставленных Заказчиком, провести все необходимые и законные мероприятия, направленные на поиск, розыск и установление имущества (недвижимое имущество, доли или акции в юридических лицах, автомобили, иные вещи), возможно принадлежащего Должникам (как определено ниже) на территории следующих юрисдикций (стран):

i. США,

ii. Франция,

iii. Монако (только для недвижимости).

Стороны договорились, что Исполнитель оказывает данные Услуги путем осуществления запросов в открытые государственные и частные реестры юридических лиц и/или недвижимого имущества и/или иные открытые реестры в указанных юрисдикциях, которые не требуют предоставления специальных полномочий и доказательства прав запрашивающего лица на совершение таких запросов. Также Исполнитель обязан провести обработку и систематизацию полученной информации, насколько это возможно.

d) Вознаграждение и порядок выплаты:

За выполнение первоначальных запросов Заказчик выплачивает Исполнителю авансом первоначальное вознаграждение (далее – «Первоначальное Вознаграждение») в размере 3,000 (Три тысячи) евро за каждую юрисдикцию, указанную в подпунктах 1 (a)(i) – 1(a)(ii), и в размере 4,000 (Четыре тысячи) евро за юрисдикцию, указанную в подпункте 1(a)(iii).

В случае обнаружения и получения Исполнителем данных, свидетельствующих об обнаружении информации о каком-либо Должнике в каком-либо из реестров какой-либо из юрисдикций и подтверждающих наличие какого-либо имущества любого из Должников в такой юрисдикции, Заказчик обязуется дополнительно оплатить Исполнителю вознаграждение (далее – «Дополнительное Вознаграждение») в размере 3,000 (Три тысячи) евро за каждую такую юрисдикцию.

Собранием кредиторов должника, проведенном 28.04.2021, принято решение о финансировании конкурсными кредиторами процедуры реализации имущества Сабадаша А.В., в том числе об оплате услуг привлеченных лиц.

В пункте 15 Постановления Пленума ВАС РФ от 23.07.2009 № 60 разъяснено, что пунктами 3, 4 статьи 20.7. Закона о банкротстве установлены лимиты расходов на оплату услуг лиц, привлекаемых арбитражным управляющим для обеспечения своей деятельности.

Предусмотренный указанными нормами Закона о банкротстве лимит расходов распространяется в целом на соответствующую процедуру. При необходимости привлечения лиц, оплата услуг которых приведет к превышению общей суммы расходов на оплату привлеченных лиц, арбитражный управляющий вправе обратиться с соответствующим ходатайством в суд на основании пункта 6 статьи 20.7. Закона о банкротстве. Данное ходатайство рассматривается в порядке, определенном статьей 60 Закона о банкротстве.

По смыслу вышеуказанных нормы права и разъяснений Пленума ВАС РФ такое ходатайство конкурсный управляющий вправе заявить в случае возможного превышения размера лимита расходов, когда будет по факту привлечено соответствующее лицо, оплата услуг которого приведет к превышению общей суммы расходов на оплату привлеченных лиц, установленных в пункте 3 статьи 20.7. Закона о банкротстве.

В целях недопущения превышения размера лимитов расходов, которое может повлечь за собой нарушение прав кредиторов должника, рассчитывающих на получение удовлетворения своих требований за счет конкурсной массы, из которой в том числе осуществляется оплата привлеченных лиц, конкурсный управляющий обязан обратиться в суд с ходатайством в порядке пункта 6 статьи 20.7. Закона о банкротстве.

Арбитражный суд, в свою очередь, выносит определение о привлечении лиц и об установлении размера оплаты их услуг по ходатайству арбитражного управляющего при условии, что арбитражным управляющим доказаны обоснованность их привлечения и обоснованность размера оплаты их услуг (абзац второй пункта 6 статьи 20.7 Закона о банкротстве).

В целях обеспечения осуществления своих полномочий финансовый управляющий считает необходимым заключить договор возмездного оказания услуг с ИП Дупак Д.В. (Исполнитель).

Таким образом, привлечение указанных специалистов, с учетом объема и вида работ, является необходимым и обоснованным.

Руководствуясь статьями 184, 185, 223 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

ОПРЕДЕЛИЛ:

признать обоснованным привлечение ИП Дупак Дмитрия Владимировича в целях обеспечения осуществления полномочий финансового управляющего для проведения мероприятий по розыску имущества должника за счет средств кредитора АО «Банк Таврический», с дальнейшим возмещением за счет имущества должника.

Определение может быть обжаловано в Десятый арбитражный апелляционный суд в десятидневный срок со дня его вынесения.

Судья                                                                        Н.А. Михайлова

Прошито, пронумеровано и скреплено печатью 2 листа(ов)

Арбитражный суд
Московской области
КОПИЯ ВЕРНА
СПЕЦИАЛИСТ
Должность
Подпись      0 6 ИЮЛ 2023
20___ г.



54  12976493



**Commercial Court of the Moscow Region**
107053, prospekt Akademika Sakharova, d. 18, Moscow
http://asmo.arbitr.ru/

**RULING**
**on hiring persons to provide for the activity of the bankruptcy manager**

city of Moscow
October 11, 2022                                                    Case No. A41-100887/19

The operative part of the ruling was announced on June 15, 2022
The full text of the ruling was produced on October 11, 2022

Arbitration Court of the Moscow Region composed of Judge N.A. Mikhaylova,
with the transcript of the court session being kept by the clerk of the court
E.A. Garichenko,
having considered in the court session within the framework of the insolvency (bankruptcy) case
of Aleksandr Vitalyevich Sabadash
the statement of the financial manager Tatyana Alekseevna Padalko on the hiring of third parties
in order to provide for the exercise of the powers of the financial manager, with participation in
the court session; according to the transcript of the court session;

HAS FOUND THAT:

by decision of the Commercial Court of the Moscow Region dated 03/17/2020, Aleksandr
Vitalyevich Sabadash (Taxpayer Identification Number 781135778703) was declared insolvent
(bankrupt), and procedures were introduced in relation to him for the sale of property, and under
the ruling dated 11/10/2020, T.A. Padalko was approved as the financial manager of the debtor.
On 07/09/2021, in order to ensure the exercise of the powers of the financial manager, the
court received an application to hire Sole Proprietor Dmitry Vladimirovich Dupak to carry out
activities to search for and recover the debtor's property at the expense of the creditor — Bank
Tavrichesky JSC, with further compensation at the expense of the debtor's property.
The debtor received a response to the application, which is attached to the case file.
In accordance with paragraph 2 of part 1 of Article 121 of the Code of Commercial Court
Procedure of the Russian Federation, information about the time and place of the court session was
published on the official website http://kad.arbitr.ru.
After examining and evaluating the evidence presented in the case in its entirety, the court
came to the following conclusions.
According to clause 2 of Art. 129 of the Federal Law "On Insolvency (Bankruptcy)", the
bankruptcy manager is obliged to take measures to ensure the safekeeping of the debtor's property.
According to Art. 20.3 of the Bankruptcy Law, a bankruptcy manager in a bankruptcy case
has the right to hire other persons to provide for the obligations assigned to her/him in a bankruptcy
case on a contractual basis with payment for their activities at the expense of the debtor, unless
otherwise provided by this Federal Law, by the standards and rules of professional activity or by
an agreement of the bankruptcy manager with the creditors.

54_12976493

In accordance with clause 2 of Art. 20.7 of the Bankruptcy Law, payment is to take place at the expense of the debtor, in the amount of actual costs, for the costs provided for by this Federal Law, including postal costs, costs associated with state registration of the debtor's rights to real estate and transactions therewith, the costs of paying for the services of an appraiser, registrar, auditor, or the operator of an electronic site, if the hiring of an appraiser, registrar, auditor, or operator of an electronic site is mandatory in accordance with this Federal Law, as well as the costs of including the information provided for by this Federal Law in the Unified Federal Register of Bankruptcy Information and publishing such information, and also payment of court costs, including state fees.

Thus, in a bankruptcy case, a bankruptcy manager has the right to hire persons to provide for the manager's activities on the basis of contractual relations within the limits that are expressly established in clause 3 of Article 20.7 of the Bankruptcy Law.

In connection with the need to identify and ensure the safekeeping of the debtor's property, the financial manager filed a petition to engage a specialist to provide legal services.

The financial manager submitted a draft agreement, which was approved by the meeting of creditors on 04/28/2021 and which will be concluded between the customer and Sole Proprietor D.V. Dupak (the contractor), providing for the following provisions:

Pursuant to clause 1(a) of Additional Agreement No. to the draft Agreement, in accordance with the Agreement, the Parties agreed that the Contractor will provide the Customer with the following legal and consulting services (hereinafter referred to as the "Services"):

a) Description and scope of the Services:

On the basis of the data provided by the Customer, the Contractor agrees to take all necessary legal and other actions to file on behalf of the Customer in the competent courts of the United States of America and/or the French Republic (hereinafter referred to as the "Courts") a lawsuit (or lawsuits) for the recognition and enforcement on the specified territories of the final or intermediate judicial acts (rulings, judgments, decisions) of the courts of the Russian Federation, issued within the framework of court case No. A41-100887/19 and other proceedings, and related to securing the Customer's property claims against the Debtor, making it possible to place a lien upon or prohibit the disposal of the Debtor's property, or to issue an "order on freezing assets," or a similar decision that ensures the fulfillment of the Customer's claim against the Debtor and the recovery of the debtor's assets in favor of the Customer (or other persons indicated by it), for which, among other things, the Contractor is granted the right to:

- search out and conclude the necessary agreements with any lawyer or law firm in the territory of the United States of America and/or the French Republic to support these actions in the Court;

- independently determine the litigation strategy in the interests of the Customer, with the Customer's notification of the decisions made;

- file and obtain in favor of the Customer interlocutory writs and/or decisions of the Court establishing a prohibition on the disposal of the Debtor's property or an "order to freeze assets" of the Debtor, or any similar interlocutory decision or writ of the Court.

In accordance with clause 1(d)(i) of Additional Agreement No. 2 to the draft Agreement, the Base Remuneration to the Contractor for the provision of Services to the Customer under this Additional Agreement will be 200,000 (two hundred thousand) euros. If it is necessary to incur additional costs associated with the payment for the services of translators, specialists and similar persons in the course of proceedings in the Court, as well as if the Contractor is obliged to pay VAT (or sales tax, or any

54_12976493

similar tax) in the territory of the mentioned countries at the rate established by applicable law as part of the provision of the Services, such amounts will be additionally reimbursed to the Contractor by the Customer;

Clause l(d)(ii) of Additional Agreement No. 2 to the draft Agreement established that the additional Compensation to the Contractor when collecting the Debtor's property in favor of the Customer (or persons specified by him) will be the difference between 10% (ten percent) of the amount of the Debtor's recovered assets and the Base Remuneration specified in clause 1(d)( i).

According to clause 1 of Appendix No. 1 to the Draft Agreement, in accordance with the Agreement, the Parties have agreed that the Contractor will provide the Customer with the following legal and consulting services (hereinafter referred to as the "Services"):

a) Description and scope of the Services: The Contractor undertakes, on the basis of the data provided by the Customer, to carry out all necessary and legal measures aimed at searching for, searching out and establishing the property (real estate, shares or shares in legal entities, cars, other items), possibly owned by the Debtors (as defined below) on territories of the following jurisdictions (countries):

    i. USA,

    ii. France,

    iii. Monaco (real estate only).

The Parties have agreed that the Contractor provides these Services by making requests to open public and private registries of legal entities and/or real estate and/or other open registries in the specified jurisdictions that do not require the provision of special powers and proof of the rights of the requesting person to make such requests. The Contractor is also obliged to process and systematize the information received, as far as possible.

d) Remuneration and payment procedure:

For the fulfillment of the initial requests, the Customer shall pay to the Contractor in advance an initial fee (hereinafter referred to as the "Initial Fee") in the amount of 3,000 (Three thousand) euros for each jurisdiction specified in subclauses 1 (a)(i) − 1 (a)(ii), and in the amount of 4,000 (Four thousand) euros for the jurisdiction referred to in subclause l(a)(iii).

In the event that the Contractor discovers and receives data indicating the discovery of information about any Debtor in any of the registers of any of the jurisdictions and confirming the presence of any property of any of the Debtors in such jurisdiction, the Customer undertakes to additionally pay the Contractor a fee (hereinafter referred to as the "Additional Compensation") in the amount of 3,000 (Three thousand) euros for each such jurisdiction.

The meeting of creditors of the debtor, held on 04/28/2021, decided that the bankruptcy creditors would finance the procedures for the sale of the property of A.V. Sabadash, including payment for the services of the persons hired.

Item 15 of Decision No. 60 of the Plenary Panel of the Supreme Commercial Court of the Russian Federation dated 07/23/2009 clarified that clauses 3 and 4 of Article 20.7. of the Bankruptcy Law establishes limits on the costs of paying for the services of persons hired by the bankruptcy manager to provide for their activities.

The limit of expenses provided for by these rules of the Bankruptcy Law applies in general to the corresponding procedures. If it is necessary to hire persons, payment for whose services will exceed the total amount of expenses to pay for the persons hired, the bankruptcy manager has the right to file a corresponding petition with the court on the basis of clause 6 of Article 20.7. of the Bankruptcy Law. This petition is considered in the manner prescribed by Article 60 of the Bankruptcy Law.

54_12976493

Within the meaning of the above rules of the law and the clarifications of the Plenary Panel of the Supreme Commercial Court of the Russian Federation, the bankruptcy manager has the right to file such a petition if the cost limit may be exceeded, when the relevant person is in fact hired, payment for whose services will lead to exceeding the total amount of expenses for paying the hired persons that was set out in clause 3 of Article 20.7. of the Bankruptcy Law.

In order to prevent exceeding the amount of expense limits, which may entail a violation of the rights of the debtor's creditors, who expect to receive satisfaction of their claims at the expense of the bankruptcy estate, from which, among other things, the payment of hired persons is made, the bankruptcy manager is obliged to apply to the court with a petition in accordance with clause 6 of Article 20.7. of the Bankruptcy Law.

The commercial court, in turn, issues a ruling on the hiring of persons and on establishing the amount of payment for their services at the request of the bankruptcy manager, provided that the bankruptcy manager proves the validity of their hiring and the validity of the amount of payment for their services (paragraph two of clause 6 of Article 20.7 of the Bankruptcy Law).

In order to provide for the exercise of their powers, the financial manager considers it necessary to conclude an agreement for the provision of services for a fee with Sole Proprietor D.V. Dupak (the Contractor).

Thus, taking into account the scope and type of work, the hiring of these specialists is necessary and justified.

Guided by Articles 184, 185, and 223 of the Code of Commercial Procedure of the Russian Federation, the commercial court

### HAS RULED AS FOLLOWS:

to recognize as justified the hiring of Sole Proprietor Dmitry Vladimirovich Dupak in order to provide for the exercise of the powers of the financial manager to carry out activities to search for the debtor's property at the expense of the creditor, Bank Tavrichesky JSC, with further compensation at the expense of the debtor's property.

The ruling may be appealed to the Tenth Commercial Court of Appeal within ten days from the date of its issuance.

Judge                                                                              N.A. Mikhaylova



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document the 4-page document attached hereto is, to the best of my knowledge and belief, a true and accurate translation from Russian into English.

Dan McCourt

Sworn to before me this
July 7, 2023

Signature, Notary Public



Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# EXHIBIT  F

Electronically Received 03/21/2023 06:40 PM

Electronically Received 03/21/2023 06:40 PM

1  OLEG STOLYAR (SBN 229265)
   astolyar@loeb.com
2  DAVID BEDDINGFIELD (SBN 308491)
   dbeddingfield@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
4  Los Angeles, CA 90067
   Telephone: 310.282.2000
5  Facsimile: 310.282.2200

6  Attorneys for Plaintiff
   Alexander Ivanovich Gavva

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES

10

11  ALEXANDER IVANOVICH GAVVA              Case No.: 22STCP02581

12          Plaintiff,                     Assigned to Hon. Gregory Keosian
                                           Dept. 61
13          v.
                                           **FIRST AMENDED COMPLAINT FOR:**
14  ALEKSANDR VITALYEVICH SABADASH,
    an individual; and DOES 1 through 10,  **(1) RECOGNITION AND
15  inclusive,                             ENFORCEMENT OF FOREIGN
                                           MONETARY JUDGMENT**
16          Defendants.
                                           Complaint Filed: July 28, 2022
17                                         Trial Date: None Set

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23689379.1
239053-10001                    FIRST AMENDED COMPLAINT

Plaintiff Alexander Ivanovich Gavva ("Plaintiff") is informed and believes and based thereon alleges against defendants Aleksandr Vitalyevich Sabadash ("Mr. Sabadash"), and Does 1 through 10 (collectively "Defendants") as follows:

**NATURE OF THE COMPLAINT**

1.    On March 17, 2020, The Arbitration Court of the Moscow Region of the Russian Federation, (the "Moscow Region Court")[1] issued a judgment against Mr. Sabadash in favor of one of his creditors, Tavrichevsky Bank, for 177,982,892 Russian Rubles, which Judgment was subsequently supplemented on September 7, 2020, by a further award against Mr. Sabadash and in favor of another of his creditors, IFC Capital, for 614,066,612 Russian Rubles.  On September 24, 2020, the Moscow Region Court further increased the judgment against Mr. Sabadash and in favor of Tavrichevsky Bank by the amount of 92,429,753 Russian Rubles in interest, so that the total amount of debt of Mr. Sabadash to Tavrichevsky Bank and IFC Capital (collectively, the "Creditors") is 884,479,257 Russian Rubles (the "Judgment").

2.    The Moscow Region Court subsequently appointed a financial manager (analogous to a receiver under California law) to collect on and enforce the Judgment against Mr. Sabadash and in favor of the Creditors (the "Financial Manager").  On February 22, 2022, the Moscow Region Court appointed Mr. Gavva (the Plaintiff) to serve as the Financial Manager.

3.    Plaintiff is informed and believes that Mr. Sabadash maintains significant assets and funds in California that are recoverable by Plaintiff as a result of the Judgment.  Accordingly, Plaintiff seeks an order pursuant to California's Uniform Foreign Money-Judgment Recognition Act, Cal. Code Civ. Proc. §§ 1713 et seq. (the "Recognition Act") recognizing and enforcing the Judgment of the Moscow Region Court, entering judgment in the dollar amount of that foreign Judgment, along with any available post-judgment interest, costs, and fees.

---

[1] For the sake of clarity, the "Arbitration Court" in the Russian Federation is the name of a civil, judicial court. It does not refer to a non-judicial "arbitration" proceeding as the term might be read to mean in the United States.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23689379.1
239053-10001

2
FIRST AMENDED COMPLAINT

**THE PARTIES**

4.  Plaintiff Alexander Ivanovich Gavva is an individual currently residing in Moscow, Russia.

5.  Defendant Aleksandr Vitalyevich Sabadash is an individual currently incarcerated in the Russian Federation.  Prior to his incarceration, Mr. Sabadash resided in Beverly Hills, California and currently maintains assets in California.

6.  On information and belief, Does 1 through 10 are individuals and/or entities who have participated or assisted in the conduct alleged herein or are otherwise responsible therefor. The identities of these Doe Defendants are not and cannot presently be known to Plaintiff, but these persons and/or entities will be added as named Defendants to this action if and when they are identified.

**JURISDICTION AND VENUE**

7.  This Court has jurisdiction over this action pursuant to Section 1713 et sec. of the Code of Civil Procedure.

8.  Venue is proper in this Court pursuant to California Code of Civil Procedure § 395 because the defendants or some of them resided in Los Angeles County, California at the commencement of this action.  Venue is also proper in this Court because Mr. Sabadash is still a resident of Los Angeles County, as incarceration does not change one's residence, and Mr. Sabadash lived in Beverly Hills, California with his family (who still reside there) for many years, before he was incarcerated in Russia during his visit to that country in 2014.

9.  Venue and jurisdiction also are proper in this Court because Plaintiff is informed and believes that Mr. Sabadash maintains assets in Los Angeles County, including real property, which Plaintiff has a right to possess and execute on as a result of the foreign judgment at issue. The amount in controversy in this action exceeds the jurisdictional minimum of this Court.

**FACTUAL BACKGROUND**

10.  On March 17, 2020 the Moscow Region Court issued the Judgment against Mr. Sabadash. The Judgment arose out of financial misconduct committed by Mr. Sabadash in which he defrauded Tavrichesky Bank Joint-Stock Company ("Tavrichesky Bank") out of over

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23689379.1
239053-10001

3

FIRST AMENDED COMPLAINT

175,000,000 Russian Rubles.  A certified copy of the Moscow Region Court's Judgment, along with the English translation, is attached hereto as "**Exhibit 1**" and incorporated herein by this reference.

11.     In the Judgment, the Moscow Region Court ruled that, as a result of the debt he incurred in connection with his fraudulent conduct, Mr. Sabadash owed approximately 177,982,892 Rubles and that an appointed "Financial Manager" was entitled to collect that amount from Mr. Sabadash for the benefit of creditors, including Tavrichesky Bank.  The Moscow Region Court also ruled that the Judgment was immediately enforceable by the Financial Manager and that the Financial Manager could immediately collect on the 177,982,892 Ruble claim against Mr. Sabadash, including through the forced sale of Mr. Sabadash's assets.

12.     On September 7, 2020, the Moscow Region Court amended the Judgment to include a further award against Mr. Sabadash and in favor of another of his creditors, IFC Capital, for 614,066,612 Russian Rubles.  A certified copy of the amendment to the Judgment, along with the English translation, is attached hereto as "**Exhibit 2**" and incorporated herein by this reference.

13.     On September 24, 2020, the Moscow Region Court further amended the Judgment to add 92,428,753 Rubles of interest to the claim against Mr. Sabadash by Tavrichevsky Bank.  A certified copy of the amendment to the Judgment, along with the English translation, is attached hereto as "**Exhibit 3**" and incorporated herein by this reference.

14.     Thus, the total amount the Financial Manager is entitled to collect against Mr. Sabadash in favor of his Creditors pursuant to the Judgment is 884,479,257 Rubles.  This equates to approximately $14,021,548 United States Dollars as of the date of the complaint.

15.     On February 22, 2022, the Moscow Region Court further amended the Judgment to appoint Plaintiff as the Financial Manager in place of the prior financial manager.  Accordingly, pursuant to the Judgment, Plaintiff has the right to collect 884,479,257 Rubles (equal to $14,021,548 US dollars) from Mr. Sabadash.

16.     The Judgment is final, conclusive, and fully enforceable in the Russian Federation.

17.     To date, Plaintiff has been unable to recover any of the amounts due to Plaintiff from Mr. Sabadash.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23689379.1
239053-10001

4

FIRST AMENDED COMPLAINT

## **FIRST CAUSE OF ACTION**

### **Recognition and Enforcement of a Foreign Judgment**

#### (Against All Defendants)

18.     Plaintiff realleges and incorporates herein by reference each of the allegations contained elsewhere in this complaint as though fully set forth herein.

19.     The Russian Federation is a "foreign country," as defined in California Code of Civil Procedure section 1714.

20.     The Judgment is a "foreign country judgment," as defined in California Code of Civil Procedure section 1714.

21.     The Judgment, which was duly entered in the Russian Federation, is enforceable in California pursuant to the Code of Civil Procedure §§ 1713, *et seq.* (the "Recognition Act").

22.     The Judgment is a "foreign country judgment" that is final, conclusive, and enforceable under the laws of the Russian Federation, the jurisdiction where it was rendered.

23.     The Judgment was rendered under a judicial system that provides impartial tribunals or procedures compatible with the requirements of due process of law.

24.     The Moscow Region Court had subject matter jurisdiction over the case and personal jurisdiction over Mr. Sabadash, for reasons including, but not limited to, the fact that Mr. Sabadash engaged in business activities in the Russian Federation, has resided in the Russian Federation, and the majority of the facts giving rise to the litigation which resulted in the Judgment took place in the Russian Federation.

25.     The Judgment awards a recovery of a sum of money, but is not a judgment for taxes, a fine or other penalty.

26.     None of the discretionary grounds for denying recognition to a foreign judgment enumerated in Section 1716(c) of the Recognition Act are applicable to the recognition of the Judgment.

a.     Notice of the Russian proceedings giving rise to the Judgment was provided to Mr. Sabadash in sufficient time to enable him to present his case;

b.     The Judgment was not obtained by fraud;

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

c.      The Judgment and the cause of action and the claim on which is it based are not repugnant to the public policy of California or of the United States;

d.      The Judgment does not conflict with any other final and conclusive judgment;

e.      The proceeding giving rise to the Judgment was not contrary to any agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that court;

f.      The Moscow Region Court's jurisdiction was not based only on personal service and, in any case, the court was not an inconvenient forum for trial of that action;

g.      The Judgment was not rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the Judgment;

h.      The proceeding before the Moscow Region Court in which the Judgment was obtained was fully compatible with the requirements of due process of law; and, without limitation

i.      The Judgment does not include any recovery for a claim of defamation.

27.     The Judgment is final, conclusive, and enforceable in the Russian Federation where it was rendered, and it therefor meets the requirements of Sections 1715, 1716 and related provisions of the California Code of Civil Procedure and, thus, should be recognized and is enforceable in California.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, in the alternative as necessary, as follows:

1.      For an order declaring that the Judgment is entitled to recognition under the Uniform Foreign Money-Judgments Recognition Act, Cal. Code Civ. Proc. §§ 1713, *et seq.*, and that Plaintiff is entitled to enforce it the State of California;

2.      For recognition of the Judgment and entry of a California judgment awarding recovery of money to Plaintiff in the amount of 884,479,257 Rubles (equal to $14,021,548 US dollars), as well as any other related and allowable relief under the Judgment;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23689379.1
239053-10001

6

FIRST AMENDED COMPLAINT

3.      For compensatory damages in an amount to be determined at trial;

4.      For costs, interest and attorney's fees, if and to the extent allowed by law;

5.      All other relief as this Court may deem just and proper.


Dated:  March 21, 2023                          LOEB & LOEB LLP
                                                OLEG STOLYAR
                                                DAVID BEDDINGFIELD


                                                By:    _/s/ Oleg Stolyar_____
                                                       OLEG STOLYAR
                                                       Attorneys for Plaintiff
                                                       Alexander Ivanovich Gavva

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

23689379.1

239053-10001

7

FIRST AMENDED COMPLAINT

1

## DEMAND FOR A JURY TRIAL

2          Plaintiff Alexander Ivanovich Gavva hereby requests a trial by jury on any and all issues

3     triable by right to a jury.

4

5     Dated:  March 21, 2023                          LOEB & LOEB LLP
                                                       OLEG STOLYAR
6                                                      DAVID BEDDINGFIELD

7

8                                                      By:    _/s/ Oleg Stolyar_____
                                                             OLEG STOLYAR
                                                             Attorneys for Plaintiff
9                                                            Alexander Ivanovich Gavva

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23689379.1
239053-10001

8
FIRST AMENDED COMPLAINT

# EXHIBIT 1



28_9478334



СУДЕБНЫЙ АКТ
ПОСТУПИЛ В ЗАКОННУЮ СИЛУ
И.О. судьи *Шиханова Н.И.*
Подпись *И*
07 октября 20 20 г.

**Арбитражный суд Московской области**
Проспект Академика Сахарова, дом 18, город Москва, ГСП-6, Россия, 107053
http://www.asmo.arbitr.ru/
**Именем Российской Федерации**
Р Е Ш Е Н И Е

г. Москва
17 марта 2020 года

Дело № А41-100887/19

Резолютивная часть решения объявлена 17.03.2020
Решение в полном объеме изготовлено 17.03.2020

Арбитражный суд Московской области в составе судьи Трошиной Ю.В.,
при ведении протокола судебного заседания секретарем судебного заседания       Стеблевец А.Д.,
рассмотрев в судебном заседании заявление заявления акционерного общества «Таврический Банк о признании  Сабадаш Александра Витальевича
(12.04.1965 года рождения, уроженца г. Ленинграда, зарегистрированного по адресу: Московская область, Красногорский район, с. Дмитровское, ул. Дачная, д.79, кв. 2; ИНН 781135778703) несостоятельным (банкротом),
при участии в судебном заседании: согласно протоколу судебного заседания:

**установил:**

кредитор обратился в Арбитражный суд Московской области с заявлением о признании должника несостоятельным (банкротом).

В арбитражный суд от саморегулируемой организации поступила письменная информация о соответствии кандидатуры арбитражного управляющего требованиям, предусмотренным статьями 20 и 20² Федерального закона № 127-ФЗ, для утверждения в деле о банкротстве с приложением к ней документов, в том числе, согласие кандидата на его утверждение финансовым управляющим, от УИПСУ ФСИН России – дополнительные документы, а также от заявителя – дополнительные документы.

Судом указанные документы приобщены к материалам дела.

Представитель заявителя представил суду подлинный исполнительный лист, который возвращен ему судом после обозрения, пояснил свою позицию, заявленные требования поддержал в полном объеме.

Иные лица, участвующие в деле, извещены надлежащим образом о времени и месте судебного заседания, возражения по существу требования не поступили.

В соответствии с абзацем 2 части 1 статьи 121 Арбитражного процессуального кодекса Российской Федерации (далее по тексту - АПК РФ) информация о времени и месте судебного заседания опубликована на официальном интернет-сайте картотека арбитражных дел http://kad.arbitr.ru.

Как следует из пояснений заявителя и материалов дела, согласно приговору Смольнинского районного суда Санкт-Петербурга от 24.10.2017 по делу № 1-153/2017, оставленного без изменения апелляционным определением Санкт-Петербургского городского суда от 07.08.2018, Сабадаш А.В., Сомов С.А., Гаркуша Д.В. признаны виновными в совершении преступления, предусмотренного ч. 4 ст. 159 УК РФ, с указанных лиц солидарно взыскано в пользу кредитора 189.521 850 рублей.

09.04.2019 МРОСП по ИОИП УФССП по Санкт-Петербургу в отношении Сабадаша А.В. возбуждено исполнительное производство № 14503/19/78022-ИП.

В соответствии со справкой МРОСП по ИОИП по Санкт-Петербургу от 06.11.2019, денежные средства в погашение задолженности не поступали.

09.04.2019 МРОСП по ИОИП УФССП по Санкт-Петербургу в отношении Сомова С.А. возбуждено исполнительное производство № 14505/19/78022-ИП. В соответствии со справкой МРОСП по ИОИП УФССП по Санкт-Петербургу от 06.11.2019, в погашение задолженности по исполнительному производству поступило 6 715 151,86 рублей.

Гаркуша Д.В. признан несостоятельным (банкротом) в рамках дела о банкротстве № А56-23285/2017, находящегося в производстве Арбитражного суда города Санкт-Петербурга и Ленинградской области. В соответствии со справкой финансового управляющего Гаркуши Д.В. – Рудакова Р.А. от 06.11.2019 погашение задолженности в рамках дела о банкротстве не осуществлялось.

До настоящего времени установленная судебным актом задолженность должником не погашена.

Указанные обстоятельства послужили основанием для обращения кредитора в порядке, предусмотренном действующим законодательством, в арбитражный суд с заявлением о признании несостоятельным (банкротом) должника.

Исследовав материалы дела, суд пришёл к выводу об удовлетворении заявленных требований по следующим основаниям.

В соответствии со статьёй 213.3 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее – Закон о банкротстве) правом на обращение в арбитражный суд с заявлением о признании гражданина банкротом обладают гражданин, конкурсный кредитор, уполномоченный орган. Заявление о признании гражданина банкротом принимается арбитражным судом при условии, что требования к гражданину составляют не менее чем пятьсот тысяч рублей и указанные требования не исполнены в течение трёх месяцев с даты, когда они должны быть исполнены, если иное не предусмотрено настоящим Федеральным законом.

Пунктом 1 статьи 213.5 Закона о банкротстве предусмотрено, что заявление о признании гражданина банкротом может быть подано конкурсным кредитором или уполномоченным органом при наличии решения суда, вступившего в законную силу и подтверждающего требования кредиторов по денежным обязательствам.

Задолженность должника перед заявителем превышает 500 000 рублей, обязанность по ее оплате не исполнена в течение трех месяцев с даты, когда она должна быть исполнено.

Следовательно, заявление кредитора является обоснованным, задолженность перед кредиторами на дату судебного заседания не погашена.

Исходя из изложенного, суд приходит к выводу о наличии у должника признаков банкротства.

На депозит арбитражного суда заявителем внесены средства на выплату вознаграждения финансовому управляющему в сумме 25 000 руб.

В силу статьи 213.2 Закона о банкротстве при рассмотрении дела о банкротстве гражданина применяются реструктуризация долгов гражданина, реализация имущества гражданина, мировое соглашение.

Статьей 213.3 Закона о банкротстве установлено, что план реструктуризации долгов гражданина может быть представлен в отношении задолженности гражданина, соответствующего следующим требованиям:

гражданин имеет источник дохода на дату представления плана реструктуризации его долгов;

гражданин не имеет неснятой или непогашенной судимости за совершение умышленного преступления в сфере экономики и до даты принятия заявления о признании гражданина банкротом истек срок, в течение которого гражданин считается подвергнутым административному наказанию за мелкое хищение, умышленное уничтожение или повреждение имущества либо за фиктивное или преднамеренное банкротство;

гражданин не признавался банкротом в течение пяти лет, предшествующих представлению плана реструктуризации его долгов;

план реструктуризации долгов гражданина в отношении его задолженности не утверждался в течение восьми лет, предшествующих

2                                           28_9478334

представлению этого плана.

Под неплатежеспособностью гражданина понимается его неспособность удовлетворить в полном объеме требования кредиторов по денежным обязательствам и (или) исполнить обязанность по уплате обязательных платежей.

Если не доказано иное, гражданин предполагается неплатежеспособным при условии, что имеет место хотя бы одно из следующих обстоятельств:

гражданин прекратил расчеты с кредиторами, то есть перестал исполнять денежные обязательства и (или) обязанность по уплате обязательных платежей, срок исполнения которых наступил;

более чем десять процентов совокупного размера денежных обязательств и (или) обязанности по уплате обязательных платежей, которые имеются у гражданина и срок исполнения которых наступил, не исполнены им в течение более чем одного месяца со дня, когда такие обязательства и (или) обязанность должны быть исполнены;

размер задолженности гражданина превышает стоимость его имущества, в том числе права требования;

наличие постановления об окончании исполнительного производства в связи с тем, что у гражданина отсутствует имущество, на которое может быть обращено взыскание.

Если имеются достаточные основания полагать, что с учётом планируемых поступлений денежных средств, в том числе доходов от деятельности гражданина и погашения задолженности перед ним, гражданин в течение непродолжительного времени сможет исполнить в полном объеме денежные обязательства и (или) обязанность по уплате обязательных платежей, срок исполнения которых наступил, гражданин не может быть признан неплатежеспособным.

По результатам рассмотрения обоснованности заявления о признании гражданина банкротом, если гражданин не соответствует требованиям для утверждения плана реструктуризации долгов, установленным пунктом 1 статьи 213.13 настоящего Федерального закона, арбитражный суд вправе на основании ходатайства гражданина вынести решение о признании его банкротом и введении процедуры реализации имущества гражданина (пункт 8 статьи 213.6 Федерального закона № 127-ФЗ).

Кредитор ходатайствовал о введении процедуры реализации имущества.

Суд считает возможным ввести названную процедуру, исходя из следующего.

В силу абзаца 3 пункта 1 статьи 213.13 Федерального закона от 26.10.2002 № 127-ФЗ "О несостоятельности (банкротстве)" (далее - Закон о банкротстве) план реструктуризации долгов гражданина может быть представлен в отношении задолженности гражданина, соответствующего следующим требованиям, в частности, гражданин не имеет неснятой или непогашенной судимости за совершение умышленного преступления в сфере экономики и до даты принятия заявления о признании гражданина банкротом истек срок, в течение которого гражданин считается подвергнутым административному наказанию за мелкое хищение, умышленное уничтожение или повреждение имущества либо за фиктивное или преднамеренное банкротство.

Из приговора Смольнинского районного суда Санкт-Петербурга от 24.10.2017 по делу № 1-153/2017 следует, что Сабадаш А.В., Сомов С.А., Гаркуша Д.В. признаны виновным в совершении преступления, предусмотренного ч. 4 ст. 159 УК РФ.

Данные виды преступлений относятся к преступлениям в сфере экономики, что исключает возможность применения в отношении должника процедуры банкротства – реструктуризация долгов гражданина, так как данное обстоятельство противоречит требованиям пункта 1 статьи 213.3 Закона о банкротстве.

При таких обстоятельствах, суд приходит к выводу, что должник не соответствует требованиям для утверждения плана реструктуризации долгов, установленным пунктом 1 статьи 213.13 Федерального закона № 127-ФЗ, является неплатежеспособным, вследствие чего заявление кредитора о признании Сабадаш А.В. банкротом и открытии процедуры реализации имущества являются обоснованными.

Согласно пункту 4 статьи 213.4 Федерального закона № 127-ФЗ заявления саморегулируемая организация представила к утверждению кандидатуру с заключением о его соответствии требованиям статей 20 и 20.2 Федерального закона № 127-ФЗ, который изъявил своё желание быть финансовым управляющим должника, поэтому суд считает возможным утвердить его финансовым управляющим должника с ежемесячным вознаграждением, предусмотренным статьей 20.6 Федерального закона № 127-ФЗ, за счёт денежных средств и иного имущества должника.

Обязанность по уплате заявленной кредитором задолженности возникла у должника до даты принятия судом заявления о признании должника банкротом, данное денежное обязательство не является текущим, соответственно оно подлежит включению в третью очередь реестра требований кредиторов.

На основании изложенного, обоснованное требование в заявленном размере считается установленным и подлежит включению в третью очередь реестра требований кредиторов должника.

Руководствуясь статьями 167-170, 176, 223 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

**решил:**

признать обоснованным заявление акционерного общества «Таврический Банк».

Признать Сабадаш Александра Витальевича (12.04.1965 года рождения, уроженца г. Ленинград, зарегистрированного по адресу: Московская область, Красногорский район, с. Дмитровское, ул. Дачная, д.79, кв. 2; ИНН 781135778703) несостоятельным (банкротом).

Ввести процедуру реализации имущества гражданина сроком на шесть месяцев – до 17.09.2020.

Утвердить финансовым управляющим Жовтоножко Олега Владимировича, члена Некоммерческого партнерства арбитражных управляющих «ОРИОН», ИНН 510503938019, регистрационный номер в реестре 13713, почтовый адрес: 195027, г. Санкт-Петербург, ул. Шепетовская, д. 7, кв. 100, с вознаграждением установленным законом.

Финансовому управляющему:

- немедленно приступить к исполнению обязанностей, предусмотренных пунктом 8 статьи 213.9 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)»;

- представить в суд доказательства публикации сведений о признании гражданина банкротом и введении процедуры реализации имущества гражданина в газете «Коммерсантъ» и включения указанных сведений в Единый Федеральный реестр сведений о банкротстве;

- не позднее чем за пять дней до судебного заседания представить в арбитражный суд отчет о своей деятельности, сведения о финансовом состоянии гражданина.

Включить требования акционерного общества «Таврический Банк» задолженность в размере 177 982 892, 13 рублей – основной долг, в третью очередь реестра требований кредиторов должника Сабадаш Александра Витальевича.

Назначить судебное заседание по рассмотрению отчёта о результатах реализации имущества гражданина, по вопросу продления или завершения процедуры реализации имущества на **10 сентября 2020 года в 11 часов 05 минут** в помещении суда по адресу: проспект Академика Сахарова, дом 18, город Москва, зал судебных заседаний № 506, телефон 8(499)975-21-70.

Решение подлежит немедленному исполнению и может быть обжаловано в течение месяца со дня его вынесения в Десятый арбитражный апелляционный суд через Арбитражный суд Московской области.

Судья                                                                                                                          Ю.В. Трошина



*/Перевод с русского языка/*
*/Translation from Russian into English/*

[Stamp: JUDICIAL DEED
HAS ENTERED INTO LEGAL FORCE
Full name of the Judge N.A. Mikhailova
Signature  <signature>
October 07, 2020]

[Round official seal: The Arbitration Court of
Moscow Region]
/Coat of arms of the Russian Federation/

**Stamp: COPY**
28_9478334

**The Arbitration Court of Moscow Region**
Akademika Sakharova Avenue, 18, Moscow, GSP-6, Russia, 107053
http //:www. asmo. arbitr.ru/
**In the name of the Russian Federation**
**RESOLUTION**

Moscow
March 17, 2020                                                                                                    Case No.A41-100887/19
The operative part of the decision was announced on 17/03/2020
The full Resolution was made on 17/03/2020
        The Arbitration Court of Moscow Region composed of judge Yu. V. Troshina,
with taking the minutes of the court session by the Secretary of the Court Session A. D. Steblevets,
having considered in the court session the application of Tavrichesky Bank Joint-Stock Company on the recognition of Aleksandr Vitalyevich Sabadash (date of birth: 12/04/1965, a native of Leningrad, registered at the address: Moscow Region, Krasnogorsky District, Dmitrovskoye village, Dachnaya street, 79, apt. 2; INN 781135778703) insolvent (bankrupt), the participants in a court session: according to the minutes of the court session;

**has found that:**
        the creditor appealed to the Arbitration Court of Moscow Region with an application for declaring the debtor insolvent (bankrupt).
        The Arbitration Court received written information from the self-regulatory organization on the compliance of the candidacy of the arbitration manager with the requirements provided for in Articles 20 and $20^2$ of Federal Law No.127-03, for approval in a bankruptcy case, with documents attached to it, including the candidate's consent to his approval as the Financial Manager, additional documents from the Administration of Sentence Execution and Special Registration of the Federal Penitentiary Service of Russia, as well as additional documents from the applicant.
        The court attached these documents to the case file.
        The applicant's representative presented to the court the original writ of execution, which was returned to him by the court after review, explained his position, and supported the stated claims in full.
        Other persons participating in the case were duly notified of the time and place of the court session, and no objections were received on the merits of the claims.
        In accordance with paragraph 2 of Part 1 of Article 121 of the Arbitration Procedure Code of the Russian Federation (hereinafter referred to as the APC of the Russian Federation), the time and place of the court session are published on the official website of the card file of Arbitration Case File Database, http://kad.arbitr.ru.
        As follows from the applicant's explanations and the case materials, according to the verdict of the Smolninsky District Court of Saint Petersburg of 24/10/2017 in case No.1-153/2017 left unchanged by the appeal ruling of Saint Petersburg City Court of 07/08/2018, A.V. Sabadash, S. A. Somov, D. V. Garkusha were found guilty of committing a crime under Part 4 of Article 159 of the Criminal Code of the Russian Federation, and the amount of 189,521,850 rubles was collected from these persons (jointly) in favor of the creditor.
        On 09/04/2019, the IDDB for ESEP of the AFBS (the Interdistrict Department of Bailiffs for Execution of Special Enforcement Proceedings of the Administration of the Federal Bailiff Service) for Saint Petersburg initiated enforcement proceedings No. 14503/19/78022-ИП in respect of A.V. Sabadash.
        In accordance with the certificate issued by the IDDB for ESEP of the AFBS for Saint Petersburg dated 06/11/2019, no funds were received to repay the debt.
        On 09/04/2019, the IDDB for ESEP of the AFBS (the Interdistrict Department of Bailiffs for Execution of Special Enforcement Proceedings of the Administration of the Federal Bailiff Service) for Saint Petersburg initiated enforcement proceedings No.14505/19/78022-ИП in respect of S.A. Somov. In accordance with the certificate issued by the IDDB for ESEP of the AFBS for Saint Petersburg dated 06/11/2019, 6,715,151.86 rubles were received as debt repayment under the enforcement proceedings.
        D. V. Garkusha was declared insolvent (bankrupt) in the framework of the bankruptcy case No.A56-23285/2017, which is examined by the Arbitration Court of the City of Saint Petersburg and the Leningrad Region. In accordance with the certificate issued by R. A. Rudakov, the Financial Manager of D. V. Garkusha, dated 06/11/2019, the debt in the framework of the bankruptcy case was not repaid.
        To date, the debt established by the judicial deed has not been repaid by the debtor.
        These circumstances served as the basis for the creditor's filing an application to the Arbitration Court for declaring the debtor insolvent (bankrupt) in accordance with the procedure provided for by the current legislation.
        Having examined the materials of the case, the court concluded that the stated claims were subject to satisfaction, on the following grounds.
        In accordance with Article 213.3 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as the Bankruptcy Law), an individual, a bankruptcy creditor, or an authorized body have the right to apply to an Arbitration Court for declaring an individual bankrupt. An application for declaring an individual bankrupt is accepted by the Arbitration Court if the claims against the individual amount to at least five hundred thousand rubles and the specified claims are not fulfilled within three months from the date when they are due, unless otherwise provided by this Federal Law.
        Clause 1 of Article 213.5 of the Bankruptcy Law provides that an application for declaring an individual bankrupt may be filed by a bankruptcy creditor or an authorized body if there is a court decision that has entered into legal force and confirms the creditors' claims in respect of financial obligations.
        The debtor's debt to the applicant exceeds 500,000 rubles, the obligation to pay it has not been fulfilled within three months from the due date.
        Therefore, the creditor's application is justified, the debt to the creditors has not been repaid as of the date of the court session.
        Based on the above, the court concludes that the debtor has signs of bankruptcy.
        The applicant deposited funds in the amount of 25,000 rubles for the payment of remuneration to the Financial Manager.
        By virtue of article 213.2 of the Bankruptcy Law, when considering a bankruptcy case of an individual, the measures applied include the restructuring of the individual's debts, the sale of their property, and a settlement agreement.
        Article 213.3 of the Bankruptcy Law stipulates that a plan for the restructuring of a citizen's debts may be submitted in respect of a citizen's debt that meets the following requirements:
        the citizen has a source of income as of the date of submission of the debt restructuring plan;
        the individual does not have an unexpunged or unspent conviction for committing an intentional financial crime and the period during which the individual is considered to be subject to administrative punishment has expired before the date when the application to recognize the individual as bankrupt was accepted for petty theft, intentional destruction or damage to property, or for fictitious or intentional bankruptcy;
        the individual was not declared bankrupt during the five years preceding the submission of the plan for the restructuring of their debts;
        no plans to restructure the individual's debts in respect of his indebtedness was approved during the eight years preceding the submission of the current plan.

Stamp: **COPY**

2

28_9478334

The insolvency of an individual is understood as their inability to fully satisfy the creditors' claims for monetary obligations and/or fulfill the obligation to pay mandatory payments.

Unless proven otherwise, an individual is considered to be insolvent provided that at least one of the following circumstances occurs:

the individual has terminated settlements with creditors, i.e., they have stopped fulfilling financial obligations and/or the obligation to make compulsory payments which have become due and payable;

more than ten percent of the total amount of monetary obligations and/or the obligation to pay mandatory payments that an individual has and the deadline for the fulfillment of which has come, has not been fulfilled by them within one month from the day when such obligations and/or liability have become due and payable;

the amount of individual's debt exceeds the value of their property, including the right of claim;

the presence of a resolution on the termination of enforcement proceedings due to the fact that the individual does not have property that can be foreclosed on.

If there are sufficient grounds to believe that, taking into account the planned receipts of funds, including income from the activities of the individual and the repayment of debts to them, the individual will be able to fulfill in full the financial obligations and/or the obligation to pay mandatory payments that become due and payable, the individual cannot be recognized as insolvent.

Based on the results of the review of the validity of the application for declaring an individual bankrupt, if the individual does not meet the requirements for approving the debt restructuring plan established by clause 1 of Article 213.13 of this Federal Law, the Arbitration Court may, on the basis of the individual's request, make a decision on declaring the individual bankrupt and introducing the procedure for selling the individual's property (clause 8 of Article 213.6 of Federal Law No.127-ФЗ).

The creditor applied for the introduction of the property sale procedure.

The Court considers it possible to introduce the said procedure on the basis of the following.

By virtue of paragraph 3 of clause 1 of Article 213.13 of Federal Law No.127-ФЗ of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as the Bankruptcy Law), a plan for restructuring an individual's debt may be submitted in respect of an individual's debt that meets the following requirements, in particular, the individual does not have an unexpunged or unspent conviction for committing an intentional financial crime and the period during which the individual is considered to be subject to administrative punishment has expired before the date when the application to recognize the individual as bankrupt was accepted for petty theft, intentional destruction or damage to property, or for fictitious or intentional bankruptcy.

From the verdict of Smolninsky District Court of Saint Petersburg of 24/10/2017 in case No.1-153/2017, it follows that A.V. Sabadash, S. A. Somov, V.Ó. Garkusha were found guilty of committing a crime under Part 4 of Article 159 of the Criminal Code of the Russian Federation.

These types of crimes are financial crimes, which excludes the possibility of applying restructuring of the individual's debts as the bankruptcy procedure in respect of the debtor, since this circumstance contradicts the requirements of clause 1 of Article 213.3 of the Bankruptcy Law.

In such circumstances, the court concludes that the debtor does not meet the requirements for approval of the debt restructuring plan established by paragraph 1 of Article 213.13 of Federal Law No.127-ФЗ, and is insolvent, and, therefore, the creditor's application for recognition of A.V. Sabadash as bankrupt and the opening of the property sale procedure are justified.

According to paragraph 4 of Article 213.4 of Federal Law No.127-ФЗ, the declared self- regulatory organization submitted a candidate for approval with an opinion on their compliance with the requirements of Articles 20 and 20.2 of Federal Law No. 127-ФЗ, and the candidate expressed their desire to be the debtor's Financial Manager, so the court considers it possible to approve him as the debtor's Financial Manager with a monthly remuneration provided for in Article 20.6 of Federal Law No.127-ФЗ, at the expense of the debtor's funds and other property.

The debtor's obligation to pay the debt claimed by the creditor arose before the date when the court accepted the application for declaring the debtor bankrupt, this monetary obligation is not current, accordingly, it is subject to inclusion, third in line, into the register of the creditors' claims.

Based on the above, a reasonable claim in the declared amount is considered established and is subject to inclusion, third in line, in the register of claims of the debtor's creditors.

Guided by Articles 167-170, 176, 223 of the Arbitration Procedure Code of the Russian Federation, the Arbitration Court

#### has resolved as follows:

recognize the statement of Tavrichesky Bank Joint-Stock Company as justified.

To recognize Aleksandr Vitalyevich Sabadash (date of birth: 12/04/1965, a native of Leningrad, registered at the address: Moscow Region, Krasnogorsky District, Dmitrovskoye village, Dachnaya street 79, Apt. 2; INN 781135778703) insolvent (bankrupt).

To introduce the procedure for the sale of the individual's property for a period of six months, until 17/09/2020.

To approve Oleg Vladimirovich Zhovtonozhko, a member of ORION Non-Profit Partnership of Arbitration Managers, INN 510503938019, registration number in the register: 13713, postal address: 195027, Saint Petersburg, Shepetovskaya street, 7, apt. 100, with remuneration established by law.

To the Financial Manager:

- to immediately begin to perform the duties provided for in clause 8 of Article 213.9 of Federal Law No.127-ФЗ of 26/10/2002 "On Insolvency (Bankruptcy)";

- to provide the Arbitration Court with a proof of publication of information on the recognition of a citizen bankrupt and introduction of the procedure of sale of assets of the citizen in Kommersant newspaper and the inclusion of this information in the United Federal Register of Bankruptcy Data;

- not later than 5 days before the hearing, to submit to the Arbitration Court the report on its activities, the information about the financial position of the citizen.

To include the claims of Tavrichesky Bank Joint-Stock Company in respect of a debt in the amount of 177,982,892.13 rubles, the principal debt, third in line in the register of claims of creditors of the debtor Aleksandr Vitalyevich Sabadash.

Schedule a court session to review the report on the results of the sale of the individual's property, on the issue of extending or completing the property sale procedure **for September 10, 2020 at 11:05 a.m.** in the courtroom at the address: Akademika Sakharova Avenue, 18, Moscow, courtroom No. 506, telephone 8(499) 975-21-70.

The decision is subject to immediate execution and may be appealed against within one month from the date of the decision to the Tenth Arbitration Court of Appeal through the Arbitration Court of Moscow Region.

The Judge                    *<signature>*                    Yu. V. Troshina

[Stamp: Arbitration Court of Moscow Region
TRUE COPY
SENIOR SPECIALIST
Position A.A. Vinogradova
JUNE 24, 2022]



Переводчик _____

**Российская Федерация**

**Город Москва**

**Двадцать восьмого июня две тысячи двадцать второго года**

Я, Алексеева Светлана Александровна, нотариус города Москвы, свидетельствую подлинность подписи переводчика Сербигешевой Ольги Анатольевны.
Подпись сделана в моем присутствии.
Личность подписавшего документ установлена.

Зарегистрировано в реестре: № **77/1467-н/77-2022-** *4-1328*

Уплачено за совершение нотариального действия: 400 руб. 00 коп.

С.А. Алексеева

Прошито, пронумеровано и
скреплено печатью
*три* листов
Нотариус

# EXHIBIT 2

28_9996204





**Арбитражный суд Московской области**
Проспект Академика Сахарова, дом 18, город Москва, ГСП-6, Россия, 107053
http://www.asmo.arbitr.ru/
**ОПРЕДЕЛЕНИЕ**
о включении в реестр требований кредиторов

г. Москва
07 сентября 2020 года

Дело № А41-100887/19

Резолютивная часть определения объявлена 01.09.2020
Определение в полном объеме изготовлено 07.09.2020

Арбитражный суд Московской области в составе судьи Трошиной Ю.В.,
при ведении протокола судебного заседания помощником судьи Бириной А.О.,
рассмотрев в судебном заседании заявление общества с ограниченной ответственностью «МФЦ Капитал»
о включении в реестр требований кредиторов,
в рамках настоящего дела о несостоятельности (банкротстве) Сабадаш Александра Витальевича,
при участии в судебном заседании: согласно протоколу судебного заседания,

**установил:**

решением Арбитражного суда Московской области по делу №А41-100887/19 от 17.03.2020 Сабадаш Александр Витальевич (12.04.1965 года рождения, уроженец г. Ленинграда, зарегистрированный по адресу: Московская область, Красногорский район, с. Дмитровское, ул. Дачная, д. 79, кв. 2; ИНН 781135778703) признан несостоятельным (банкротом), в отношении него введена процедура реализации имущества гражданина. Финансовым управляющим утвержден Жовтоножко Олег Владимирович.

Публикация о введении в отношении должника процедуры наблюдения произведена в газете «Коммерсантъ» от 28.03.2020.

22.05.2020 ООО «МФЦ Капитал» в порядке, предусмотренном статьями 71, 100 Закона о банкротстве обратилось в Арбитражный суд Московской области с заявлением о включении в реестр требований кредиторов должника задолженности.

В арбитражный суд от финансового управляющего поступило ходатайство об отложении судебного заседания, приобщено к материалам дела.

Представитель заявителя заявленные требования поддержал в полном объеме ,представил дополнительные документы, которые приобщены к материалам дела, требование о приостановлении производства по делу не поддержал, ходатайствовал о его не рассмотрении.

В соответствии со статьей 158 Арбитражного процессуального кодекса Российской Федерации (далее – АПК РФ) арбитражный суд может отложить рассмотрение дела, если признает, что оно не может быть рассмотрено в данном судебном заседании, в том числе вследствие неявки кого-либо из лиц, участвующих в деле, а также при удовлетворении ходатайства стороны об отложении судебного разбирательства.

Между тем, все доказательства, необходимые для рассмотрения дела в данном судебном заседании, в материалах дела наличествуют.

Более того, отложение судебного заседания является правом, а не обязанностью суда (статья 158 АПК РФ).

При таких обстоятельствах, ходатайство финансового управляющего об отложении судебного заседания подлежит отклонению, как необоснованное.

Иные лица, участвующие в деле, извещены надлежащим образом о времени и месте судебного заседания, возражений по существу требований не поступали.

В соответствии с абзацем 2 части 1 статьи 121 Арбитражного процессуального кодекса Российской Федерации (далее по тексту - АПК РФ) информация о времени и месте судебного заседания опубликована на официальном интернет-сайте картотека арбитражных дел http://kad.arbitr.ru.

Из материалов дела следует, что согласно вступившему в законную силу решению Мещанского районного суда города Москвы от 24.05.2016 по делу № 2-3356/2016 с должника в пользу Банка ВТБ (ПАО) взыскана задолженность по кредитному соглашению № КС-701107/2007/00026 от 28.06.2007 и договору поручительства № ДП-670100/2010/00010 от 27.01.2010 в размере 347 587, 41 евро в рублевом эквиваленте по курсу Центрального банка Российской Федерации на дату фактического исполнения судебного акта, задолженность по кредитному соглашению № КС-670100/2010/00013 от 17.02.2010 и договору поручительства № ДП-670100/2010/00017 от 17.02.2010 в размере 7 073 157, 15 евро в рублевом эквиваленте по курсу Центрального банка Российской Федерации на дату фактического исполнения судебного акта, расходы по госпошлине в размере 60 000 рублей.

Определением Мещанского районного суда города Москвы от 06.05.2020 по делу № 2-3356/2016 произведена замена стороны истца с Банка ВТБ (ПАО) на его правопреемника – ООО «МФЦ Капитал».

До настоящего времени должник задолженность перед кредитором не погасил.

Указанные обстоятельства послужили основанием для обращения кредитора в порядке, предусмотренном действующим законодательством, в том числе, статьями 71, 100, 142 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее - Федеральный закон № 127-ФЗ), в арбитражный суд с заявленными требованиями.

Исследовав материалы дела, суд приходит к выводу, что заявление о включении в реестр требований кредиторов должника задолженности подлежит удовлетворению по следующим основаниям.

Частью 1 статьи 223 АПК РФ и статьей 32 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее – по тексту – Федеральный закон № 127-ФЗ) определено, что дела о банкротстве рассматриваются арбитражным судом по правилам, предусмотренным Кодексом, с особенностями, установленными федеральными законами, регулирующими вопросы о несостоятельности (банкротстве).

1

КОПИЯ

2

28_9996204

В соответствии со статьями 100, 142 Федерального закона № 127-ФЗ кредиторы вправе предъявить свои требования к должнику в течение двух месяцев с даты опубликования сообщения об открытии конкурсного производства. Указанные требования направляются в арбитражный суд и конкурсному управляющему с приложением судебного акта или иных документов, подтверждающих обоснованность этих требований. Указанные требования включаются в реестр требований кредиторов на основании определения арбитражного суда о включении указанных требований в реестр требований кредиторов.

В силу пунктов 3 - 5  статьи 71 Федерального закона № 127-ФЗ проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

Согласно разъяснениям Пленума Высшего Арбитражного Суда Российской Федерации, данным в абзаце первом пункта 26 Постановления от 22.06.2012 № 35 «О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве» в силу пунктов 3-5 статьи 71 и пунктов 3 - 5  статьи 100 Федерального закона № 127-ФЗ проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

При установлении требований кредиторов в деле о банкротстве судам следует исходить из того, что установленными могут быть признаны только требования, в отношении которых представлены достаточные доказательства наличия и размера задолженности.

Таким образом, в деле о банкротстве включение в реестр требований кредиторов должника возможно только в случае установления действительного наличия обязательства у должника перед кредитором, которое подтверждено соответствующими доказательствами.

При рассмотрении обоснованности требований кредиторов подлежат проверке доказательства возникновения задолженности в соответствии с материально-правовыми нормами, которые регулируют обязательство, не исполненные должником.

В соответствии с процессуальными правилами доказывания (статьи 65, 68 АПК РФ) заявитель обязан доказать допустимыми доказательствами правомерность своих требований.

Согласно частям 1, 2 статьи 71 АПК РФ арбитражный суд оценивает доказательства по своему внутреннему убеждению, основанному на всестороннем, полном, объективном и непосредственном исследовании имеющихся в деле доказательств; арбитражный суд оценивает относимость, допустимость, достоверность каждого доказательства в отдельности, а также достаточность и взаимную связь доказательств в их совокупности.

Требование заявителя основано на вступившем в законную силу судебном акте.

Частью 2 и частью 3 статьи 69 АПК РФ определено, что обстоятельства, установленные вступившим в законную силу судебным актом арбитражного суда по ранее рассмотренному делу, не доказываются вновь при рассмотрении арбитражным судом другого дела, в котором участвуют те же лица, кроме того, вступившее в законную силу решение суда общей юрисдикции по ранее рассмотренному гражданскому делу обязательно для арбитражного суда, рассматривающего дело, по вопросам об обстоятельствах, установленных решением суда общей юрисдикции и имеющих отношение к лицам, участвующим в деле.

Из приведённой выше нормы следует, что вышеназванный судебный акт имеет преюдициальное значение при рассмотрении по существу данного дела.

В связи с преюдициальным значением для настоящего дела, вступившего в законную силу судебного акта, не подлежат доказыванию вышеуказанные обстоятельства.

Доказательств исполнения данного судебного акта и погашения задолженности не представлено.

В материалах дела отсутствуют доказательства исполнения своих обязательств должником надлежащим образом.

Согласно абзацу 4 пункта 1 статьи 4 Закона о банкротстве, состав и размер денежных обязательств, требований о выплате выходных пособий и (или) об оплате труда лиц, работающих или работавших по трудовому договору, и обязательных платежей, выраженных в иностранной валюте, определяются в рублях по курсу, установленному Центральным банком Российской Федерации, на дату введения каждой процедуры, применяемой в деле о банкротстве и следующей после наступления срока исполнения соответствующего обязательства.

Требование заявителя составляет 7 420 744, 56 евро, что по курсу, установленному Центральным банком Российской Федерации, на дату введения процедуры реализации имущества, составляет 614 066 612, 34 рублей.

Размер и основания возникновения задолженности судом проверен и признан обоснованным ввиду предоставления кредитором в материалы дела соответствующих доказательств.

Следовательно, кредитор представил необходимые документы в обоснование заявленного требования и суд полагает, что кредитор доказал правомерность и обоснованность заявленных требований.

Таким образом, с учётом срока возникновения обязательства, характера составляющих его платежей и даты обращения в суд требование подлежит включению в третью очередь реестра требований кредиторов должника.

Руководствуясь статьями 184, 185, 223 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

**определил:**

включить требование общества с ограниченной ответственностью «МФЦ Капитал» в реестр требований кредиторов Сабадаш Александра Витальевича задолженность в размере 614 066 612,34 рублей – основной долг, в третью очередь.

Определение может быть обжаловано в Десятый арбитражный апелляционный суд в течение десяти дней.

Судья                                                                                                                                    Ю.В. Трошина



*Перевод с русского на английский язык/*
*/Translation from Russian into English/*

Stamp: JUDICIAL DEED
HAS ENTERED INTO LEGAL FORCE
Full name of the Judge N.A. Mikhailova
Signature  <signature>
September 22, 2020]

[Round official seal: The Arbitration Court of
Moscow Region]

*/Coat of arms of the Russian Federation/*

**Stamp: COPY**
28_9996204

**The Arbitration Court of Moscow Region**
Akademika Sakharova Avenue, 18, Moscow, GSP-6, Russia, 107053
http://www.asmo.arbitr.ru/
**RULING**
**on the Inclusion in the Register of Creditors' Claims**

Moscow
September 07, 2020

Case No. A41 -100887/19

The operative part of the ruling was announced on 01/09/2020
The ruling in full was made on 07/09/2020

The Arbitration Court of Moscow Region composed of judge Yu. V. Troshina,
with minutes of the court session being kept by A. O. Birina, Assistant Judge,
having considered in the court session the application of MFC Capital Limited Liability Company
on the inclusion in the register of creditors' claims,
in the context of this case on the insolvency (bankruptcy) of Aleksandr Vitalyevich Sabadash,
the participants in a court session: according to the minutes of the court session,

**has found that:**

by the decision of the Arbitration Court of Moscow Region in case No.A41-100887/19 of 17/03/2020, Aleksandr Vitalyevich Sabadash (date of birth: 12/04/1965, place of birth: Leningrad, registered at: Moscow Region, Krasnogorsky District, Dmitrovskoye village, Dachnaya street, 79, apt. 2; INN 781135778703) was declared insolvent (bankrupt), and the procedure for selling the property of an individual was introduced in respect of him. Oleg Vladimirovich Zhovtonozhko was approved as the Financial Manager.

The publication on the introduction of the monitoring procedure in relation to the debtor was made in Kommersant Newspaper on 28/03/2020.

On 22/05/2020 MFC Capital, LLC used the procedure provided for in Articles 71, 100 of the Bankruptcy Law to apply to the Arbitration Court of Moscow Region for the inclusion of a debt in the register of creditors' claims of a debtor.

The Arbitration Court received a petition from the Financial Manager to postpone the court session; the petition is attached to the case file.

The applicant's representative supported the stated claims in full, submitted additional documents that are attached to the case file, did not support the request to suspend the proceedings in the case, and requested that it not be considered.

In accordance with Article 158 of the Arbitration Procedure Code of the Russian Federation (hereinafter referred to as the APC of the Russian Federation), the Arbitration Court may postpone the consideration of a case if it recognizes that it can't be considered at the specific court session, including due to the non-appearance of any of the persons participating in the case, as well as when the court satisfies a party's request to postpone the proceedings.

Meanwhile, all the evidence necessary for the consideration of the case in this court session is present in the case materials.

Moreover, the court has the right but not an obligation to postpone the proceedings (Article 158 of the APC of the Russian Federation).

In such circumstances, the Financial Manager's request for adjournment of the court session is subject to rejection as unfounded.

Other persons participating in the case were duly notified of the time and place of the court session, and no objections were received on the merits of the claims.

In accordance with paragraph 2 of Part 1 of Article 121 of the Arbitration Procedure Code of the Russian Federation (hereinafter referred to as the APC of the Russian Federation), the time and place of the court session are published on the official website of the card file of Arbitration Case File Database, http://kad.arbitr.ru.

It follows from the materials of the case that according to the decision of Meshchansky District Court of Moscow of 24/05/2016 in case No.2-3356/2016, the debtor was charged, in favor of VTB Bank (PJSC) under Loan Agreement No. KC-701107/2007/00026 as of 28/06/2007 and Guarantee Agreement No.ДП-670100/2010/00010 of 27/01/2010, the amount of 347,587.41 euros in ruble equivalent at the exchange rate of the Central Bank of the Russian Federation on the date of the actual performance of the judicial deed, Credit Agreement No.KC-670100/2010/00013 of 17/02/2010, and Guarantee Agreement No.KC-670100/2010/00017 dated 17/02/2010 in the amount of 7,073,157.15 euros in ruble equivalent at the exchange rate of the Central Bank of the Russian Federation on the date of the actual performance of the court act, state duty expenses in the amount of 60,000 rubles.

By the ruling of Meshchansky District Court of Moscow dated 06/05/2020 in case No.2-3356/2016, the plaintiff's side VTB Bank (PJSC) was replaced by its legal successor - MFC Capital, LLC.

To date, the debtor has not repaid the debt to the creditor.

These circumstances served as the grounds for the creditor's appeal to the Arbitration Court in accordance with the procedure provided for by the current legislation, including Articles 71, 100, and 142 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as Federal Law No. 127-03) with the stated claims.

Having examined the materials of the case, the court concludes that the application for inclusion of the debt in the register of creditors' claims of the debtor is subject to satisfaction on the following grounds.

Part 1 of Article 223 of the APC of the Russian Federation and Article 32 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as Federal Law No. 127-03) determines that bankruptcy cases are considered by the Arbitration Court according to the rules provided for in the Code, taking into account the specifics established by federal laws regulating issues of insolvency (bankruptcy).

*Перевод с русского языка на английский язык/*
*/Translation from Russian into English/*

Stamp: COPY

2

28_9996204

In accordance with Articles 100, 142 of Federal Law No.127-03, creditors have a right to submit their claims against the debtor within two months from the date of publication of the notice on the bankruptcy proceedings opening. The claims are sent to the Arbitration Court and the bankruptcy trustee with the attachment of a judicial deed or other documents confirming validity of these claims. These claims are included in the register of creditors' claims on the basis of the Arbitration Court's ruling on the inclusion of these claims in the register of creditors' claims.

By virtue of paragraphs 3 to 5 of Article 71 of Federal Law No.127-03, the validity and amount of creditors' claims are checked by the court regardless of whether there are differences in respect of these claims between the debtor and the persons entitled to file the objections, of the one part, and the creditor who filed the claim, of the other part.

According to the explanations of the Plenum of the Supreme Arbitration Court of the Russian Federation given in the first paragraph of clause 26 of Resolution No.35 of 22/06/2012 "On Some Procedural Issues Related to the Consideration of Bankruptcy Cases", by virtue of clauses 3-5 of Article 71 and clauses 3-5 of Article 100 of Federal Law No.127-03, the validity and the amount of creditors' claims are checked by the court regardless of whether there are disagreements regarding these claims between the debtor and the persons entitled to file relevant objections, of the one part, and the creditor who filed the claim, of the other part.

When establishing the claims of creditors in a bankruptcy case, the courts should proceed from the fact that only claims in respect of which sufficient evidence of the existence and the amount of the debt can be recognized as established.

Thus, in a bankruptcy case, the inclusion in the register of creditors' claims of the debtor is possible only if it is established that the debtor has a valid obligation to the creditor, which must be confirmed by appropriate evidence.

When considering the validity of creditors' claims, the evidence of the occurrence of debt is subject to verification in accordance with the rule of substantive law that governs the obligations not fulfilled by the debtor.

In accordance with the procedural rules of proof (Articles 65, 68 of the APC of the Russian Federation), the applicant is obliged to prove the legality of their claims with admissible evidence.

According to parts 1, 2 of Article 71 of the APC of the Russian Federation, the Arbitration Court evaluates the evidence according to its inner conviction, based on a comprehensive, complete, objective and immediate study of the evidence available in the case; the Arbitration Court evaluates the relevance, admissibility, and reliability of each evidence separately, as well as the sufficiency and mutual connection of the evidence in their entirety.

The applicant's claim is based on an effective judicial deed.

Part 2 and Part 3 of Article 69 of the APC of the Russian Federation stipulate that the Arbitration Court does not prove the circumstances established by a judicial act of the Arbitration Court that has entered into legal force in a previously considered case again when the Arbitration Court considers another case involving the same persons, and the decision of the court of general jurisdiction that has entered into legal force in a previously considered civil case is mandatory for the Arbitration Court considering the case, on the issues concerning the circumstances established by the decision of the court of general jurisdiction and related to the persons participating in the case.

It follows from the above rule that the above-mentioned judicial act has a prejudicial value in the consideration of the merits of the case.

In connection with the prejudicial value of a judicial act which has entered into legal force for the case under consideration, the above-mentioned circumstances do not have to be proved.

No evidence of the performance of the judicial act and the repayment of the debt was provided.

The case file contains no evidence of the debtor's proper performance of their obligations.

According to paragraph 4 of clause 1 of Article 4 of the Bankruptcy Law, the composition and amount of monetary obligations, claims for payment of severance payments and/or remuneration of persons who work or worked under employment contracts, and mandatory payments expressed in foreign currency, are determined in rubles at the exchange rate established by the Central Bank of the Russian Federation on the date of introduction of each procedure applied in a bankruptcy case and following the date established as the period for the performance of the obligation.

The applicant's claim amounts to 7,420,744.56 euros, which is 614,066,612.34 rubles at the exchange rate fixed by the Central Bank of the Russian Federation on the date of the introduction of the property sale procedure.

The amount and the grounds for the occurrence of the debt were checked by the court and recognized as justified due to the fact that the creditor provided corresponding evidence for the case file.

Therefore, the creditor has submitted the necessary documents in support of the claim filed and the court considers that the creditor has proved the legality and validity of the claims.

Thus, taking into account the period of occurrence of the obligation, the nature of the payments included into it and the date of the appeal to the court, the claim is subject to inclusion third in line into the register of claims of the debtor's creditors.

Guided by Articles 184, 185, 223 of the Arbitration Procedure Code of the Russian Federation, the Arbitration Court

**has ruled:**

to include the claim of MFC Capital Limited Liability Company in the register of creditors' claims to Aleksandr Vitalyevich Sabadash a debt in the amount of 614,066,612.34 rubles, being the principal amount of the debt, third in line.

The ruling may be appealed against to the Tenth Arbitration Court of Appeal within ten days.

The Judge                                    *<signature>*                                    Yu. V. Troshina

[Stamp: Arbitration Court of Moscow Region
TRUE COPY
SENIOR SPECIALIST
Position A.A. Vinogradova
JUNE 24, 2022]

Переводчик _____

**Российская Федерация**

**Город Москва**

**Двадцать восьмого июня две тысячи двадцать второго года**

Я, Алексеева Светлана Александровна, нотариус города Москвы, свидетельствую подлинность подписи переводчика Сербигешевой Ольги Анатольевны.
Подпись сделана в моем присутствии.
Личность подписавшего документ установлена.

Зарегистрировано в реестре: № **77/1467-н/77-2022-** *4-1330*

Уплачено за совершение нотариального действия: 400 руб. 00 коп.

С.А. Алексеева

Прошито, пронумеровано и
скреплено печатью
____ листов
Нотариус _____

# EXHIBIT 3





28_10060363

КОПИЯ

**Арбитражный суд Московской области**
Проспект Академика Сахарова, дом 18, город Москва, ГСП-6, Россия, 107053
http://www.asmo.arbitr.ru/
**ОПРЕДЕЛЕНИЕ**
о включении в реестр требований кредиторов

г. Москва
24 сентября 2020 года                                                          Дело № А41-100887/19

Резолютивная часть определения объявлена 17.09.2020
Определение в полном объеме изготовлено 24.09.2020

Арбитражный суд Московской области в составе судьи Трошиной Ю.В.,
при ведении протокола судебного заседания секретарем судебного заседания          Стеблевец А.Д.,
рассмотрев в судебном заседании заявление акционерного общества «Таврический банк»
о включении в реестр требований кредиторов,
в рамках настоящего дела о несостоятельности (банкротстве) Сабадаш Александра Витальевича,
при участии в судебном заседании: согласно протоколу судебного заседания,

**установил:**

решением Арбитражного суда Московской области по делу №А41-100887/19 от 17.03.2020 Сабадаш Александр Витальевич (12.04.1965 года рождения, уроженец г. Ленинград, зарегистрированный по адресу: Московская область, Красногорский район, с. Дмитровское, ул. Дачная, д. 79, кв. 2; ИНН 781135778703) признан несостоятельным (банкротом), в отношении него введена процедура реализации имущества гражданина. Финансовым управляющим утвержден Жовтоножко Олег Владимирович.

Публикация о введении в отношении должника процедуры наблюдения произведена в газете «Коммерсантъ» от 28.03.2020.

02.04.2020 АО «Таврический банк» в порядке, предусмотренном статьями 71, 100 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» 18.04.2019 обратилась в Арбитражный суд Московской области с заявлением о включении в реестр требований кредиторов должника задолженности.

Представитель заявителя заявленные требования поддержал в полном объеме.

Иные лица, участвующие в деле, извещены надлежащим образом о времени и месте судебного заседания, возражений по существу требований не поступали.

В соответствии с абзацем 2 части 1 статьи 121 Арбитражного процессуального кодекса Российской Федерации (далее по тексту - АПК РФ) информация о времени и месте судебного заседания опубликована на официальном интернет-сайте картотеки арбитражных дел http://kad.arbitr.ru.

Как следует из пояснений заявителя и материалов дела, согласно приговору Смольнинского районного суда Санкт-Петербурга от 24.10.2017 по делу № 1-153/2017, оставленного без изменения апелляционным определением Санкт-Петербургского городского суда от 07.08.2018, Сабадаш А.В., Сомов С.А., Гаркуша Д.В. признаны виновным в совершении преступления, предусмотренного ч. 4 ст. 159 УК РФ, с указанных лиц солидарно взыскано в пользу кредитора 189 521 850 рублей.

09.04.2019 МРОСП по ИОИП УФССП по Санкт-Петербургу в отношении Сабадаша А.В. возбуждено исполнительное производство № 14503/19/78022-ИП.

В соответствии со справкой МРОСП по ИОИП по Санкт-Петербургу от 06.11.2019, денежные средства в погашение задолженности не поступали.

09.04.2019 МРОСП по ИОИП УФССП по Санкт-Петербургу в отношении Сомова С.А. возбуждено исполнительное производство № 14505/19/78022-ИП. В соответствие со справкой МРОСИП по ИОИП УФССП по Санкт-Петербургу от 06.11.2019, в погашение задолженности по исполнительному производству поступило 6 715 151,86 рублей.

Гаркуша Д.В. признан несостоятельным (банкротом) в рамках дела о банкротстве № А56-23285/2017, находящегося в производстве Арбитражного суда города Санкт-Петербурга и Ленинградской области. В соответствии со справкой финансового управляющего Гаркуши Д.В. – Рудакова Р.А. от 06.11.2019 погашение задолженности в рамках дела о банкротстве не осуществлялось.

Решением Арбитражного суда Московской области по делу №А41-100887/19 от 17.03.2020 требования акционерного общества «Таврический Банк» задолженность в размере 177 982 892, 13 рублей – основной долг включена в третью очередь реестра требований кредиторов должника Сабадаша Александра Витальевича.

Кредитором произведено начисление процентов на сумму основного долга.

До настоящего времени должник задолженность перед кредитором не погасил.

Указанные обстоятельства послужили основанием для обращения кредитора в порядке, предусмотренном действующим законодательством, в том числе, статьями 71, 100, 142 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее - Федеральный закон № 127-ФЗ), в арбитражный суд с заявленными требованиями.

Исследовав материалы дела, суд приходит к выводу, что заявление о включении в реестр требований кредиторов должника задолженности подлежит частичному удовлетворению по следующим основаниям.

Частью 1 статьи 223 Арбитражного процессуального кодекса Российской Федерации (далее – АПК РФ) и статьей 32 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее – Закон о банкротстве) определено, что дела о банкротстве рассматриваются арбитражным судом по правилам, предусмотренным Кодексом, с особенностями, установленными федеральными законами, регулирующими вопросы о несостоятельности (банкротстве).

2                                    28_10060363

КОПИЯ

В соответствии со статьей 213.8 Закона о банкротстве для целей включения в реестр требований кредиторов и участия в первом собрании кредиторов конкурсные кредиторы, в том числе кредиторы, требования которых обеспечены залогом имущества гражданина, и уполномоченный орган вправе предъявить свои требования к гражданину в течение двух месяцев с даты опубликования сообщения о признании обоснованным заявления о признании гражданина банкротом в порядке, установленном статьей 213.7 настоящего Федерального закона. В случае пропуска указанного срока по уважительной причине он может быть восстановлен арбитражным судом.

В силу пунктов 3-5 статьи 71 Закона о банкротстве проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

Согласно разъяснениям Пленума Высшего Арбитражного Суда Российской Федерации, данным в абзаце первом пункта 26 Постановления от 22.06.2012 № 35 «О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве» в силу пунктов 3-5 статьи 71 и пунктов 3 - 5 статьи 100 Федерального закона № 127-ФЗ проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

При установлении требований кредиторов в деле о банкротстве судам следует исходить из того, что установленными могут быть признаны только требования, в отношении которых представлены достаточные доказательства наличия и размера задолженности.

Таким образом, в деле о банкротстве включение в реестр требований кредиторов должника возможно только в случае установления действительного наличия обязательства у должника перед кредитором, которое подтверждается соответствующими доказательствами.

При рассмотрении обоснованности требований кредиторов подлежат проверке доказательства возникновения задолженности в соответствии с материально-правовыми нормами, которые регулируют обязательства, не исполненные должником.

В соответствии с процессуальными правилами доказывания (статьи 65, 68 АПК РФ) заявитель обязан доказать допустимыми доказательствами правомерность своих требований.

Согласно частям 1, 2 статьи 71 АПК РФ арбитражный суд оценивает доказательства по своему внутреннему убеждению, основанному на всестороннем, полном, объективном и непосредственном исследовании имеющихся в деле доказательств; арбитражный суд оценивает относимость, допустимость, достоверность каждого доказательства в отдельности, а также достаточность и взаимную связь доказательств в их совокупности.

Пунктом 1 статьи 4 Закона о банкротстве предусмотрено, что состав и размер денежных обязательств, требований о выплате выходных пособий и (или) об оплате труда лиц, работающих или работавших по трудовому договору, и обязательных платежей, возникших до принятия арбитражным судом заявления о признании должника банкротом и заявленных после принятия арбитражным судом такого заявления, определяются на дату введения первой процедуры, применяемой в деле о банкротстве.

Пунктом 1 статьи 395 ГК РФ установлено, что в случаях неправомерного удержания денежных средств, уклонения от их возврата, иной просрочки в их уплате подлежат уплате проценты на сумму долга. Размер процентов определяется ключевой ставкой Банка России, действовавшей в соответствующие периоды. Эти правила применяются, если иной размер процентов не установлен законом или договором.

Кредитором произведен расчет процентов с 24.12.2013 по 17.03.2020 включительно.

Согласно абзацу 4 пункта 2 статьи 213.11 Закона о банкротстве с даты вынесения арбитражным судом определения о признании обоснованным заявления о признании гражданина банкротом и введении реструктуризации его долгов начисление неустоек (штрафов, пеней) и иных финансовых санкций, а также процентов по всем обязательствам гражданина, за исключением текущих платежей прекращается.

В пункте 42 Постановления Пленума Высшего Арбитражного Суда Российской Федерации от 22.06.2012 N 35 "О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве" разъяснено, что если в судебном заседании была объявлена только резолютивная часть судебного акта о введении процедуры, применяемой в деле о банкротстве, то датой введения процедуры будет дата объявления резолютивной части).

В рассматриваемом случае, процедура реализации имущества гражданина в отношении должника введена 17.03.2020 (резолютивная часть), следовательно, с указанной даты прекращаются начисления неустоек (штрафов, пеней) и иных финансовых санкций.

Таким образом, проценты подлежат начислению с 24.12.2013 по 16.03.2020 включительно.

Кредитор представил необходимые документы в обоснование заявленного требования и суд полагает, что кредитор доказал правомерность и обоснованность заявленных требований в части.

Таким образом, с учётом срока возникновения обязательства, характера составляющих его платежей и даты обращения в суд требование подлежит частичному удовлетворению.

Руководствуясь статьями 184, 185, 223 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

### определил:

заявленные требования удовлетворить частично.

Включить требование акционерного общества «Таврический банк» в реестр требований кредиторов Сабадаш Александра Витальевича задолженность в размере 92 428 753, 33 рублей – проценты, в третью очередь.

В удовлетворении остальной части требований отказать.

Определение может быть обжаловано в Десятый арбитражный апелляционный суд в течение десяти дней.

Судья                                                                Ю.В. Трошина

Арбитражный суд
Московской области
КОПИЯ ВЕРНА
Должность СТ. СПЕЦИАЛИСТ
Подпись ВИНОГРАДОВА А.А.
2 4 ИЮН 2022 г.

[Stamp: JUDICIAL DEED
HAS ENTERED INTO LEGAL FORCE
Full name of the Judge N.A. Mikhailova
Signature <signature>
October 09, 2020]

[Round official seal: The Arbitration Court of
Moscow Region]

/Coat of arms of the Russian Federation/

**Stamp: COPY**
28 10060363

**The Arbitration Court of Moscow Region**
Akademika Sakharova Avenue, 18, Moscow, GSP-6, Russia, 107053
http ://www. asmo .arbitr.ru/
**RULING**
**on the Inclusion in the Register of Creditors' Claims**

Moscow
September 24, 2020

Case No. A41 -100887/19

The operative part of the ruling was announced on 17/09/2020
The ruling in full was made on 24/09/2020

The Arbitration Court of Moscow Region composed of judge Yu.V. Troshina,
with taking the minutes of the court session by the Secretary of the Court Session A. D. Steblevets,
having considered at the court session the application of Tavrichesky Bank Joint-Stock Company
for its inclusion in the register of creditors' claims, in the context of this case on the insolvency (bankruptcy) of Aleksandr Vitalyevich
Sabadash, the participants in a court session: according to the minutes of the court session,

**has found that:**

by the decision of the Arbitration Court of Moscow Region in case No.A41-100887/19 of 17/03/2020, Aleksandr Vitalyevich
Sabadash (date of birth: 12/04/1965, place of birth: Leningrad, registered at: Moscow Region, Krasnogorsky District, Dmitrovskoye village,
Dachnaya street, 79, apt. 2; INN 781135778703) was declared insolvent (bankrupt), and the procedure for selling the property of an individual
was introduced in respect of him. Oleg Vladimirovich Zhovtonozhko was approved as the Financial Manager.

The publication on the introduction of the monitoring procedure in relation to the debtor was made in Kommersant newspaper on
28/03/2020.

02/04/2020, on 18/04/2019, Tavrichesky Bank, JSC, acting in accordance with the procedure provided for in Articles 71, 100 of
Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" filed an application to the Arbitration Court of Moscow Region with
an application for the inclusion of a debt in the register of creditors' claims of the debtor.

The representative of the applicant supported the stated requirements in full.

Other persons participating in the case were duly notified of the time and place of the court session, and no objections were received
on the merits of the claims.

In accordance with paragraph 2 of Part 1 of Article 121 of the Arbitration Procedure Code of the Russian Federation (hereinafter
referred to as the APC of the Russian Federation), the time and place of the court session are published on the official website of the card
file of Arbitration Case File Database, http://kad.arbitr.ru.

As follows from the applicant's explanations and the case materials, according to the verdict of Smolninsky District Court of Saint
Petersburg of 24/10/2017 in case No.1-153/2017 left unchanged by the appeal ruling of the Saint Petersburg City Court of 07/08/2018, A.V.
Sabadash, S.A. Somov, D.V. Garkusha were found guilty of committing a crime under Part 4 of Article 159 of the Criminal Code of the
Russian Federation, and the amount of 189,521,850 rubles was collected from these persons (jointly) in favor of the creditor.

On 09/04/2019 the IDDB for ESEP of the AFBS (the Interdistrict Department of Bailiffs for Execution of Special Enforcement
Proceedings of the Administration of the Federal Bailiff Service) for Saint Petersburg initiated enforcement proceedings No.
14503/19/78022-ИП in respect of A. V. Sabadash.

In accordance with the certificate issued by the IDDB for ESEP of the AFBS for Saint Petersburg dated 06/11/2019, no funds were
received to repay the debt.

On 09/04/2019, the IDDB for ESEP of the AFBS (the Interdistrict Department of Bailiffs for Execution of Special Enforcement
Proceedings of the Administration of the Federal Bailiff Service) for Saint Petersburg initiated enforcement proceedings No.
14505/19/78022-ИП in respect of S.A. Somov. In accordance with the certificate issued by the IDDB for ESEP of the AFBS for Saint
Petersburg dated 06/11/2019, 6,715,151.86 rubles were received as debt repayment under the enforcement proceedings.

D.V. Garkusha was declared insolvent (bankrupt) in the framework of the bankruptcy case No. A56-23285/2017, which is examined
by the Arbitration Court of the City of Saint Petersburg and the Leningrad Region. In accordance with the certificate issued by R. A. Rudakov,
the financial manager of D. V. Garkusha, dated 06/11/2019, the debt in the framework of the bankruptcy case was not repaid.

By the decision of the Arbitration Court of Moscow Region in case No.A41-100887/19 of 17/03/2020, the claim of Tavrichesky
Bank Joint-Stock Company in respect of the debt in the amount of 177,982,892.13 rubles, being the principal debt, is included, third in line,
in the register of claims of creditors of the debtor, Aleksandr Vitalyevich Sabadash.

The lender has accrued interest on the amount of the principal debt.

To date, the debtor has not repaid the debt to the creditor.

These circumstances served as the grounds for the creditor's appeal to the Arbitration court in accordance with the procedure provided
for by the current legislation, including Articles 71, 100, and 142 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)"
(hereinafter referred to as Federal Law No.127-03) with the stated claims.

Having examined the materials of the case, the court concludes that the application for inclusion of the debt in the register of creditors'
claims of the debtor is subject to partial satisfaction on the following grounds.

Part 1 of Article 223 of the Arbitration Procedure Code of the Russian Federation (hereinafter referred to as the APC of the Russian
Federation) and Article 32 of Federal Law No.127-03 of 26/10/2002 "On Insolvency (Bankruptcy)" (hereinafter referred to as Federal Law
No.127-03) determines that bankruptcy cases are considered by the Arbitration Court according to the rules provided for in the Code, taking
into account the specifics established by federal laws regulating insolvency (bankruptcy) issues.

In accordance with Article 213.8 of the Bankruptcy Law, for the purposes of inclusion in the register of creditors' claims and participation in the first creditors' meeting, bankruptcy creditors, including creditors whose claims are secured by the pledge of the individual's property, and the authorized body has the right to submit its claims to a citizen within two months from the date of publication on the recognition of the application for declaring an individual bankrupt as justified in accordance with the procedure established by Article 213.7 of this Federal Law. If a claim was not submitted on or before the due date for a valid reason, it may be accepted by the Arbitration court.

By virtue of paragraphs 3 to 5 of Article 71 of the Bankruptcy Law, the validity and amount of creditors' claims are checked by the court regardless of whether there are differences in respect of these claims between the debtor and the persons entitled to file the objections, of the one part, and the creditor who filed the claim, of the other part.

According to the explanations of the Plenum of the Supreme Arbitration Court of the Russian Federation given in the first paragraph of clause 26 of Resolution No.35 of 22/06/2012 "On Some Procedural issues Related to the Consideration of Bankruptcy Cases", by virtue of clauses 3-5 of Article 71 and clauses 3-5 of Article 100 of Federal Law No.127-03, the validity and the amount of creditors' claims are checked by the court regardless of whether there are disagreements regarding these claims between the debtor and the persons entitled to file relevant objections, of the one part, and the creditor who filed the claim, of the other part.

When establishing the claims of creditors in a bankruptcy case, the courts should proceed from the fact that only claims in respect of which sufficient evidence of the existence and the amount of the debt can be recognized as established.

Thus, in a bankruptcy case, the inclusion in the register of creditors' claims of the debtor is possible only if it is established that the debtor has a valid obligation to the creditor, which must be confirmed by appropriate evidence.

When considering the validity of creditors' claims, the evidence of the occurrence of debt is subject to verification in accordance with the rule of substantive law that governs the obligations not fulfilled by the debtor.

In accordance with the procedural rules of proof (Articles 65, 68 of the APC of the Russian Federation), the applicant is obliged to prove the legality of their claims with admissible evidence.

According to parts 1, 2 of Article 71 of the APC of the Russian Federation, the Arbitration Court evaluates the evidence according to its inner conviction, based on a comprehensive, complete, objective and immediate study of the evidence available in the case; the Arbitration Court evaluates the relevance, admissibility, and reliability of each evidence separately, as well as the sufficiency and mutual connection of the evidence in their entirety.

It is provided by clause 1 of Article 4 of the Bankruptcy Law that the composition and amount of financial obligations, claims for payment of severance payments and/or remuneration of persons who work or worked under an employment contract, and mandatory payments that arose before the Arbitration Court accepted the application for recognition of the debtor as bankrupt and declared after the Arbitration Court accepted such an application, are determined on the date of introduction of the first procedure applied in the bankruptcy case.

Paragraph 1 of Article 395 of the Civil Code of the Russian Federation establishes that in cases of unlawful withholding of funds, evasion of their repayment, or other delay in their payment, interest is accrued on the amount of the debt. The amount of interest is determined by the key interest rate of the Bank of Russia that was in effect in the corresponding periods. These rules apply unless a different amount of interest is established by law or contract.

The lender calculated the interest for the period from 24/12/2013 to 17/03/2020, inclusive.

According to paragraph 4 of clause 2 of Article 213.11 of the Bankruptcy Law, the accrual of penalties (fines) and other financial sanctions, as well as interest on all obligations of an individual, with the exception of current payments, is terminated from the date of the Arbitration Court's ruling on the recognition of the application for the bankruptcy of the individual and the introduction of restructuring of his debts.

As explained in clause 42 of the Resolution of the Plenum of the Supreme Arbitration Court of the Russian Federation of 22/06/2012 No.35 "On Some Procedural Issues Related to the Consideration of Bankruptcy Cases," if only the operative part of the judicial act on the introduction of the procedure used in the bankruptcy case was announced at the court session, the date of the introduction of the procedure will be the date of the announcement of the operative part.

In this case, the procedure for the sale of the individual's property was introduced against the debtor on 17/03/2020 (the operative part), therefore, from this date, the accrual of penalties (fines, penalties) and other financial sanctions shall cease.

Thus, the interest is subject to accrual for the period from 24/12/2013 to 16/03/2020, inclusive.

The creditor has submitted the necessary documents in support of the claim, and the court considers that the creditor has proved the legality and validity of the claims in part.

Thus, taking into account the period of occurrence of the obligation, the nature of the payments that it consists of, and the date of the appeal to the court, the claim is subject to partial satisfaction.

Guided by Articles 184, 185, 223 of the Arbitration Procedure Code of the Russian Federation, the Arbitration court

**has ruled:**

The stated claims are subject to partial satisfaction.

Include the claim of Tavrichesky Bank Joint-Stock Company on the debt in the amount of 92,428,753.33 rubles, which is the interest, in the register of creditors' claims to Aleksandr Vitalyevich Sabadash, third in line.

The rest of the claims shall be rejected.

The ruling may be appealed against to the Tenth Arbitration Court of Appeal within ten days.

The Judge                          *<signature>*                          Yu. V. Troshina

[Stamp: Arbitration Court of Moscow Region
TRUE COPY
SENIOR SPECIALIST
Position A.A. Vinogradova
JUNE 24, 2022]

Переводчик 

**Российская Федерация**

**Город Москва**

**Двадцать восьмого июня две тысячи двадцать второго года**

Я, Алексеева Светлана Александровна, нотариус города Москвы, свидетельствую подлинность подписи переводчика Сербигешевой Ольги Анатольевны.
Подпись сделана в моем присутствии.
Личность подписавшего документ установлена.

Зарегистрировано в реестре: № **77/1467-н/77-2022-** 4-1329

Уплачено за совершение нотариального действия: 400 руб. 00 коп.

С.А. Алексеева

Прошито, пронумеровано и
скреплено печатью
три листов

Нотариус

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067.

On March 21, 2023, I served a true copy of the foregoing document(s) described as:

### FIRST AMENDED COMPLAINT FOR:

### (1) RECOGNITION AND ENFORCEMENT OF FOREIGN MONETARY JUDGMENT

on the parties in this cause as follows:

| | |
|---|---|
| Michael Zorkin | *Attorneys for Defendants* |
| The Zorkin Firm | *Aleksandr Sabadash,* |
| 6320 Canoga Ave., 15th Floor | *Larisa Sabadash, and* |
| Woodland Hills, California 91367 | *AFB Trading One, Inc.* |
| Email: MZ@thezorkinfirm.com | |

(VIA U.S. MAIL) by placing the above named document in a sealed envelope addressed as set forth below, or on the attached service list and by then placing such sealed envelope for collection and mailing with the United States Postal Service in accordance with Loeb & Loeb LLP's ordinary business practices.

(VIA EMAIL) I caused the transmission of the above-named document(s) to the email address set forth below, or on the attached service list.

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and Overnight Delivery Service. That practice includes the deposit of all correspondence with the United States Postal Service and/or Overnight Delivery Service the same day it is collected and processed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 21, 2023, at Los Angeles, California.

*/s/ Mariana Nielson*
Mariana Nielson

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

23689379.1
239053-10001                                    FIRST AMENDED COMPLAINT

EXHIBIT  G

**FILED**
Superior Court of California
County of Los Angeles

**AUG 1 0 2023**

David W. Slayton, Executive Officer/Clerk of Court
By: D. Toure, Deputy

**Superior Court of California**

**County of Los Angeles**

**Department 61**

| | |
|---|---|
| ALEXANDER IVANOVICH GAVVA,<br><br>Plaintiff,<br><br>v.<br><br>ALEKSANDR VITALYEVICH SABADASH,<br>et al.,<br><br>Defendants. | Case No.: 22STCP02581<br><br>Hearing Date: July 26, 2023<br><br>**RULING RE:**<br><br>DEFENDANT ALEXANDER SABADASH'S<br>DEMURRER TO THE FIRST AMENDED<br>COMPLAINT. |

Defendant Alexander Sabadash's Demurrer to the First Amended Complaint is SUSTAINED
with 20 days leave to amend.

## I.    <u>DEMURRER</u>

A demurrer should be sustained only where the defects appear on the face of the pleading or are
judicially noticed. (Code Civ. Pro., §§ 430.30, *et seq*.) In particular, as is relevant here, a court
should sustain a demurrer if a complaint does not allege facts that are legally sufficient to
constitute a cause of action. (*See id.* § 430.10, subd. (e).) As the Supreme Court held in *Blank v.
Kirwan* (1985) Cal.3d 311: "We treat the demurrer as admitting all material facts properly
pleaded, but not contentions, deductions or conclusions of fact or law. . . . Further, we give the
complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Id.* at
p. 318; see also *Hahn. v. Mirda* (2007) 147 Cal.App.4th 740, 747 ["A demurrer tests the
pleadings alone and not the evidence or other extrinsic matters. Therefore, it lies only where the
defects appear on the face of the pleading or are judicially noticed. [Citation.]")

"In determining whether the complaint is sufficient as against the demurrer ... if on
consideration of all the facts stated it appears the plaintiff is entitled to any relief at the hands of
the court against the defendants the complaint will be held good although the facts may not be
clearly stated." (*Gressley v. Williams* (1961) 193 Cal.App.2d 636, 639.)

"A demurrer for uncertainty is strictly construed, even where a complaint is in some respects
uncertain, because ambiguities can be clarified under modern discovery procedures." (*Khoury v.
Maly's of Cal., Inc.* (1993) 14 Cal.App.4th 612, 616.) Such demurrers "are disfavored, and are
granted only if the pleading is so incomprehensible that a defendant cannot reasonably respond."
(*Mahan v. Charles W. Chan Insurance Agency, Inc.* (2017) 14 Cal.App.5th 841, 848.)

A demurrer should not be sustained without leave to amend if the complaint, liberally construed,
can state a cause of action under any theory or if there is a reasonable possibility the defect can
be cured by amendment. (*Schifando v. City of Los Angeles, supra,* 31 Cal.4th at p. 1081.) The

demurrer also may be sustained without leave to amend where the nature of the defects and previous unsuccessful attempts to plead render it probable plaintiff cannot state a cause of action. (*Krawitz v. Rusch* (1989) 209 Cal.App.3d 957, 967.)

Defendant Alexander Sabadash (Defendant) demurrers to the first amended complaint (FAC) of Plaintiff Alexander Ivanovich Gavva (Plaintiff) on the grounds that Plaintiff lacks standing to sue on the claim at issue here — one for the recognition and enforcement of a foreign judgment — because Plaintiff is not the creditor on the judgment, but is merely alleged to be a "financial manager" appointed by the Moscow Region Court of the Russian Federation empowered to enforce the judgments. Defendant argues that such an appointment does not grant Plaintiff standing to sue under California law, and further does not grant standing to sue under federal bankruptcy law, absent a recognition of Plaintiff's status as a foreign representative under Chapter 15 of the Bankruptcy Code. (Demurrer at pp. 3–6.) Defendant finally argues that Plaintiff lacks standing to sue under Russian law, as attested to in the declaration of Anton Asoskov, who claims that individual actions outside the scope of a bankruptcy action are not provided for under Russian law. (Demurrer at pp. 7–9.) Defendant finally argues that allowing Plaintiff to proceed in this action would raise concerns as to case-management and enforceability of the judgment and discovery orders. (Demurrer at p. 9.)

Plaintiff in opposition argues that the present demurrer is an untimely motion for reconsideration of this court's order of March 1, 2023, in which the court rejected the standing argument raised by then-Defendants Larisa Sabadash and AFB Trading One, Inc. in their demurrer to the prior iteration of the complaint. (Opposition at pp. 3–6.) Plaintiff further argues that the relevant standing analysis is whether he possesses standing to bring the claims at issue under Russian law, by analogy to the standard applicable to the recognition of "foreign representatives" under U.S. Bankruptcy law.(Opposition at pp. 7–9.) Plaintiff finally argues that the declaration of Plaintiff's expert on Russian law is mistaken, inadmissible, and contradicted by declarations of Plaintiff's own experts, Alexander Kirpichev and Vladimir Gureev. (Opposition at pp. 9–13.)

The present motion is not one for reconsideration, but a new demurrer to a new, amended complaint. Defendant was not a party to the prior demurrer, and the only causes of action to which the prior demurrer could be directed have been dismissed. Plaintiff's arguments concerning Defendant's privity with the prior demurring defendants are grounded in the doctrine of issue preclusion, not Code of Civil Procedure § 1008. Moreover, courts have "concluded that a party is within its rights to successively demur to a cause of action in an amended pleading notwithstanding a prior unsuccessful demurrer to that same cause of action." (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1036.)

The arguments raised in the present demurrer with respect to Plaintiff's lack of standing are persuasive. Although court sustained the prior demurrer, it rejected the defendants' arguments as to standing by explicit reference to the standards governing bankruptcy trustees and "foreign representatives" under U.S. bankruptcy law:

> Plaintiff . . . articulates a basis for standing. The Complaint alleges that he was appointed a "Financial Manager," empowered by court order to collect the judgment debts from Defendant Alexander. (Complaint ¶¶ 16, 19–20.) The Complaint alleges that the role of a "financial manager" under Russian law is

analogous to that of a receiver under California law. (Complaint ¶ 2.) Plaintiff in opposition to the present demurrer notes that bankruptcy trustees and receivers may stand in the shoes of creditors and prosecute UVTA claims. (Opposition at pp. 3–4, citing *In re Slatkin* (9th Cir. 2007) 222 Fed.Appx. 545, 546–547 ["The Trustee was standing in the shoes of a creditor and California's Uniform Fraudulent Transfer Act permits present and future creditors to challenge a fraudulent transfer."].) Plaintiff further notes that in other cases involving "foreign representatives" under U.S. bankruptcy law attempting to prosecute fraudulent transfer actions, the determination as to whether the representative had the authority to prosecute claims on behalf of the creditors depended on whether the representative possessed the authority under the law where they were appointed. (*See In re Hellas Telecommunications (Luxembourg) II SCA* (S.D.N.Y. 2015) 524 B.R. 488, 523 [standing to assert state-law fraudulent transfer claim "requires an examination of Plaintiff's authority as liquidators under U.K. law"].) Plaintiff further presents the declaration of Olga Snitserova, a Moscow attorney, who testifies that among the powers and duties of a financial manager is "the right to initiate and defend legal actions on behalf of the debtor's estate, including claims for the recovery and collection of the debtor's property and debts, both inside and outside of the Russian Federation." (Snitserova Decl. ¶ 12.) Thus Plaintiff possesses standing to bring the present action.

(*See* 3/1/2023 Order.)

The above reasoning was incomplete, because this court lacks authority to deem Plaintiff a "foreign representative" with standing to sue absent recognition of a foreign proceeding under U.S. bankruptcy law. A "foreign representative" does not possess free-standing capacity to sue in all U.S. courts; rather, the representative gains "the capacity to sue and be sued in a court in the United States" or "apply directly to a court in the United States for appropriate relief in that court" only if a petition for recognition of a foreign bankruptcy proceeding is granted in a Chapter 15 bankruptcy action. (11 U.S.C. § 1509, subd. (b)(1), (2).) Plaintiff does not contend that the requisite recognition has taken place.

Chapter 15 of the U.S. bankruptcy code

erects a structure in which the foreign representative passes through the bankruptcy court for a recognition decision, the specified consequences of which are that the foreign representative gains the capacity to sue and be sued in United States courts and the authority to apply directly to a court in the United States for appropriate relief, and that all courts in the United States must grant comity or cooperation to the foreign representative. 11 U.S.C. § 1509. Congress specifically intended that control of these questions be concentrated in the bankruptcy court.

The primacy of the bankruptcy court's authority over whether ancillary assistance will be granted to a foreign representative is reenforced by authorization for the bankruptcy court to issue any appropriate order necessary to prevent the foreign representative from obtaining comity or cooperation in another court in the United States if recognition is denied. 11 U.S.C. § 1509(d).

08/14/2023

The sole specified exception to the requirement of prior recognition before obtaining comity or assistance from a court in the United States is that a foreign representative is permitted to sue in a court in the United States to collect or recover a claim that is property of the debtor. 11 U.S.C. § 1509(f).

(*In re Iida* (B.A.P. 9th Cir. 2007) 377 B.R. 243, 257–258.)

The basis for Plaintiff's claim to have capacity to sue on the present claim is his status as a foreign representative under applicable U.S. bankruptcy law. (Opposition at pp. 7–8; *see* 2/15/2023 Opposition at pp. 4–5.) Yet under that very authority, Plaintiff lacks capacity to sue upon the present claim in the absence of a recognition of a foreign proceeding, pursuant to a petition filed under 11 U.S.C. § 1515. Plaintiff does not contend that such recognition has been granted, or that the foreign judgments he now seeks to enforce are "the property of the debtor," i.e. Defendant. Rather, these judgments are the property of Defendant's creditors. (FAC ¶¶ 11–14.) Plaintiff therefore lacks standing under the above authority.

Plaintiff argues that he nonetheless possesses standing to sue directly under California state law, but the argument is unconvincing. Plaintiff cites *Sarandi v. Breu* (N.D. Cal. 2009) 2009 WL 2871049, for the proposition that under California law, "the authority of a foreign representative to bring claims belonging to others is governed exclusively by the law of the country from which the legal representative's power derives." (Opposition at p. 7.) But that case held no such thing, only that Swiss law governed the standing of a plaintiff in a derivative lawsuit brought on behalf of a Swiss corporation under the "corporate internal affairs" doctrine. (*Sarandi, supra*, 2009 WL 2871049 at pp. 4–5.) The other case that Plaintiff cites for support applied only the same doctrine to another corporate derivative case, this time involving a Japanese corporation. (*See Batchelder v. Kawamoto* (9th Cir. 1998) 147 F.3d 915, 920 [holding that derivative plaintiff's "prerogative to step into the shoes of the parent corporation as derivative plaintiff, or of the subsidiary as double derivative plaintiff, must be determined by the law of the place of incorporation of the company in which he holds an interest"].) These decisions do not support Plaintiff's standing here.

Plaintiff thus lacks a basis in California law for standing to bring the present action, and the only authority upon which to conclude that Russian law provides such a basis — authority applicable to the determination of a foreign representative under Chapter 15 bankruptcy proceedings — militates against any standing in the absence of recognition of a foreign proceeding in U.S. bankruptcy courts. Plaintiff accordingly lacks standing to bring the present action, and the demurrer is SUSTAINED with 20 days leave to amend.

Dated: ~~July 27, 2023~~
8/10/23

Hon. Gregory Keosian
Judge of the Superior Court