1

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

-oOo-

In Re:                              ) Case No. 2:23-Bk-15574-NB
                                    ) Chapter 15
ALEKSANDR VITALIEVICH               )
SABADASH,                           ) Los Angeles, California
                                    ) Tuesday, May 14, 2024
                         Debtor.    ) 2:00 PM
_____ )
                                    #3.00 CONT'D STATUS
                                    CONFERENCE RE: RECOGNITION OF
                                    A FOREIGN PROCEEDING
                                    FR. 11/14/23, 12/5/23,
                                    12/19/23, 01/10/24, 2/20/24,
                                    3/12/24, 4/9/24

                                    #4.00 CONT'D HRG RE:
                                    APPLICATION FOR RECOGNITION
                                    OF FOREIGN MAIN PROCEEDING,
                                    OR IN THE ALTERNATIVE, FOR
                                    RECOGNITION OF FOREIGN
                                    NONMAIN PROCEEDING
                                    AND CERTAIN RELATED RELIEF
                                    FR. 11/14/23, 12/5/23,
                                    12/19/23, 01/10/24, 2/20/24,
                                    3/12/24, 4/9/24

                   TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE NEIL BASON
               UNITED STATES BANKRUPTCY JUDGE

APPEARANCES (All present by video or telephone):
For the Debtor:              KEITH C. OWENS, ESQ.
                               Fox Rothschild LLP
                               10250 Constellation Boulevard
                               Suite 900
                               Los Angeles, CA 90067
                               (310)598-4150

                             MICHAEL ZORKIN, ESQ.
                               The Zorkin Firm
                               6320 Canoga Avenue
                               15th Floor
                               Woodland Hills, CA 91367
                               (323)493-8075

For Alexander Ivanovich        ALEX STOLYAR, ESQ.
Gavva, Foreign                 Loeb & Loeb LLP
Representative:                10100 Santa Monica Boulevard
                                Suite 2200
                                Los Angeles, CA 90067
                                (310)282-2000


For Alexander Adam and         RONALD HOWARD, ESQ.
Andrew Wood, Foreign           Togut, Segal & Segal LLP
Representative to Golden        One Penn Plaza
Sphinx Limited:                Suite 3335
                                New York, NY 10119
                                (212)594-5000


Court Recorder:                DINA G. JOHNSON
                               United States Bankruptcy Court
                               Edward R. Roybal Federal Building
                               255 East Temple Street
                               Room 940
                               Los Angeles, CA 90012
                               (855)460-9641

Transcriber:                   SHARONA SHAPIRO
                               eScribers, LLC
                               7227 N. 16th Street
                               Suite #207
                               Phoenix, AZ 85020
                               (800) 257-0885


Proceedings recorded by electronic sound recording;
transcript provided by transcription service.

3

LOS ANGELES, CALIFORNIA, TUESDAY, MAY 14, 2024, 3:07 PM

-oOo-

(Call to order of the Court.)

THE COURT:  That brings us to 3 and 4, Sabadash.  Let me go ahead and get appearances for that matter.  So let's see; just one moment.  I'm just taking a second to get to the right screen on my computer.

All right.  Mr. Owens, would you state your appearance, please?

MR. OWENS:  Yes.  Good afternoon, Your Honor.  Keith Owens at Fox Rothschild, appearing on behalf of Mr. Sabadash.  And I'm here with my colleague, Michael Zorkin, as well, co-counsel.

THE COURT:  Thank you.

Mr. Stolyar.

MR. STOLYAR:  Good afternoon, Your Honor.  Alex Stolyar of Loeb & Loeb, appearing on behalf of foreign representative, Gavva.

THE COURT:  Thank you.

Is Mr. Carroll on the line as well?

MR. STOLYAR:  Mr. Carroll is not appearing today.

THE COURT:  Thank you.  Anyone else for Mr. Gavva?

MR. STOLYAR:  I believe Noah Weingarten of my office is observing, but I don't believe he will be speaking today.

THE COURT:  Okay.  Thank you.

4

Let's see.  Anyone for any of the parties that are more focused on Golden Sphinx?

MR. HOWARD:  Your Honor, this is Ron Howard from Togut, Segal & Segal.  I'm just observing today.

THE COURT:  Okay.  And Mr. Howard, just to be clear, you are one of the counsel for the foreign representative for the Golden Sphinx case, as opposed to the foreign representative for the Sabadash case.

MR. HOWARD:  Your Honor, that's correct.

THE COURT:  Okay.  Anyone else?

Okay.  So I believe that the written disposition has been issued within the last hour, give or take.  And so, unless you let me know otherwise, I'm going to presume that you've all had a chance to take a look at that.

So my thinking for today is that we should address whether or when to set a continued status conference in this matter and if there are other procedural issues that we need to address.

So let me start with Mr. Stolyar.

MR. STOLYAR:  Yes, Your Honor.  With respect to the procedural issues, if Your Honor doesn't mind, I did want to get some clarity on the ruling which I just reviewed.  As I understand it, Your Honor's order states that, to the extent Mr. Gavva wishes to take any enforcement action in the United States, he's prohibited from doing so unless he first comes to

5

Court and convinces Your Honor that it is appropriate and would not violate any U.S. sanctions.  I just wanted to make sure I understood Your Honor's ruling correctly.

THE COURT:  That is correct.  And just a minor technical point.  You referred to it as an order; it's a memorandum decision that's not yet implemented.  The order will be the actual thing that implements it.  That, I think, only matters for the technical reason of counting the number of days for appeal, or for motion for reconsideration, and for compliance with the rules on having a separate order and a decision.  But probably much ado about nothing, but I just wanted to be clear on the terminology.

MR. STOLYAR:  Understood, Your Honor.  And I had one more follow-up question.  At page 6 of Your Honor's memorandum decision, the Court states that:  "Recognition may facilitate preservation and recovery of assets for eventual benefit of a large number of creditors".

And so my only, I suppose, question to the Court is, if Mr. Gavva is prohibited from taking any enforcement action in the United States, how will Mr. Gavva be able to preserve assets?  Because as I understand the Court's concern, and I understand the AFB Trading point -- I'm not arguing it here -- but if the Court's concern is that any assets may be transferred to a sanctioned entity in Russia, that concern would be addressed by, A, not allowing the taking of control of

6

AFB Trading, and B, preventing the transfer of any assets to Russia.

But that should not preclude Mr. Gavva from being able to take control of assets within the United States, and keep them in the United States, so as to preserve them for the creditors, without actually transferring them to the creditors. And so I just wanted to get some clarity from Your Honor on that.

THE COURT:  I think you're right on target.  So let's bring it down to brass tacks.  So let's say there is a fraudulent transfer action that could be asserted in the United States, regarding the United States assets, and the statute of limitations clock is ticking.  Mr. Gavva could seek authority from this Court to file that action, but not actually proceed to judgment, unless the judgment were without actually transferring to the Russian bankruptcy estate.

And there's a little bit of ambiguity there, because it would depend on the precise circumstances, and especially with intangibles, what does it mean to get a judgment without it being deemed to be part of the Russian bankruptcy estate and so on?  I'm sure creative minds can come up with ways to address those things.

But the point is, if it's necessary to act before a statute of limitations has run, that is, to me, one of the benefits of recognizing the foreign proceeding, even though I

7

am fully aware that I am, in many ways, hamstringing Mr. Gavva about doing things.  But in my mind, it's still important to be able to preserve that sort of thing.

So a statute of limitations is one example.  Another would be perhaps taking control of an entity before it takes some action independently that would be antithetical to preserving value.

And of course, he can always ask for authority to do more, especially if there are appropriate limitations in place or if, as the memorandum decision points out, it may be possible to get a license, or an exemption, or I don't know what the right terminology would be, but from the appropriate executive branch authority to go ahead and do things even if it would benefit the bank that is subject to the sanctions.  So a long explanation, but I hope that helps.

MR. STOLYAR:  Understood, Your Honor.  That does help a lot.  And last related question, along the same line of reasoning, if Mr. Gavva becomes aware of a bank account under the control of Mr. Sabadash, where the monies are being dissipated, would Mr. Gavva be able to come to Your Honor and seek permission to attach or freeze the monies in that account so that they're not dissipated?

THE COURT:  Exactly the way you put it; he would be able to come to this Court to ask to be able to do that, and then we get back to that possibly theoretical, but possibly

Case 2:23-bk-15574-NB   Doc 104   Filed 05/17/24   Entered 05/17/24 09:03:33   Desc
Main Document     Page 8 of 22
**Aleksandr Vitalievich Sabadash, Debtor**

8

very real issue, about whether, by taking control of or freezing the account, that is in effect transferring it to the Russian proceeding or not.  And again, there's probably very creative ways to not run afoul of that.

I am trying to walk the line here of comity, and being mindful and respectful of the Russian bankruptcy proceeding, and at the same time not run afoul of the public policy of the United States, and give everyone a chance to be heard, and all the rest of it.

So hopefully, by giving people a chance to ask for that sort of relief, or oppose it, hopefully that will walk that line.

MR. STOLYAR:  Understood, Your Honor.  This is super helpful, and I think it's going to save a lot of time and money for the parties, going forward, to get this kind of clarification.

And the last question is, as I understand the Court's order, just to avoid subsequent disputes, Mr. Gavva does have the right to search for assets, so for example, to propound subpoenas, et cetera.

THE COURT:  Yes, absolutely.  I don't think there is anything in the public policy of the United States or sanctions that would bar searching for assets.

MR. STOLYAR:  Thank you, Your Honor.  This was very helpful.

Case 2:23-bk-15574-NB   Doc 104   Filed 05/17/24   Entered 05/17/24 09:03:33   Desc
Main Document   Page 9 of 22
**Aleksandr Vitalievich Sabadash, Debtor**

9

THE COURT:  Okay.

MR. OWENS:  Your Honor, if I may be heard.

THE COURT:  Yes.

MR. OWENS:  Yes.  Thank you.  For the record, Keith Owens for Mr. Sabadash.

The actual decision hit the docket at 2:53, so I wasn't aware of it until just a couple of seconds before the hearing.  So I haven't really had a chance to digest as I was taking notes.  So we're going to obviously need time to look at it in some detail.  But I haven't spent the time yet because I wanted to pay attention to what Your Honor was saying at the hearing.

THE COURT:  I appreciate that.  What I could easily do  -- I've got one other matter that's on third call.  I could put this on second call, and then come back, because I don't mean to put any of the parties under the gun here.

MR. OWENS:  I defer to Mr. Zorkin to see if he wants time to review.  He may have had a chance to look at this, and I haven't.

MR. ZORKIN:  I only had about a minute before, so --

THE COURT:  Okay.  So as always, I hate to keep people waiting, but why don't I put this on second call?  I'll go back to the other matter that was on the 1 p.m. calendar, and then I'll come back to this when I'm finished with that.  I think these are the last two matters on for today.

10

MR. OWENS:  Thank you, Your Honor.

THE COURT:  Okay.  Thank you all.

(Recess from 3:17 p.m., until 3:26 p.m.)

THE COURT:  Okay.  That brings us back to the 2 p.m. hearing.  And I think the last matter that is on for today is the Sabadash matter that I put on second call.

So let me check in with the parties.  First of all, is there anything else that I'm missing?

No other matters?  Okay.

So on the Sabadash matter, Mr. Owens, have you had an opportunity now to review the tentative ruling -- I mean, not the --

MR. OWENS:  Just barely, but I think I made my way through it.  I had a few comments or questions.  One has to do with the standard for reconsideration.  I think we cited in our brief the provision in Chapter 15 for reconsideration.  And Your Honor cites to Rule 60, which there may be a difference in terms of the standard that the Court considers.

I don't know if it makes a difference at the end of the day, but it's certainly a different standard that's applied.  The Chapter 15 standard, you can essentially assert the same grounds for reconsideration.  You don't have to show manifest -- you don't have to basically have it fit within the narrow confines of Rule 60.

So I don't know if Your Honor gave that any thought,

11

but I just -- I noticed that as I was reviewing this, Rule 9023, for example.

THE COURT:  I don't --

MR. OWENS:  It's a different standard.

THE COURT:  Say that again.

MR. OWENS:  It's a different standard that's applied in terms of cause for reconsideration.

THE COURT:  So let me just clarify something, because I may have missed this.  I thought I had very thoroughly reviewed the papers, but are you saying Rule 59 versus Rule 60, or are you saying something --

MR. OWENS:  No.  And I'm sorry.  I'm looking for our supplemental brief, but it's --

MR. ZORKIN:  It's 11 U.S.C. 1517 --

MR. OWENS:  -- 1517(d).

MR. ZORKIN:  -- (d).

MR. OWENS:  Thank you.

THE COURT:  I'll ask Mr. Owens to repeat that because I couldn't hear because you were both talking.

MR. OWENS:  My apologies.  11 U.S.C. Section 1517(d).  Just a different -- slightly different standard than Rule 59.

THE COURT:  I appreciate you bringing that to my attention.  Again, I thought I had carefully reviewed all of the papers.  I expect that I did when I first took this under submission, or before even the previous hearing.  But on

Case 2:23-bk-15574-NB Doc 104 Filed 05/17/24 Entered 05/17/24 09:03:33 Desc
Main Document Page 12 of 22
**Aleksandr Vitalievich Sabadash, Debtor**

12

review, I was so focused on other issues that I don't think I -- well, I know that I didn't go back and look at this, and I appreciate you bringing that to my attention.

MR. OWENS: Thank you, Your Honor. And I only raise it because the standard under Rule 59(b), which is incorporated under 9023, deals with mistake or excusable neglect or newly discovered evidence. I understand that the Court's viewing the OFAC sanctions as sort of newly-discovered evidence, which is maybe grounds for reconsideration under 9023, but I think, separately, there would be grounds for reconsideration under 1517(d).

THE COURT: Thank you. So what I'm inclined to do, my oral tentative ruling, based on you pointing this out, is that 1517(d) is an additional basis for the same decision, but I don't think it changes the outcome, including on those issues where I did not rule in Mr. Sabadash's favor. I think the same -- even under a more lenient standard, I don't think it's appropriate to deny standing to Mr. Gavva, or to adopt the other matters on which the debtor sought reconsideration.

If I'm missing something, please let me know. But I think, if nothing else, for purposes of any -- if Mr. Stolyar were to appeal the part that goes against his interest, this would reinforce the decision. But I don't think it changes the decision. And if I'm missing anything, please let me know.

MR. OWENS: Thank you, Your Honor. At this point, I'm

13

not sure that there's -- if you're finding grounds for reconsideration under both, I don't know that it makes much of a difference.  I just wanted to point that out.

The other thing is, and it's really more of what Mr. Stolyar had mentioned, is that trying to figure out what the confines of the Court's rulings are, what Mr. Gavva can and cannot do, and what those bounds are.  And the Court's decision says it will not attempt to predict precisely what Mr. Gavva will or will not be able to do within the bounds of the foregoing limitation.

So it sounds like what the Court is really getting at is that, look, there is recognition under this decision, but that no party can take any action.  Essentially, Mr. Gavva, I guess, cannot take any action without a court order to do so. He's still entitled to seek discovery if he wants to.  If there's some concerns about fraudulent transfers, that's something that he may have to go back to the bankruptcy court to seek redress for that.  But there will be no, sort of, levying of any assets or taking control over any assets that are in the United States, which presumably would include the shares in AFB as well.  Am I reading that correctly?

THE COURT:  Yes.

MR. OWENS:  Okay.  And so the Court's ruling is that Mr. Sabadash -- counsel for Mr. Sabadash will prepare a proposed order, submit that to Mr. Stolyar for consideration,

14

and the parties will meet and confer on any disputes.  And I guess if they can't resolve their disputes, then they go back to the Court to resolve the dispute.  Is that accurate?

THE COURT:  That's also accurate.

MR. OWENS:  Okay.

THE COURT:  And I don't know that there is actually much room for disagreement about the form of order, but in my mind, it seems clear.  But as you think it through, and think about the sorts of issues that both you and Mr. Stolyar have raised about the limits of this ruling, it may be that, once you put pen to paper and try to embody this in an order, maybe it becomes an area of dispute.

So I built in a fairly lengthy amount of time, longer than the usual period for submitting an order, so that you could attempt to address that, because I think these are slippery issues.  Again, although I don't right now see the order implementing this decision as being that complex.  I think more difficult decisions might be coming down the pike, but those can be addressed on an individual basis.  So this this order I see is being pretty simple.  Future matters, maybe not as much.  But I could be wrong on that.  And maybe, if it makes more sense to try to build in more specificity to this order, I'm open to that as well.

Okay.  So I think now let's talk about a continued hearing date, really a status conference date, unless there is

Case 2:23-bk-15574-NB   Doc 104   Filed 05/17/24   Entered 05/17/24 09:03:33   Desc
Main Document      Page 15 of 22
**Aleksandr Vitalievich Sabadash, Debtor**

15

anything else that we need to address right now.

Okay.  So if we've got twenty-one days, plus a couple of court days out for the possibility of the order, then let's see -- one, two, three, so if we go out to June 11, that would be a possible holding date, including for any disputes about the form of order.  Or we could go to June 25.  The 11th is probably starting to get pretty filled, because I've got a number of matters going on.  So I think the 25th would work better for me.

But Mr. Stolyar?

MR. STOLYAR:  Unfortunately, I'm in trial that date.  I'm in trial from June 24th through July 3rd, Your Honor, so I could not do that date, unfortunately.

THE COURT:  Okay.  So I can either go June 11 or July 9.  Did you say that was still when you were in trial?  I lost the date --

MR. STOLYAR:  Both dates work for me, Your Honor.

THE COURT:  Okay.  Mr. Owens?

MR. OWENS:  June 11th works for me, Your Honor.  And I think July 9th works.  I'll kind of defer to Mr. Zorkin on his availability.

THE COURT:  Mr. Zorkin?

MR. ZORKIN:  July 9th works best for me, Your Honor.

THE COURT:  Okay.  That works best for me as well.  So July at 2 p.m.  And no need have any written status report.  As

16

always, you're free to file one if that would be helpful.  But otherwise this is really just a holding date to possibly address any disputes about the form of order, if I don't resolve those -- if you lodge different forms of order, and I choose among them before then, then that moots that issue.  But it's a holding date for that or anything else that might come up.

Okay.  Thank you all again.  Compliments to the parties on the briefing.  And I will look forward to whatever's coming next.

MR. OWENS:  Thank you, Your Honor.

MR. STOLYAR:  Thank you, Your Honor.

MR. ZORKIN:  Thank you.

THE COURT:  You're welcome.  That concludes the hearing and we are off the record.

(Whereupon these proceedings were concluded at 3:36 PM)

17

C E R T I F I C A T I O N

I, Sharona Shapiro, certify that the foregoing transcript is a true and accurate record of the proceedings.

*Sharona Shapiro*

_____

/s/ SHARONA SHAPIRO, CET-492

eScribers

7227 N. 16th Street, Suite #207

Phoenix, AZ 85020

Date:  May 17, 2024

In Re: ALEKSANDR VITALIEVICH SABADASH

May 14, 2024

## A

**able (7)**
5:20;6:3;7:3,20,24, 24;13:9
**absolutely (1)**
8:21
**account (3)**
7:18,21;8:2
**accurate (2)**
14:3,4
**act (1)**
6:23
**action (7)**
4:24;5:19;6:11,14; 7:6;13:13,14
**actual (2)**
5:7;9:6
**actually (4)**
6:6,14,15;14:6
**additional (1)**
12:14
**address (6)**
4:15,18;6:22;14:15; 15:1;16:3
**addressed (2)**
5:25;14:19
**ado (1)**
5:11
**adopt (1)**
12:18
**AFB (3)**
5:22;6:1;13:21
**afoul (2)**
8:4,7
**afternoon (2)**
3:10,16
**again (5)**
8:3;11:5,23;14:16; 16:8
**against (1)**
12:22
**ahead (2)**
3:5;7:13
**Alex (1)**
3:16
**allowing (1)**
5:25
**along (1)**
7:17
**although (1)**
14:16
**always (3)**
7:8;9:21;16:1
**ambiguity (1)**
6:17
**among (1)**
16:5
**amount (1)**
14:13
**ANGELES (1)**
3:1

**antithetical (1)**
7:6
**apologies (1)**
11:20
**appeal (2)**
5:9;12:22
**appearance (1)**
3:9
**appearances (1)**
3:5
**appearing (3)**
3:11,17,21
**applied (2)**
10:21;11:6
**appreciate (3)**
9:13;11:22;12:3
**appropriate (4)**
5:1;7:9,12;12:18
**area (1)**
14:12
**arguing (1)**
5:22
**assert (1)**
10:21
**asserted (1)**
6:11
**assets (10)**
5:16,21,23;6:1,4, 12;8:19,23;13:19,19
**attach (1)**
7:21
**attempt (2)**
13:8;14:15
**attention (3)**
9:11;11:23;12:3
**authority (3)**
6:13;7:8,13
**availability (1)**
15:21
**avoid (1)**
8:18
**aware (3)**
7:1,18;9:7

## B

**back (8)**
7:25;9:15,22,24; 10:4;12:2;13:17;14:2
**bank (2)**
7:14,18
**bankruptcy (4)**
6:16,20;8:6;13:17
**bar (1)**
8:23
**barely (1)**
10:13
**based (1)**
12:13
**basically (1)**
10:23
**basis (2)**
12:14;14:19

**becomes (2)**
7:18;14:12
**behalf (2)**
3:11,17
**benefit (2)**
5:16;7:14
**benefits (1)**
6:25
**best (2)**
15:23,24
**better (1)**
15:9
**bit (1)**
6:17
**both (4)**
11:19;13:2;14:9; 15:17
**bounds (2)**
13:7,9
**branch (1)**
7:13
**brass (1)**
6:10
**brief (2)**
10:16;11:13
**briefing (1)**
16:9
**bring (1)**
6:10
**bringing (2)**
11:22;12:3
**brings (2)**
3:4;10:4
**build (1)**
14:22
**built (1)**
14:13

## C

**calendar (1)**
9:23
**CALIFORNIA (1)**
3:1
**Call (5)**
3:3;9:14,15,22;10:6
**can (7)**
6:21;7:8;10:21; 13:6,13;14:19;15:14
**carefully (1)**
11:23
**Carroll (2)**
3:20,21
**case (2)**
4:7,8
**cause (1)**
11:7
**certainly (1)**
10:20
**cetera (1)**
8:20
**chance (5)**
4:14;8:8,10;9:8,18

**changes (2)**
12:15,23
**Chapter (2)**
10:16,21
**check (1)**
10:7
**choose (1)**
16:5
**circumstances (1)**
6:18
**cited (1)**
10:15
**cites (1)**
10:17
**clarification (1)**
8:16
**clarify (1)**
11:8
**clarity (2)**
4:22;6:7
**clear (3)**
4:5;5:12;14:8
**clock (1)**
6:13
**co- (1)**
3:12
**colleague (1)**
3:12
**coming (2)**
14:18;16:10
**comity (1)**
8:5
**comments (1)**
10:14
**complex (1)**
14:17
**compliance (1)**
5:10
**Compliments (1)**
16:8
**computer (1)**
3:7
**concern (3)**
5:21,23,24
**concerns (1)**
13:16
**concluded (1)**
16:16
**concludes (1)**
16:14
**confer (1)**
14:1
**conference (2)**
4:16;14:25
**confines (2)**
10:24;13:6
**consideration (1)**
13:25
**considers (1)**
10:18
**continued (2)**
4:16;14:24
**control (6)**

**5:25;6:4;7:5,19;**
8:1;13:19
**convinces (1)**
5:1
**correctly (2)**
5:3;13:21
**counsel (3)**
3:13;4:6;13:24
**counting (1)**
5:8
**couple (2)**
9:7;15:2
**course (1)**
7:8
**Court (43)**
3:3,4,14,19,22,25; 4:5,10;5:1,4,15,18; 6:9,14;7:23,24;8:21; 9:1,3,13,21;10:2,4,18; 11:3,5,8,18,22;12:12; 13:11,14,17,22;14:3, 4,6;15:3,14,18,22,24; 16:14
**Court's (7)**
5:21,23;8:17;12:7; 13:6,7,23
**creative (2)**
6:21;8:4
**creditors (3)**
5:17;6:6,6

## D

**date (8)**
14:25,25;15:5,11, 13,16;16:2,6
**dates (1)**
15:17
**day (1)**
10:20
**days (3)**
5:8;15:2,3
**deals (1)**
12:6
**debtor (1)**
12:19
**decision (11)**
5:6,11,15;7:10;9:6; 12:14,23,24;13:7,12; 14:17
**decisions (1)**
14:18
**deemed (1)**
6:20
**defer (2)**
9:17;15:20
**deny (1)**
12:18
**depend (1)**
6:18
**detail (1)**
9:10
**difference (3)**

10:17,19;13:3
**different (6)**
   10:20;11:4,6,21,21;
   16:4
**difficult (1)**
   14:18
**digest (1)**
   9:8
**disagreement (1)**
   14:7
**discovered (1)**
   12:7
**discovery (1)**
   13:15
**disposition (1)**
   4:11
**dispute (2)**
   14:3,12
**disputes (5)**
   8:18;14:1,2;15:5;
   16:3
**dissipated (2)**
   7:20,22
**docket (1)**
   9:6
**down (2)**
   6:10;14:18

**E**

**easily (1)**
   9:13
**effect (1)**
   8:2
**either (1)**
   15:14
**else (6)**
   3:22;4:10;10:8;
   12:21;15:1;16:6
**embody (1)**
   14:11
**end (1)**
   10:19
**enforcement (2)**
   4:24;5:19
**entitled (1)**
   13:15
**entity (2)**
   5:24;7:5
**especially (2)**
   6:18;7:9
**essentially (2)**
   10:21;13:13
**estate (2)**
   6:16,20
**et (1)**
   8:20
**even (4)**
   6:25;7:13;11:25;
   12:17
**eventual (1)**
   5:16
**everyone (1)**

8:8
**evidence (2)**
   12:7,8
**Exactly (1)**
   7:23
**example (3)**
   7:4;8:19;11:2
**excusable (1)**
   12:6
**executive (1)**
   7:13
**exemption (1)**
   7:11
**expect (1)**
   11:24
**explanation (1)**
   7:15
**extent (1)**
   4:23

**F**

**facilitate (1)**
   5:15
**fairly (1)**
   14:13
**favor (1)**
   12:16
**few (1)**
   10:14
**figure (1)**
   13:5
**file (2)**
   6:14;16:1
**filled (1)**
   15:7
**finding (1)**
   13:1
**finished (1)**
   9:24
**first (3)**
   4:25;10:7;11:24
**fit (1)**
   10:23
**focused (2)**
   4:2;12:1
**follow-up (1)**
   5:14
**foregoing (1)**
   13:10
**foreign (4)**
   3:17;4:6,7;6:25
**form (3)**
   14:7;15:6;16:3
**forms (1)**
   16:4
**forward (2)**
   8:15;16:9
**Fox (1)**
   3:11
**fraudulent (2)**
   6:11;13:16
**free (1)**

16:1
**freeze (1)**
   7:21
**freezing (1)**
   8:2
**fully (1)**
   7:1
**Future (1)**
   14:20

**G**

**gave (1)**
   10:25
**Gavva (15)**
   3:18,22;4:24;5:19,
   20;6:3,13;7:1,18,20;
   8:18;12:18;13:6,8,13
**giving (1)**
   8:10
**goes (1)**
   12:22
**Golden (2)**
   4:2,7
**Good (2)**
   3:10,16
**grounds (4)**
   10:22;12:9,10;13:1
**guess (2)**
   13:14;14:2
**gun (1)**
   9:16

**H**

**hamstringing (1)**
   7:1
**hate (1)**
   9:21
**hear (1)**
   11:19
**heard (2)**
   8:8;9:2
**hearing (6)**
   9:8,12;10:5;11:25;
   14:25;16:15
**help (1)**
   7:16
**helpful (3)**
   8:14,25;16:1
**helps (1)**
   7:15
**hit (1)**
   9:6
**holding (3)**
   15:5;16:2,6
**Honor (26)**
   3:10,16;4:3,9,20,
   21;5:1,13;6:7;7:16,
   20;8:13,24;9:2,11;
   10:1,17,25;12:4,25;
   15:12,17,19,23;16:11,
   12

**Honor's (3)**
   4:23;5:3,14
**hope (1)**
   7:15
**hopefully (2)**
   8:10,11
**hour (1)**
   4:12
**Howard (4)**
   4:3,3,5,9

**I**

**implemented (1)**
   5:6
**implementing (1)**
   14:17
**implements (1)**
   5:7
**important (1)**
   7:2
**inclined (1)**
   12:12
**include (1)**
   13:20
**including (2)**
   12:15;15:5
**incorporated (1)**
   12:5
**independently (1)**
   7:6
**individual (1)**
   14:19
**intangibles (1)**
   6:19
**interest (1)**
   12:22
**issue (2)**
   8:1;16:5
**issued (1)**
   4:12
**issues (6)**
   4:17,21;12:1,15;
   14:9,16

**J**

**judgment (3)**
   6:15,15,19
**July (5)**
   15:12,14,20,23,25
**June (5)**
   15:4,6,12,14,19

**K**

**keep (2)**
   6:4;9:21
**Keith (2)**
   3:10;9:4
**kind (2)**
   8:15;15:20

**L**

**large (1)**
   5:17
**last (5)**
   4:12;7:17;8:17;
   9:25;10:5
**lengthy (1)**
   14:13
**lenient (1)**
   12:17
**levying (1)**
   13:19
**license (1)**
   7:11
**limitation (1)**
   13:10
**limitations (4)**
   6:13,24;7:4,9
**limits (1)**
   14:10
**line (4)**
   3:20;7:17;8:5,12
**little (1)**
   6:17
**lodge (1)**
   16:4
**Loeb (2)**
   3:17,17
**long (1)**
   7:15
**longer (1)**
   14:13
**look (6)**
   4:14;9:9,18;12:2;
   13:12;16:9
**looking (1)**
   11:12
**LOS (1)**
   3:1
**lost (1)**
   15:15
**lot (2)**
   7:17;8:14

**M**

**makes (3)**
   10:19;13:2;14:22
**manifest (1)**
   10:23
**many (1)**
   7:1
**matter (7)**
   3:5;4:17;9:14,23;
   10:5,6,10
**matters (6)**
   5:8;9:25;10:9;
   12:19;14:20;15:8
**MAY (10)**
   3:1;5:15,23;7:10;
   9:2,18;10:17;11:9;

In Re: ALEKSANDR VITALIEVICH SABADASH

May 14, 2024

13:17;14:10
**maybe (4)**
12:9;14:11,20,21
**mean (3)**
6:19;9:16;10:11
**meet (1)**
14:1
**memorandum (3)**
5:6,14;7:10
**mentioned (1)**
13:5
**Michael (1)**
3:12
**might (2)**
14:18;16:6
**mind (3)**
4:21;7:2;14:8
**mindful (1)**
8:6
**minds (1)**
6:21
**minor (1)**
5:4
**minute (1)**
9:20
**missed (1)**
11:9
**missing (3)**
10:8;12:20,24
**mistake (1)**
12:6
**moment (1)**
3:6
**money (1)**
8:14
**monies (2)**
7:19,21
**moots (1)**
16:5
**more (8)**
4:2;5:14;7:9;12:17;
13:4;14:18,22,22
**motion (1)**
5:9
**much (4)**
5:11;13:2;14:7,21

**N**

**narrow (1)**
10:24
**necessary (1)**
6:23
**need (4)**
4:17;9:9;15:1,25
**neglect (1)**
12:6
**newly (1)**
12:6
**newly-discovered (1)**
12:8
**next (1)**
16:10

**Noah (1)**
3:23
**notes (1)**
9:9
**noticed (1)**
11:1
**number (3)**
5:8,17;15:8

**O**

**observing (2)**
3:24;4:4
**obviously (1)**
9:9
**OFAC (1)**
12:8
**off (1)**
16:15
**office (1)**
3:23
**once (1)**
14:10
**one (9)**
3:6;4:6;5:13;6:24;
7:4;9:14;10:14;15:4;
16:1
**only (4)**
5:7,18;9:20;12:4
**oOo- (1)**
3:2
**open (1)**
14:23
**opportunity (1)**
10:11
**oppose (1)**
8:11
**opposed (1)**
4:7
**oral (1)**
12:13
**order (18)**
3:3;4:23;5:5,6,10;
8:18;13:14,25;14:7,
11,14,17,20,23;15:3,
6;16:3,4
**otherwise (2)**
4:13;16:2
**out (6)**
7:10;12:13;13:3,5;
15:3,4
**outcome (1)**
12:15
**over (1)**
13:19
**Owens (24)**
3:8,10,11;9:2,4,5,
17;10:1,10,13;11:4,6,
12,15,17,18,20;12:4,
25;13:23;14:5;15:18,
19;16:11

**P**

**page (1)**
5:14
**paper (1)**
14:11
**papers (2)**
11:10,24
**part (2)**
6:20;12:22
**parties (6)**
4:1;8:15;9:16;10:7;
14:1;16:9
**party (1)**
13:13
**pay (1)**
9:11
**pen (1)**
14:11
**people (2)**
8:10;9:21
**perhaps (1)**
7:5
**period (1)**
14:14
**permission (1)**
7:21
**pike (1)**
14:18
**place (1)**
7:9
**please (3)**
3:9;12:20,24
**plus (1)**
15:2
**PM (7)**
3:1;9:23;10:3,3,4;
15:25;16:16
**point (5)**
5:5,22;6:23;12:25;
13:3
**pointing (1)**
12:13
**points (1)**
7:10
**policy (2)**
8:7,22
**possibility (1)**
15:3
**possible (2)**
7:11;15:5
**possibly (3)**
7:25,25;16:2
**precise (1)**
6:18
**precisely (1)**
13:8
**preclude (1)**
6:3
**predict (1)**
13:8
**prepare (1)**

13:24
**preservation (1)**
5:16
**preserve (3)**
5:20;6:5;7:3
**preserving (1)**
7:7
**presumably (1)**
13:20
**presume (1)**
4:13
**pretty (2)**
14:20;15:7
**preventing (1)**
6:1
**previous (1)**
11:25
**probably (3)**
5:11;8:3;15:7
**procedural (2)**
4:17,21
**proceed (1)**
6:14
**proceeding (3)**
6:25;8:3,6
**proceedings (1)**
16:16
**prohibited (2)**
4:25;5:19
**proposed (1)**
13:25
**propound (1)**
8:19
**provision (1)**
10:16
**public (2)**
8:7,22
**purposes (1)**
12:21
**put (6)**
7:23;9:15,16,22;
10:6;14:11

**R**

**raise (1)**
12:4
**raised (1)**
14:10
**reading (1)**
13:21
**real (1)**
8:1
**really (5)**
9:8;13:4,11;14:25;
16:2
**reason (1)**
5:8
**reasoning (1)**
7:18
**Recess (1)**
10:3
**Recognition (2)**

5:15;13:12
**recognizing (1)**
6:25
**reconsideration (9)**
5:9;10:15,16,22;
11:7;12:9,10,19;13:2
**record (2)**
9:4;16:15
**recovery (1)**
5:16
**redress (1)**
13:18
**referred (1)**
5:5
**regarding (1)**
6:12
**reinforce (1)**
12:23
**related (1)**
7:17
**relief (1)**
8:11
**repeat (1)**
11:18
**report (1)**
15:25
**representative (3)**
3:18;4:6,8
**resolve (3)**
14:2,3;16:4
**respect (1)**
4:20
**respectful (1)**
8:6
**rest (1)**
8:9
**review (3)**
9:18;10:11;12:1
**reviewed (3)**
4:22;11:10,23
**reviewing (1)**
11:1
**right (7)**
3:6,8;6:9;7:12;
8:19;14:16;15:1
**Ron (1)**
4:3
**room (1)**
14:7
**Rothschild (1)**
3:11
**Rule (8)**
10:17,24;11:1,10,
10,21;12:5,16
**rules (1)**
5:10
**ruling (6)**
4:22;5:3;10:11;
12:13;13:23;14:10
**rulings (1)**
13:6
**run (3)**
6:24;8:4,7

**Russia (2)**
5:24;6:2
**Russian (4)**
6:16,20;8:3,6

**S**

**Sabadash (9)**
3:4,11;4:8;7:19;
9:5;10:6,10;13:24,24
**Sabadash's (1)**
12:16
**same (5)**
7:17;8:7;10:22;
12:14,17
**sanctioned (1)**
5:24
**sanctions (4)**
5:2;7:14;8:22;12:8
**save (1)**
8:14
**saying (3)**
9:11;11:10,11
**screen (1)**
3:7
**search (1)**
8:19
**searching (1)**
8:23
**second (4)**
3:6;9:15,22;10:6
**seconds (1)**
9:7
**Section (1)**
11:20
**seek (4)**
6:13;7:21;13:15,18
**seems (1)**
14:8
**Segal (2)**
4:4,4
**sense (1)**
14:22
**separate (1)**
5:10
**separately (1)**
12:10
**set (1)**
4:16
**shares (1)**
13:21
**show (1)**
10:22
**simple (1)**
14:20
**slightly (1)**
11:21
**slippery (1)**
14:16
**sorry (1)**
11:12
**sort (4)**
7:3;8:11;12:8;

13:18
**sorts (1)**
14:9
**sought (1)**
12:19
**sounds (1)**
13:11
**speaking (1)**
3:24
**specificity (1)**
14:22
**spent (1)**
9:10
**Sphinx (2)**
4:2,7
**standard (9)**
10:15,18,20,21;
11:4,6,21;12:5,17
**standing (1)**
12:18
**start (1)**
4:19
**starting (1)**
15:7
**state (1)**
3:8
**states (11)**
4:23,25;5:15,20;
6:4,5,12,12;8:8,22;
13:20
**status (3)**
4:16;14:25;15:25
**statute (3)**
6:12,24;7:4
**still (3)**
7:2;13:15;15:15
**Stolyar (19)**
3:15,16,17,21,23;
4:19,20;5:13;7:16;
8:13,24;12:21;13:5,
25;14:9;15:10,11,17;
16:12
**subject (1)**
7:14
**submission (1)**
11:25
**submit (1)**
13:25
**submitting (1)**
14:14
**subpoenas (1)**
8:20
**subsequent (1)**
8:18
**super (1)**
8:13
**supplemental (1)**
11:13
**suppose (1)**
5:18
**sure (3)**
5:2;6:21;13:1

**T**

**tacks (1)**
6:10
**talk (1)**
14:24
**talking (1)**
11:19
**target (1)**
6:9
**technical (2)**
5:5,8
**tentative (2)**
10:11;12:13
**terminology (2)**
5:12;7:12
**terms (2)**
10:18;11:7
**theoretical (1)**
7:25
**thinking (1)**
4:15
**third (1)**
9:14
**thoroughly (1)**
11:9
**though (1)**
6:25
**thought (3)**
10:25;11:9,23
**three (1)**
15:4
**ticking (1)**
6:13
**today (6)**
3:21,24;4:4,15;
9:25;10:5
**Togut (1)**
4:4
**took (1)**
11:24
**Trading (2)**
5:22;6:1
**transfer (2)**
6:1,11
**transferred (1)**
5:24
**transferring (3)**
6:6,16;8:2
**transfers (1)**
13:16
**trial (3)**
15:11,12,15
**try (2)**
14:11,22
**trying (2)**
8:5;13:5
**TUESDAY (1)**
3:1
**twenty-one (1)**
15:2
**two (2)**

9:25;15:4

**U**

**under (10)**
7:18;9:16;11:24;
12:5,6,9,10,17;13:2,
12
**understood (4)**
5:3,13;7:16;8:13
**Unfortunately (2)**
15:11,13
**United (9)**
4:24;5:20;6:4,5,11,
12;8:8,22;13:20
**unless (4)**
4:12,25;6:15;14:25
**up (2)**
6:21;16:7
**USC (2)**
11:14,20
**usual (1)**
14:14

**V**

**value (1)**
7:7
**versus (1)**
11:10
**viewing (1)**
12:7
**violate (1)**
5:2

**W**

**waiting (1)**
9:22
**walk (2)**
8:5,11
**wants (2)**
9:17;13:15
**way (2)**
7:23;10:13
**ways (3)**
6:21;7:1;8:4
**Weingarten (1)**
3:23
**welcome (1)**
16:14
**whatever's (1)**
16:9
**Whereupon (1)**
16:16
**wishes (1)**
4:24
**within (4)**
4:12;6:4;10:23;
13:9
**without (4)**
6:6,15,19;13:14
**work (2)**

15:8,17
**works (4)**
15:19,20,23,24
**written (2)**
4:11;15:25
**wrong (1)**
14:21

**Z**

**Zorkin (9)**
3:12;9:17,20;11:14,
16;15:20,22,23;16:13

**1**

**1 (1)**
9:23
**11 (4)**
11:14,20;15:4,14
**11th (2)**
15:6,19
**14 (1)**
3:1
**15 (2)**
10:16,21
**1517 (1)**
11:14
**1517d (4)**
11:15,20;12:11,14

**2**

**2 (2)**
10:4;15:25
**2:53 (1)**
9:6
**2024 (1)**
3:1
**24th (1)**
15:12
**25 (1)**
15:6
**25th (1)**
15:8

**3**

**3 (1)**
3:4
**3:07 (1)**
3:1
**3:17 (1)**
10:3
**3:26 (1)**
10:3
**3:36 (1)**
16:16
**3rd (1)**
15:12

**4**

**4 (1)**
　3:4

**5**

**59 (2)**
　11:10,21
**59b (1)**
　12:5

**6**

**6 (1)**
　5:14
**60 (3)**
　10:17,24;11:10

**9**

**9 (1)**
　15:15
**9023 (3)**
　11:2;12:6,9
**9th (2)**
　15:20,23