Keith C. Owens (SBN 184841)
Nicholas A. Koffroth (SBN 287854)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828
kowens@foxrothschild.com
nkoffroth@foxrothschild.com

Michael Zorkin (SBN 313308)
Anita J. Marks (SBN 347863)
**THE ZORKIN FIRM**
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:    (323) 493-8075
Facsimile:    (323) 872-5251
mz@thezorkinfirm.com
am@thezorkinfirm.com

Counsel For Debtor Aleksandr Vitalievich Sabadash

FILED & ENTERED

JUN 21 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi   DEPUTY CLERK

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-15574-NB |
| Aleksandr Vitalievich Sabadash, | Hon. Neil W. Bason |
| Debtor. | Chapter 15 |
| | **ORDER GRANTING FOREIGN REPRESENTATIVES' MOTION FOR RECOGNITION OF FOREIGN PROCEEDING AND SUBSTANTIALLY LIMITING FOREIGN REPRESENTATIVE'S POWERS** |
| | **Hearing Date and Time** |
| | Date:    May 14, 2024
Time:    2:00 p.m.
Place:    Courtroom 1545
             255 E Temple Street
             Los Angeles, CA 90012 |

Upon the Chapter 15 Petition for Recognition of a Foreign Proceeding and supporting documents [Dkt. Nos. 1, 6, and 7] (the "Recognition Petition") and Application for Recognition of Foreign Main Proceeding, or in the Alternative, for Recognition of Foreign Nonmain Proceeding and Certain Related Relief and supporting declarations and documents [Dkt. Nos. 2, 3, 4, and 5] (the "Recognition Application") filed by Mr. Alexander Ivanovich Gavva in his capacity as the duly-appointed financial manager of Aleksandr Vitalievich Sabadash (the "Debtor" or "Mr. Sabadash") in the Debtor's insolvency proceeding pending in the Russian Federation (Mr. Gavva, together with his successors, the "Foreign Representative"), the opposition papers filed by Mr. Sabadash [Dkt. Nos. 29-35, 37], and the reply papers filed by the Foreign Representative [Dkt. Nos. 44-49]; upon the Memorandum Decision Granting Petition for Recognition of Foreign Proceeding entered on February 20, 2024 [Dkt. No. 67] (the "Memorandum Decision"); having heard and considered arguments of counsel for Mr. Sabadash and the Foreign Representative at the hearing held on February 20, 2024, at 2:00 p.m. (the "Recognition Hearing"); having heard and considered Mr. Sabadash's oral motion for reconsideration made at the Recognition Hearing (the "Reconsideration Motion"); upon the supplemental briefs and supporting papers submitted by Mr. Sabadash [Dkt. Nos. 74-79, 86-88, 91] seeking reconsideration of the Memorandum Decision, and the Foreign Representative's opposition brief and supporting papers [Dkt. Nos. 80-85]; upon the Memorandum Decision Reaffirming Recognition of Foreign Proceeding, But Also Substantially Limiting Foreign Representative's Powers entered on May 14, 2024 [Dkt. No. 100] (the "Reconsideration Decision"), granting in part, and denying in part, the Reconsideration Motion under Federal Rule of Civil Procedure ("Civil Rule") 59(b), as incorporated by Federal Rule of Bankruptcy procedure ("Bankruptcy Rule") 9023, Civil Rule 60(b), as incorporated by Bankruptcy Rule 9024, and 11 U.S.C. § 1517(d); upon the hearing held on May 14, 2024, on the Reconsideration Motion and the Reconsideration Decision; and having reviewed the proposed alternative forms of order submitted by Debtor [Dkt. No. 109] and the Foreign Representative [Dkt. No. 110]; and upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of

the relief as set forth herein and proper and adequate notice of the Recognition Petition and Recognition Application has been given,[1]

**THE COURT HEREBY ORDERS THAT**

A.      The Recognition Application is GRANTED for the reasons set forth in the Memorandum Decision, as modified by, and subject to the limitations set forth in, the Reconsideration Decision.

B.      The Russian Bankruptcy Proceeding is granted recognition under section 1517(a) of the Bankruptcy Code and recognized as a foreign main proceeding under section 1517(b)(1) of the Bankruptcy Code.

C.      <u>For the reasons set forth in the Reconsideration Decision, § 4 (dkt. no. 100, pp. 4:1–8:5), the authority of the Foreign Representative is limited as specified in paragraph F below.</u>

D.      Pursuant to 11 U.S.C. § 1520(a)(1), sections 361 and 362 of the Bankruptcy Code apply with respect to Mr. Sabadash and the property of Mr. Sabadash that is within the territorial jurisdiction of the United States.

E.      Pursuant to 11 U.S.C. § 1520(a)(2), sections 363, 549, and 552 of the Bankruptcy Code apply to a transfer of an interest of Mr. Sabadash in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate.

F.      Pursuant to 11 U.S.C. §§ 1509(b)(2), and as more particularly addressed in the Reconsideration Decision, the Foreign Representative is prohibited from taking the following actions absent further motion or application by the Foreign Representative and Order of the Court:

i.      Seizing, transferring, levying, or exercising <u>any</u> control <u>whatsoever</u> over any asset of Mr. Sabadash located within the United States, whether tangible or intangible.

ii.     Exercising or transferring of control over AFB Trading One, Inc. (a California corporation).

iii.    Taking any action within the United States to enforce judgments entered against Mr. Sabadash by the Russian Courts.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Reconsideration Decision.

G.      For clarity, the Foreign Representative shall have the right to seek permission from the Court to take any of the actions set forth in Paragraph F̲ E̶ above, provided that Mr. Sabadash has the right to oppose any motion or application requesting such relief under applicable law and provided further, that any such further motion or application by the Foreign Representative seeking such permission shall not be considered seeking reconsideration of this Order, the Memorandum Decision, or the Reconsideration Decision.

H.      Notwithstanding anything to the contrary in this Order, the Foreign Representative may serve, transmit, or otherwise provide notice of this Order to any Entity, as defined in 11 U.S.C. § 101(15), or to any other entity, party, court, agency, or tribunal.

I.      Pursuant to 11 U.S.C. § 1521(a)(4), the Foreign Representative is allowed to request relief from this Court to examine witnesses, take evidence, receive the delivery of information concerning Mr. Sabadash's assets, affairs, rights, obligations or liabilities, subject to Mr. Sabadash's right to oppose such relief under applicable law.

J.       To the extent of any inconsistency between this Order and any prior proceedings, this Order shall govern and supersede any such inconsistent ruling or determination of this Court.

K.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or modification of this Order.

L.      This order shall be served by United States mail, first class postage prepaid on or before June 28, 2024 upon all the parties identified in Bankruptcy Rule 2002(q)(1) and listed in the Statements Pursuant to 11 U.S.C. § 1515(c), Bankruptcy Rule 1007(a)(4) and 7007.1 and Local Rule 1007-4 [Dkt. No. 6], which shall be deemed good and sufficient service and adequate notice for all purposes.

Date: June 21, 2024

_____
Neil W. Bason
United States Bankruptcy Judge

- 3 -