**HILL, FARRER & BURRILL LLP**
Daniel J. McCarthy (SBN 101081)
dmccarthy@hillfarrer.com
City National Plaza
515 S. Flower Street, 7th Floor
Los Angeles, CA 90071
Telephone: (213) 621-0802
Fax: (213) 624-4840

Attorneys for Creditor Garry Y. Itkin

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Aleksandr Vitalievich Sabadash,<br><br>Debtor in a Foreign Proceeding. | Case No. 2:23-bk-15574-NB<br><br>Chapter 15<br><br>**NOTICE OF MOTION AND MOTION FOR COURT-ORDERED MEDIATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL J. McCARTHY**<br><br>Date:   **December 16, 2025**<br>Time:   **2:00 p.m.**<br>**Courtroom: 1545 and via ZoomGov** |

TO:  ALL PARTIES AND THEIR ATTORNEY OF RECORD:

Please take notice that creditor Garry Y. Itkin will bring on for hearing his "Motion for Court-Ordered Mediation**"** (the "**Motion**") on December 16, 2025, at 2:00 p.m., in Courtroom 1545 of this Court located at 255 Temple Street, Los Angeles, California.  By his Motion, Mr. Itkin will request that the Court order the following parties to participate in a mediation before Bankruptcy Judge Meredith Jury (Ret.) (or such other mediator as the Court may appoint) with the parties to the Chapter 7 case of Itkin & Sabadash, case no. 2:25-bk-11235-NB (the "**Partnership case**"):  Alexander Sabadash, aka, Aleksander Vitalievich Sabadash, case no. 2:23-bk-15574-NB (the "**Sabadash case**"), Alexander Gavva as the foreign representative of Mr. Sabadash, and their counsel of record.

-1-

By similar motions, Mr. Itkin requests that the Court also (1) order the parties to the Chapter 15 case of Golden Sphinx Limited ("**GSL**"), who are Andrew Wood and Alexander Adam, in their capacities as the joint liquidators and authorized foreign representatives of GSL and their counsel of record in case no. 2:22-bk-14320-NB (the "**GSL case**") to participate in the same mediation, and (2) order a mediation in the Partnership's Chapter 7 case that includes the parties to the GSL case and the Sabadash case.

The Motion will be brought based upon this Court's inherent authority on the grounds that the interests of justice would be promoted by a "global mediation" of the disputes of the parties in the Partnership case, the GSL case and the Sabadash case. The parties to the Partnership case participated in a mediation before Bankruptcy Judge Meredith Jury (Ret.) on November 3, 2025. The mediation in the Partnership's case was ordered by the Court on September 9, 2025. The mediation was limited to the parties to that case because the Court acknowledged at the hearing on September 9, 2025, that it only had those parties before it, so it only could order them to a mediation. However, the Court also ruled that it would leave it up to the mediator to decide whether it made sense for other parties to participate in a mediation that included other disputes.

Due to the confidentiality of the November 3, 2025 mediation, Mr. Itkin is precluded from stating what was said and what occurred at the mediation regarding the propriety of a "global mediation." However, Judge Jury stated that she was amenable to conducting a further mediation. Mr. Itkin believes that a "global mediation" that includes the Foreign Representatives of GSL and Mr. Gavva, as the recognized foreign representative of Mr. Sabadash, makes significantly more sense in an effort to resolve disputes that date back to the filing of the State Court action by GSL, Mr. Sabadash and other plaintiffs in March 2017, which have been litigated in Courts in California, Russia, and the Isle of Jersey and continue to be litigated in the Isle of Jersey while the long-pending actions in California have been stayed.

This Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities and declaration of Daniel J. McCarthy, the pleadings and papers filed in the bankruptcy cases of the Partnership, GSL and Mr. Sabadash, the arguments and representations of counsel and any oral or documentary evidence presented at or prior to the time of the hearing, and

1  such other matters as the Court may consider in connection with the hearing on the Motion.

2      If you do not oppose the Motion, you need take no further action. However, if you desire

3  to respond to the Motion, pursuant to Local Bankruptcy Rule 9013-1(f), you must, not later than

4  fourteen (14) days prior to the hearing date on the Motion, file and serve either: (1) a brief, but

5  complete written statement of all reasons in response thereto or in support or joinder thereof and

6  an answering memorandum of points and authorities, declarations and all documentary evidence

7  on which you intend to rely; or (2) a written statement that the Motion will not be opposed.

8      Pursuant to Local Bankruptcy Rule 9013-1(h), failure to file and serve a timely and proper

9  response to the Motion may be deemed as consent to the relief hereby requested by the Motion.

10

11  DATED: November 19, 2025        HILL, FARRER & BURRILL LLP

12

13          By:    */s/ Daniel J. McCarthy*

14          Daniel J. McCarthy
        Attorneys for Creditor

15          GARRY Y. ITKIN

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

A hearing occurred on September 9, 2025, between the parties in the Chapter 7 case of Itkin & Sabadash, case no. 2:25-bk-11235-NB (the "**Partnership case**"). The Court ordered the parties to participate in a mediation. The Court ruled that it would leave it up to the mediator to decide whether it made sense for other parties to participate in a mediation that included related disputes.

The parties to the Partnership case agreed on Bankruptcy Judge Meredith Jury (Ret.) to act as the mediator. On September 22, 2025, the Court entered a stipulated order appointing Judge Jury as the mediator. (Docket no. 114.) The mediation occurred on November 3, 2025. It was participated in by Mr. Itkin, Mr. Sabadash's son acting on behalf of Mr. Sabadash, and counsel for the parties.

Due to the confidentiality of the November 3, 2025 mediation, Mr. Itkin is precluded from stating what was said and what occurred at the mediation by the parties and Judge Jury regarding the propriety of a "global mediation." However, Judge Jury stated that she was amenable to conducting a further mediation.

Mr. Itkin believes that a "global mediation" should occur that includes the parties to the Partnership case and (1) Andrew Wood and Alexander Adam, in their capacities as the joint liquidators and authorized foreign representatives of Golden Sphinx Limited foreign representatives and their counsel of record in the above-captioned Chapter 15 case (the "**GSL case**"); and (2) Alexander Gavva, as the recognized foreign representative of Mr. Sabadash in the Chapter 15 case of Alexander Sabadash, a/k/a, Aleksander Vitalievich Sabadash, case no. 2:23-bk-15574-NB (the "**Sabadash case**"), Mr. Sabadash, and their counsel of record.

The disputes between these parties date back to the filing of the State Court action by GSL, Mr. Sabadash and other plaintiffs in March 2017, that have been litigated in Courts in California, Russia, and the Isle of Jersey and continue to be litigated in the Isle of Jersey while the long-pending actions in California have been stayed. All parties admittedly are not parties to all of those actions. For example, Mr. Sabadash and the Foreign Representatives are not parties to

the receivership action in Russia in which Mr. Gavva was appointed as receiver, and at least at this point they are not parties to Mr. Sabadash's Chapter 15 case, but Mr. Itkin is a creditor of Mr. Sabadash and any settlement with Mr. Sabadash arguably affects Mr. Gavva's authority at least in Russia and perhaps in Mr. Sabadash's Chapter 15 case.

## II.  THE MOTION SHOULD BE GRANTED

The Court obviously has the authority to order parties in the three bankruptcy cases to mediate their disputes, just as it did on September 9, 2025, in the Partnership's Chapter 7 case. That authority is confirmed by the Local Bankruptcy Rules. Section 5.2 to Appendix III to the Local Bankruptcy Rules states:

> Matters may also be assigned by order of the Judge at a status conference or other hearing. While participation by the parties in the Mediation Program is generally intended to be voluntary, the Judge, acting *sua sponte* or on the request of a party, may designate specific Matters for inclusion in the Mediation Program. The Judge may do so over the objections of the parties. If a Matter is assigned to the Mediation Program by the Judge at a status conference or other hearing, the parties will be presented with an order assigning the Matter to the Mediation Program, and with a current roster of the Panel. The parties shall normally be given the opportunity to confer and to select a mutually acceptable Mediator and an Alternate Mediator from the Panel. If the parties cannot agree, or if the Judge deems selection by the Judge to be appropriate and necessary, the Judge shall select a Mediator and an Alternate Mediator from the Panel.

There can be no serious question about the Court's authority to grant this Motion. The only issue is whether it should do so.

This Court is familiar with the numerous disputes in courts in California, Russia, the Isle of Jersey and this Court, which are the reason for the Partnership, GSL and Mr. Sabadash's bankruptcy cases before this Court. Significant amounts of fees and costs obviously are being spent in the three cases before this Court and at least in Jersey, yet there was no effort of the parties to attempt to settle any of their disputes until the November 3rd mediation that was limited to the parties to the Partnership's case. Before those disputes continue to be litigated, with the prospects of future appeals in addition to the appeal pending in Mr. Sabadash's Chapter 15, the parties should want to engage in a mediation, but even if they are not amenable to it, the Court should order it.

- 5 -

Mr. Itkin wants to pursue a "global settlement," and that only will be possible if the Court orders the parties to a mediation in the Partnership, GSL and Mr. Sabadash's bankruptcy cases. Judge Jury is amenable to acting as the mediator, if all parties agree to her, and the Court can order all parties to engage in mediation before Judge Jury, even if all parties do not agree.

### III.  CONCLUSION

Based upon the foregoing, Mr. Itkin respectfully requests that the Court order parties and their counsel of record to a mediation in the Partnership, GSL and Mr. Sabadash's bankruptcy cases before Judge Jury or such other mediator as the Court may appoint.

DATED:  November 19, 2025            HILL, FARRER & BURRILL LLP


By:     */s/ Daniel J. McCarthy*
      Daniel J. McCarthy
      Attorneys for Creditor
      GARRY Y. ITKIN

# DECLARATION OF DANIEL J. McCARTHY

I, Daniel J. McCarthy, declare:

1.    I am attorney and am duly qualified to practice before all State and Federal Courts in California. I was licensed to practice law in California in 1981, and I have been in good standing since then. Through my professional corporation, I am a partner at the law firm of Hill, Farrer & Burrill, LLP, in Los Angeles, California.

2.    I am solely responsible for representing Garry Y. Itkin as the petitioning general partner in the involuntary chapter 7 bankruptcy case of Itkin & Sabadash bearing case no. 2:25-bk-11235-NB (the "**Partnership case**") and as a creditor in the Chapter 15 case of Golden Sphinx Limited bearing case no. 2:22-bk-14320-NB (the "**GSL case**").

3.    A hearing occurred on September 9, 2025, in the Partnership case. The Court ordered the parties to participate in a mediation. The Court ruled that it would leave it up to the mediator to decide whether it made sense for other parties to participate in a mediation that included other disputes.

4.    The parties to the Partnership case agreed on Bankruptcy Judge Meredith Jury (Ret.) to act as the mediator. On September 22, 2025, the Court entered a stipulated order appointing Judge Jury as the mediator. (Docket no. 114.) The mediation occurred by Zoom on November 3, 2025. It was participated in by Mr. Itkin, Mr. Sabadash's son acting on behalf of Mr. Sabadash, and counsel for the parties. I attended that mediation.

5.    Due to the confidentiality of the November 3, 2025 mediation, I am precluded from stating what was said and what occurred at the mediation regarding the propriety of a "global mediation." However, Judge Jury stated that she was amenable to conducting a further mediation.

6.    I believe that a "global mediation" should occur that includes the parties to the Partnership case and (1) Andrew Wood and Alexander Adam, in their capacities as the joint liquidators and authorized foreign representatives of Golden Sphinx Limited foreign representatives and their counsel of record in the GSL case; and (2) Alexander Gavva, as the recognized foreign representative of Mr. Sabadash in the Chapter 15 case of Alexander Sabadash,

aka, Aleksander Vitalievich Sabadash, case no. 2:23-bk-15574-NB (the "**Sabadash case**"), Mr. Sabadash and their counsel of record.

7. The disputes between these parties date back to the filing of the State Court action by GSL, Mr. Sabadash and other plaintiffs in March 2017, that have been litigated Courts in California, Russia, and the Isle of Jersey, and continue to be litigated in the Isle of Jersey while the long-pending actions in California have been stayed. All parties admittedly are not parties to all of those disputes. For example, Mr. Sabadash and the Foreign Representatives are not parties to the receivership action in Russia in which Mr. Gavva was appointed as receiver, and at least at this point they are not parties to Mr. Sabadash's Chapter 15 case, but Mr. Itkin alleges (as stated in his Second Amended Cross-Complaint in the State Court action with GSL, Mr. Sabadash and others) that he is a creditor of Mr. Sabadash and any settlement with Mr. Sabadash arguably affects Mr. Gavva's authority at least in Russia and perhaps in Mr. Sabadash. Chapter 15 case.

8. Until recently, I was scheduled to be in a week long bench trial in the Los Angeles Superior Court commencing on December 1, 2025, which is why I could not schedule the motion for hearing on December 2, 2025. The next available date on the Court's motion calendar in December 16, 2025.

The foregoing is within my personal knowledge and if called as a witness in this matter I could and would competently testify thereto.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 19, 2025, at Los Angeles, California.

/s/ Daniel J. McCarthy
Daniel J. McCarthy

- 8 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 515 S. Flower Street, 7th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR COURT-ORDERED MEDIATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL J. McCARTHY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 19, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin R King bking@loeb.com karnote@loeb.com;ladocket@loeb.com;bking@ecf.courtdrive.com
Dare Law dare.law@usdoj.gov
Keith C Owens kowens@foxrothschild.com khoang@foxrothschild.com
Kurt Ramlo RamloLegal@gmail.com kr@ecf.courtdrive.com,ramlo@recap.email
Michael Zorkin mz@thezorkinfirm.com
Noah Weingarten nweingarten@loeb.com astolyar@loeb.com;fmckeown@loeb.com
Oleg Stolyar astolyar@loeb.com
Schuyler Carroll SCarroll@manatt.com lduong@manatt.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 19, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

COURTESY COPY NOT REQUIRED BY COURT

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 19, 2025 | Sonia Padilla | /s/ Sonia Padilla |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |